UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
In re Application of Corporación México Escolástica, S.A.                :
de C.V. for an Order, Pursuant to 28 U.S.C. § 1782 to                    :   Case No.
Conduct Discovery for Use in Foreign Proceedings,                        :
                                                                         :
                            Petitioner.                                  :
                                                                         :
------------------------------------------------------------------------ X


**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION OF
CORPORACIÓN MÉXICO ESCOLÁSTICA, S.A. DE C.V.
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
<u>TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING</u>**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 3

    I.    THE PARTIES ................................................................................................................. 3

    II.    THE INITIAL MEXICAN PROCEEDINGS – NATURE OF CLAIMS ......................... 3

    III.    SCOPE OF DISCOVERY SOUGHT IN THIS APPLICATION .................................... 7

ARGUMENT ..................................................................................................................................... 8

    I.    THE SECTION 1782 STATUTORY REQUIREMENTS ARE MET ............................ 9

        A.    The Subjects of the Section 1782 Discovery are Found or Reside in the Southern District of New York ............................................................................ 9

        B.    The Discovery Sought is "For Use" in a Foreign Proceeding .............................. 9

        C.    Petitioners are Interested Persons Under Section 1782 ....................................... 11

    II.    THE APPLICATION SHOULD ALSO BE GRANTED IN THE EXERCISE OF THE COURT'S DISCRETION ............................................................................................ 11

CONCLUSION ................................................................................................................................ 14

# **TABLE OF AUTHORITIES**

**Cases**

*Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*,
  798 F.3d 113, 123 (2d Cir. 2015) .................................................................................. 10

*Consorcio Minero S.A. v. Doe Run Resources Corp.*,
  No. 4:11-MC-583 (CEJ), 2011 U.S. Dist. LEXIS 112414 (E.D. Mo. Sept. 30, 2011) ............ 12

*In re Application of Grupo Qumma*,
  No. M 8-85, 2005 U.S. Dist. LEXIS 6898 (S.D.N.Y. Apr. 22, 2005) ..................................... 10

*In re Application of Operacion y Supervision de Hoteles, S.A. de C.V. For an Order to Conduct Discovery for Use in a Foreign Proceeding*,
  No. 14 Misc. 82, 2014 U.S. Dist. LEXIS 179442 (S.D.N.Y. Dec. 31, 2014) ........................ 9-10

*In re Application of Procter & Gamble Co.*,
  334 F. Supp. 2d 1112 (E.D. Wis. 2004) .................................................................................. 12

*In re Carsten Rehder Schiffsmakler und Reederei Gmbh & Co.*,
  No. 6:08-mc-1-08-orl-35DAB, 2008 WL 4642378 (M.D. Fla. Oct. 17, 2008) ....................... 12

*In re Clerici*,
  481 F.3d 1324 (11th Cir. 2007) ............................................................................................... 13

*In re Edelman*,
  295 F.3d 171 (2d Cir. 2002) ...................................................................................................... 9

*In re Int'l Judicial Assistance*,
  No. 14-mc-80083, 2014 U.S. Dist. LEXIS 37028 (N.D. Cal. Mar. 19, 2014) ........................ 10

*In re Ishihara Chem. Co.*,
  251 F.3d 120 (2d Cir. 2001) ..................................................................................................... 10

*In re Letter Request from the Dist. Ct. Stara Lubovna*,
  No. 3:09-mc-20-34MCR, 2009 U.S. Dist. LEXIS 103126 (M.D. Fla. Nov. 5, 2009) ............. 13

*In re Servicio Pan Americano de Proteccion, C.A.*,
  354 F. Supp. 2d 269 (S.D.N.Y. 2004) ..................................................................................... 12

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ........................................................................................................ passim

*Lancaster Factoring Co. Ltd. v. Mangone*,
  90 F.3d 38 (2d Cir. 1996) .................................................................................................. 9, 11

*Marubeni America Corp. v. LBA Y.K.*,
   335 Fed. App'x 95 (2d Cir. 2009) .................................................................................. 8

*Minatec Fin. S.A.R.L. v. SI Group Inc.*,
   No. 1:08-cv-269, 2008 U.S. Dist. LEXIS 63802 (N.D.N.Y. Aug. 18, 2008) ........................... 13

*Schmitz v. Bernstein Liebhard & Lifshitz LLP*,
   376 F.3d 79 (2d Cir. 2004) ............................................................................................ 8

**Statutes**

28 U.S.C. § 1782 ................................................................................................................ passim

**INTRODUCTION**

Corporación México Escolástica, S.A. de C.V. ("Escolástica") respectfully applies for an order permitting it to obtain certain discovery from Scholastic Corporation ("Scholastic Corp.") and Scholastic, Inc. (collectively with Scholastic Corp., "Scholastic") pursuant to 28 U.S.C. § 1782 ("Section 1782").  The 1782 discovery is sought in connection with the damages phase of a trademark infringement proceeding to be commenced by Escolástica in the District Court for Civil Matters of Mexico City (the "Mexican Court") in Mexico (the "Mexican Damages Proceeding").

Escolástica sells Internet and mobile-based applications to private schools in Mexico using the domain name "escolastica.com" and the Mexican-registered trademark ESCOLASTICA (with an associated design).  Escolástica hosts a password-protected online platform that allows students, parents, teachers, and school administrators to communicate and interact outside the school environment.

Scholastic Corp. is a U.S. publishing, education, and media company, headquartered in New York City, engaged in publishing, selling, and distributing books and educational materials to schools, teachers, parents, and children around the globe.  Scholastic describes itself as "the world's largest publisher and distributor of children's books and a leading provider of educational technology products and related services and children's media."  Scholastic has a substantial presence in the Mexican educational resources market and has long sought to appropriate the name and mark "escolástica" for its own use.  To that end, Scholastic, Inc. registered a suite of domain names with the word "escolástica" (followed by .biz, .org, etc.) which it linked to Scholastic's official Internet page.  These actions, which had the effect of diverting business away from Escolástica and confusing the two companies' overlapping

customer base, have been the subject of more than a decade of litigation between Scholastic and Escolástica in Mexican administrative proceedings and Mexico's commercial courts.

On December 16, 2010, the Mexican Institute of Industrial Property (*Instituto Mexicano de la Propiedad Industrial* or "IMPI") ruled that Scholastic, Inc. was infringing Escolástica's trademarks. Scholastic, Inc. twice attempted and failed to overturn the administrative ruling of infringement. That decision was ultimately affirmed in the Mexican courts and became final and non-appealable in 2015.

Under Mexican law, while IMPI can make findings as to infringement, it does not have jurisdiction to determine Escolástica's damages or enter a monetary award in its favor. Rather, Escolástica has the right to initiate an action for indemnification in the Mexican civil courts – a proceeding it has not yet commenced – but in which the court will take evidence and hear testimony to establish Scholastic, Inc.'s liability and determine the quantum of damages to be awarded to Escolástica by reason of the (now final) administrative determination that Scholastic, Inc. has infringed the Escolástica mark. The discovery Escolástica seeks by its Section 1782 application is directed primarily to evidence sufficient to establish the revenues earned by Scholastic in connection with its infringing conduct, and as necessary and relevant, to the factual determinates that underlie the calculation of damages under Mexican law, which, in accordance with Article 221bis of the Industrial Property Law, shall be no less than 40 percent of the public selling price of each product or service utilizing the infringing trademarks.

Section 1782 authorizes "[t]he district court of the district in which a person resides or is found [to] order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782. This application satisfies each of Section 1782's statutory requirements and each of the

discretionary factors that courts consider when deciding whether to allow discovery under Section 1782. The requested discovery is needed by petitioner to support its claim and to seek relief in the Mexican Damages Proceeding.

## BACKGROUND

### I. THE PARTIES

Escolástica is a corporation (*sociedad anónima de capital variable*) formed under Mexican law. *See* Declaration of Carlos F. Sánchez, dated September 12, 2016 (the "Sánchez Decl."), ¶ 1. As a result of prior administrative and judicial proceedings in Mexico, described below, Escolástica will be a plaintiff in a civil court proceeding in Mexico, in aid of which it seeks discovery from Scholastic Corp. and Scholastic, Inc. in the United States. *Id.* at ¶ 4.

According to its corporate reports and SEC filings, Scholastic Corp. is a corporation organized under the laws of Delaware. Scholastic maintains its principal place of business and resides in this District at 557 Broadway, New York, New York 10012. *See* Declaration of Turner P. Smith, dated September 12, 2016 (the "Smith Decl."), Ex. 1.

Scholastic, Inc. is a subsidiary of Scholastic Corp. Scholastic, Inc. is organized under the laws of New York, and also maintains its principal place of business and resides in this District at 557 Broadway, New York, New York 10012. Smith Decl., Ex. 2. Scholastic, Inc. will be the named defendant in the Mexican Damages Proceeding described more fully below. Sánchez Decl., ¶ 5.

### II. THE INITIAL MEXICAN PROCEEDINGS – NATURE OF CLAIMS

On January 30, 2008, Escolástica brought a claim for trademark infringement against Scholastic, Inc. under certain provisions of Article 213 of Mexico's Industrial Property Law. Sánchez Decl., ¶ 7. The proceedings were conducted before IMPI, an administrative organ

of the Mexican government (akin to the United States Patent and Trademark Office), that is responsible for registering and enforcing trademarks, designs, and patents. *Id.*

Escolástica recorded the two registered marks at issue in the IMPI proceedings. *Id.* at ¶ 8. The first mark is 671124 ESCOLASTICA (AND DESIGN) for telecommunications, communication services through any media, and online communication (Mexican Class 38). *Id.* This trademark was recorded on August 31, 2000 and is in force until June 23, 2020. *Id.* The second mark is 669004 ESCOLASTICA (AND DESIGN) for publicity, administrative and commercial management services, and office services rendered through the internet and other portals (Mexican Class 35). *Id.* This trademark was recorded on August 28, 2000 and is in force until June 23, 2020. *Id.* Escolástica claimed that Scholastic, Inc. registered domain names using Escolástica's protected name, including www.escolastica.org, www.escolastica.biz, www.escolastica.info, www.escholastica.com, www.escholastica.info, www.escholastica.org, and www.escholastica.biz, and re-directed traffic to those domains to Scholastic's main website, www.scholastic.com. Because Escolástica and Scholastic serve a common customer base, and provide similar services, Escolástica alleged violations of Article 213 section I (unfair competition), subsections IX (a) and (c) (likelihood of confusion), section XVIII (unauthorized use of a trademark), and section XXVI (likelihood of confusion/unauthorized franchise) of Mexico's Industrial Property Law. *Id.*

On December 16, 2010, IMPI issued an administrative finding that Scholastic, Inc. was engaged in trademark infringement in violation of sections I (unfair competition) and IX(c) (likelihood of confusion) of Article 213, and that Scholastic, Inc. had caused "serious

damages and injuries" to Escolástica (the "Administrative Ruling").[1]  *Id.* at ¶ 9.  The court concluded:

> [T]he injury caused to the claimant in this proceeding is also serious, threatening in an open and direct manner its industrial property rights.  The company SCHOLASTIC, INC., caused serious damages and injuries to the claimant as a result of having registered diverse domain names with the name *escolástica* and having used them solely as a tie or link to its official internet page (known as scholastic.com) and, on that page, having offered and provided the same services as those carried out by CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., such as marketing, discussion boards and chat rooms, which coincide with the services protected by both of the claimant's registered marks 671124 and 669004, both for ESCOLASTICA (AND DESIGN).  That conduct decreases the possibility that consumers that use the internet might find [claimant's] page.  Alternatively, it creates in their minds the idea that a commercial relationship exists between these companies, or that SCHOLASTIC, INC., provides marketing, discussion boards and chat rooms under the authorization and license of CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., without having any right to do so.

*Id.*, Ex. B.  IMPI also enjoined Scholastic, Inc. from continuing to use domain names that reproduce the name "escolástica" as ties or links to Scholastic's website to offer and perform the same services rendered by Escolástica.  *Id.* at ¶ 9.  Lastly, IMPI imposed administrative sanctions against Scholastic, Inc. for the infringing conduct.  *Id.*

On March 11, 2011, Scholastic, Inc. filed a petition to annul the Administrative Ruling in the Specialized Chamber for Intellectual Property Matters of the Federal Court for Tax and Administrative Justice in Mexico City (the "Lower Court").  *Id.* at ¶ 12.  The Lower Court denied the petition and, on June 11, 2014, confirmed the Administrative Ruling.  Sánchez Decl., *Id.*

---

[1] IMPI also enjoined Scholastic from using domain names with the word "escolástica" in connection with services covered by Escolástica's registered marks.

Scholastic, Inc. sought a reversal of the Lower Court's decision by filing a petition for a writ of *amparo* on September 9, 2014.  (An *amparo* is a remedy under Mexican law for the protection of constitutional rights.)  *Id.* at ¶ 13.  The petition was assigned to the Eighth Circuit Collegiate Court of the Third Region's Central Auxiliary, which, on January 9, 2015, vacated the Lower Court's decision and remanded with instructions.  On remand, the Lower Court once again confirmed the Administrative Ruling and, on February 3, 2015, entered judgment against Scholastic, Inc. (the "Merits Judgment").  *Id.*

Scholastic, Inc. once again filed for a writ of *amparo*, this time for protection against the legal consequences of the Merits Judgment.  In a unanimous decision rendered on July 15, 2015, the Fourth Circuit Collegiate Court for Administrative Matters (the "Higher Court") denied Scholastic, Inc.'s petition, concluding that the law did not afford it any protections against the Merits Judgment.  Accordingly, the Merits Judgment became final and non-appealable.  *Id.* at ¶ 14.

Under Mexican law, IMPI did not have jurisdiction to calculate or award damages owed to Escolástica and therefore did not make such a determination in the Administrative Ruling.  *Id.* at ¶ 10.  Rather, with the merits of Escolástica's infringement claims settled and made final by the Merits Judgment, Escolástica now has the right to commence the Mexican Damages Proceeding in the Mexican Court to seek indemnification for the damages caused by Scholastic, Inc.'s infringing conduct and to determine the quantum of damages.  *Id.*  The Mexican Court cannot overturn or review the Merits Judgment.  *Id.* at ¶ 15.  Its jurisdiction is limited to determining whether the amount of damages owed should be equal to or higher than the percentage stated in Article 221bis of the Industrial Property Law, which states:

> Compensation for material damages or indemnification for damages and injuries due to violation of the rights conferred by this Law shall in no case be less than 40 percent of the public selling price of each product or service rendered where violation of any one or more of the industrial property rights provided for in this Law is involved.

*Id.* The Mexican Damages Proceeding is adjudicative in nature as it will determine the extent of Scholastic, Inc.'s monetary liability. Both sides will have the opportunity to present relevant evidence, and Scholastic, Inc. will be able to raise any defenses related to the determination of damages. *Id.* at ¶ 16.[2]

### III. SCOPE OF DISCOVERY SOUGHT IN THIS APPLICATION

Escolástica seeks discovery from Scholastic, Inc. and Scholastic Corp. (the parent company of Scholastic, Inc., the adjudicated infringer) in the United States in aid of the upcoming damages phase of the infringement litigation that has been working its way through the assorted administrative and judicial tribunals in Mexico. Smith Decl., Ex. 3. In particular, Escolástica seeks documents sufficient to show Scholastic, Inc.'s revenue and profits in the years 2001 through 2015 for products sold and/or services rendered in connection with the activity by which Scholastic, Inc. was found to have infringed Escolástica's trademark rights. In addition, Escolástica seeks documents related to Scholastic Corporation's sale of its Educational Technology and Services Business division to Houghton Mifflin Harcourt in May 2015. The Educational Technology and Services Business division utilized both infringed marks, and evidence relating to the infringed marks as well as the revenue received from this sale may be relevant to the Mexican court's calculation of damages.

---

[2] We note that additional proceedings have been commenced against Scholastic, Inc. in the IMPI. However, this Section 1782 request is not intended to develop evidence for those actions; it only seeks evidence in support of the expected damages proceeding yet to be filed.

Discovery of the requested information is necessary before Escolástica can be in position to initiate the Mexican Damages Proceeding. The Mexican Court and the parties will need the relevant data in order to determine the extent of Scholastic, Inc.'s liability and award a proper measure of damages. Sánchez Decl., ¶ 18.

The revenue and related damages evidence is not available to the parties through the normal court process in the Mexican court. Scholastic, Inc. no longer has a domicile or office in Mexico, and under Mexican law, Mexican courts can only compel the production of documents that are located in Mexico. *Id.* at ¶ 6. In this instance, the Mexican court lacks the power to compel Scholastic, Inc. to produce *any* documents, let alone documents in the possession or control of its parent company in the United States. *Id.* at ¶ 20.

## ARGUMENT

Section 1782 was enacted to provide "federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Under Section 1782, a district court may grant an application for discovery where (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made; (2) the discovery is for use in a foreign proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or any interested person. *Id.* at 249; *see also Marubeni America Corp. v. LBA Y.K.*, 335 Fed. App'x 95, 96 (2d Cir. 2009) (citing *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 83 (2d Cir. 2004)). Courts also consider four additional, discretionary factors: (1) whether the person from whom discovery is sought is a party in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request appears to be an attempt to

circumvent foreign proof gathering procedures of the foreign tribunal; and (4) whether the request is overly intrusive or burdensome. *See Intel*, 542 U.S. at 264-65. Under all of these factors, petitioner is entitled to the discovery it seeks here.

## I. THE SECTION 1782 STATUTORY REQUIREMENTS ARE MET

### A. The Subjects of the Section 1782 Discovery are Found or Reside in the Southern District of New York

Courts broadly interpret the first statutory element which requires that the discovery respondent be "found" or "reside" within the district. *See In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002) (holding that "if a person is served with a subpoena while physically present in the district of the court that issued the discovery order, then for the purposes of § 1782(a), he is 'found' in that district"). Generally, as long as a respondent is located in or can be found within the district, this first element will be satisfied.

Here, both Scholastic Corp. and Scholastic, Inc. indisputably reside or can be found within this District. According to public records and SEC filings, Scholastic's Principal Executive Office is located at 557 Broadway, New York, New York 10012. *See* Smith Decl., Ex. 1.

### B. The Discovery Sought is "For Use" in a Foreign Proceeding

The second statutory requirement of Section 1782 has two subcomponents: (i) the requested discovery must be "for use" (ii) in a foreign "proceeding" in which an "adjudicative function is being exercised." *Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996).

Here, the requested discovery is intended for use in the Mexican Damages Proceeding. United States courts have previously granted applications for discovery under Section 1782 "for use" in Mexican court proceedings. *See In re Application of Operacion y*

*Supervision de Hoteles, S.A. de C.V. For an Order to Conduct Discovery for Use in a Foreign Proceeding*, No. 14 Misc. 82, 2014 U.S. Dist. LEXIS 179442, at *11-12 (S.D.N.Y. Dec. 31, 2014); *In re Application of Grupo Qumma*, No. M 8-85, 2005 U.S. Dist. LEXIS 6898, at *6-7 (S.D.N.Y. Apr. 22, 2005); *In re Int'l Judicial Assistance*, No. 14-mc-80083, 2014 U.S. Dist. LEXIS 37028, at *4 (N.D. Cal. Mar. 19, 2014). The Mexican Damages Proceeding is adjudicative in nature as it will determine the extent of Scholastic, Inc.'s liability. Sánchez Decl., ¶ 16. Both sides will have the opportunity to present relevant evidence, and Scholastic, Inc. will be able to raise any defenses related to the calculation or award of damages. *Id.*

Further, the Mexican Damages Proceeding, while not yet commenced, is a planned foreign "proceeding" and is "within reasonable contemplation" for purposes of Section 1782. *Cf. Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123 (2d Cir. 2015). As the Supreme Court explained in *Intel,* a Section 1782 applicant can satisfy the "for use in a proceeding before a foreign tribunal" requirement without having to show that the "adjudicative proceedings are 'pending' or 'imminent.'" 542 U.S. at 259 (quoting *In re Ishihara Chem. Co.*, 251 F.3d 120, 125 (2d Cir. 2001)). The Supreme Court held that Section 1782 "requires only that a dispositive ruling by the [tribunal] . . . be within reasonable contemplation." *Id*. The Court noted that "[i]t is not necessary for the adjudicative proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding." *Id.* Given the ruling by the Fourth Circuit Collegiate Court for Administrative Matters denying Scholastic Inc.'s petition seeking protection against the Merits Judgment, it is not just a "reasonable contemplation" but a near certainty that, when it has its damages evidence in hand, Escolástica will complete the judicial process by commencing a proceeding in the civil court to adjudicate the final damages award.

Finally, the requested discovery is directly relevant to petitioner's claim in the Mexican Damages Proceeding. The Mexican Damages Proceeding is for the sole purpose of hearing and determining the extent of Scholastic, Inc.'s liability and the amount petitioner is entitled to recover as a result of Scholastic, Inc.'s infringing conduct. And because the Mexican court does not have the power to order the production of any documents not located or found in Mexico, the discovery sought in this proceeding, from the infringer and its U.S. parent, is crucial to the Mexican Damages Proceeding. Sánchez Decl., ¶ 6.

### C. Petitioners are Interested Persons Under Section 1782

Under Section 1782, an interested person is one who has significant "participation rights" in the action. *See Intel*, 542 U.S. at 256-67 (2004). Interested persons includes "part[ies] to the foreign . . . litigation." *Lancaster Factoring*, 90 F.3d at 42 (quoting Senate Report at 8, 1964 U.S.C.C.A.N. at 3789). As the party that prosecuted the claims against Scholastic, Inc. and will initiate the Mexican Damages Proceeding, petitioner clearly qualifies as "an interested person" within the meaning of Section 1782. *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke [section] 1782.").

## II. THE APPLICATION SHOULD ALSO BE GRANTED IN THE EXERCISE OF THE COURT'S DISCRETION

Once the statutory requirements of Section 1782 are met, as they are here, the Supreme Court described four factors that courts may consider in authorizing Section 1782 discovery: (1) whether the person from whom discovery is sought is a party in the foreign proceeding; (2) the nature and character of the foreign tribunal and the receptivity of the foreign tribunal to U.S. federal-court judicial assistance; (3) whether the request appears to be an attempt to circumvent foreign proof-gathering procedures of the foreign tribunal; and (4) whether the

request is overly intrusive or burdensome. *See Intel*, 542 U.S. at 264-265. All four of these factors weigh in favor of granting the discovery requested by the Petitioner here.

*First*, Scholastic Corp. will not be a party to the Mexican Damages Proceeding, its subsidiary, the adjudicated infringer, Scholastic, Inc., will be. Even where a discovery subject is a party or participant in the foreign proceeding, courts hold that discovery pursuant to Section 1782 is appropriate where, as here, the Section 1782 applicant is unable to effectively obtain the requested discovery in the foreign proceeding. *See Consorcio Minero S.A. v. Doe Run Resources Corp.*, No. 4:11-MC-583 (CEJ), 2011 U.S. Dist. LEXIS 112414, at *7 (E.D. Mo. Sept. 30, 2011) (permitting 1782 discovery as to participants in foreign proceedings where there was evidence "that the discovery may not be forthcoming in the Peruvian actions," including evidence that the persons from which discovery was sought failed to appear for a deposition or to comply with discovery requests); *In re Carsten Rehder Schiffsmakler und Reederei Gmbh & Co.*, No. 6:08-mc-1-08-orl-35DAB, 2008 WL 4642378, at *4 (M.D. Fla. Oct. 17, 2008) ("(W]hile [respondent] is a party to the foreign action . . . the evidence before the Court . . . suggests that . . . obtaining the information without this Court's assistance is by no means assured."); *In re Servicio Pan Americano de Proteccion, C.A.*, 354 F. Supp. 2d 269, 274 (S.D.N.Y. 2004) (while the party whose materials were sought was subject to Venezuelan jurisdiction, production of the necessary documents was likely unobtainable under Venezuelan law); *In re Application of Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1115 (E.D. Wis. 2004) (permitting 1782 discovery as to participants in foreign proceedings where obtaining discovery through foreign tribunals would be "inefficient and possibly ineffective").

Further, Section 1782 discovery is regularly granted where the requested discovery is not available in the foreign proceeding because the discovery subject – even if a

participant in the foreign proceedings – is located outside the foreign jurisdiction. *See In re Clerici*, 481 F.3d 1324, 1334 (11th Cir. 2007) (granting discovery where the Panamanian Court could not enforce its order against the discovery subject directly while the discovery subject was in the United States); *In re Letter Request from the Dist. Ct. Stara Lubovna*, No. 3:09-mc-20-34MCR, 2009 U.S. Dist. LEXIS 103126, at *6-7 (M.D. Fla. Nov. 5, 2009) (same). Here, the Mexican court will not be able to order Scholastic, Inc. to produce the relevant discovery because Scholastic, Inc. no longer maintains a domicile or office in Mexico. As such, this factor weighs in favor of granting the discovery request.

*Second*, with regard to the nature and character of the foreign tribunal, it is entirely appropriate for petitioner to seek the requested discovery in connection with the Mexican Damages Proceeding. There is no indication or reason to believe that the Mexican court would be unreceptive to judicial assistance by this discovery. Sánchez Decl., ¶ 21.

*Third*, this request is not an attempt to circumvent the laws of Mexico. The Sánchez Declaration explains that "[n]either Mexican law nor the rules of the Mexican Court forbid the use in the Mexican Proceeding of the relevant information that Escolástica seeks in this Section 1782 Proceeding." *Id.* at ¶ 22. In any case, in determining whether a Section 1782 application is merely an effort to circumvent foreign proof-gathering restrictions, the issue is whether the discovery is sought in bad faith. *See Minatec Fin. S.A.R.L. v. SI Group Inc.*, No. 1:08-cv-269, 2008 U.S. Dist. LEXIS 63802, at *26 (N.D.N.Y. Aug. 18, 2008) ("[t]he primary issue for us is whether [petitioner] is pursuing this discovery in bad faith."). Here, petitioner does not seek the requested discovery in bad faith. To the contrary, petitioner seeks discovery pursuant to Section 1782 that is clearly relevant to the prosecution of petitioner's

claims in the Mexican Damages Proceeding and petitioner will be unable to procure the requested discovery through the Mexican courts.

*Finally*, the discovery requests are tailored, directly relevant to the Mexican Damages Proceeding, and not unduly intrusive or burdensome. The documents Escolástica seeks should be readily available to Scholastic. To the extent that Scholastic, Inc. does not have the information readily available, its parent company, Scholastic Corp., should be able to gather this information expeditiously and with minimal burden.

## CONCLUSION

For the reasons set forth above, petitioner Escolástica respectfully requests that the Court enter an order, pursuant to 28 U.S.C. § 1782, granting it leave to conduct the requested discovery.

Dated: New York, New York
September 19, 2016

                                                  Respectfully submitted,

                                                  CURTIS, MALLET-PREVOST,
                                                     COLT & MOSLE LLP

                                                */s/ Turner P. Smith*
                                                Turner P. Smith
                                                Nicole M. Mazanitis
                                                101 Park Avenue
                                                New York, New York 10178
                                                (212) 696-6000

                                                *Attorneys for Petitioner*
                                                *Corporación México Escolástica, S.A. de C.V.*