UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
                                                       :

In re Application of Corporación México Escolástica, S.A.   :
de C.V. for an Order, Pursuant to 28 U.S.C. § 1782 to      :     Case No.
Conduct Discovery for Use in Foreign Proceedings,        :
                                                       :
                            Petitioner.        :
                                                       :
------------------------------------------------------------------------ X

### DECLARATION OF CARLOS FRANCISCO SÁNCHEZ VALENCIA

        Carlos F. Sánchez declares under penalty of perjury:

      1.     I am a lawyer and partner of SV y LS, S.C., a Mexican law firm at the above

address and am providing this declaration (the "Declaration") on behalf of Corporación México

Escolástica S.A. de C.V. ("Escolástica"), a corporation (*sociedad anónima de capital variable*)

formed under Mexican law.  A copy of my curriculum vitae is attached to this Declaration as

Exhibit A.

      2.     I make this Declaration in connection with the application by Escolástica to the

United States District Court for the Southern District of New York under 28 U.S.C. § 1782 (the

"Section 1782 Application") for evidence for use in a foreign proceeding in the District Court for

Civil Matters of Mexico City (the "Mexican Court") in Mexico (the "Mexican Damages

Proceeding").

      3.     I represent Escolástica in the Mexican Damages Proceeding, which we are

preparing to file.  This Declaration endeavors to describe the relief being sought by Escolástica

in the Mexican Damages Proceeding and to state relevant Mexican law as I understand it to be.

Insofar as the content of this Declaration is within my personal knowledge, it is true.  Insofar as

it is not within my personal knowledge, it is true to the best of my knowledge, information, and

belief.

## The Parties in the Mexican Damages Proceeding

4.      As a result of prior administrative and judicial proceedings in Mexico over the last decade, Escolástica will be a plaintiff in a civil court proceeding in Mexico, in aid of which it seeks discovery from Scholastic Corporation ("Scholastic Corp.") and Scholastic, Inc. in the United States.

5.      Scholastic, Inc. will be the named defendant in the Mexican Damages Proceeding.

6.      Upon information and belief, Scholastic, Inc. no longer has a domicile or office in Mexico.  Under Mexican law, Mexican courts can only compel the production of documents that are located in Mexico.  Because the Mexican court will not have the jurisdiction to order the production over any documents not contained in Mexico, the discovery sought in this proceeding is crucial to the Mexican Damages Proceeding in order to establish the damages Escolástica suffered as a result of Scholastic, Inc.'s infringement.

## The Mexican IMPI Proceeding

7.      On January 30, 2008, Escolástica brought a trademark infringement claim against Scholastic, Inc. under certain provisions of Article 213 of Mexico's Industrial Property Law. The proceedings were conducted before the Mexican Institute of Industrial Property (*Instituto Mexicano de la Propiedad Industrial* or "IMPI"), an administrative body of the Mexican government.  IMPI is akin to the United States Patent and Trademark Office and is responsible for registering and enforcing trademarks, designs, and patents.

8.      Escolástica recorded the two registered marks at issue in the IMPI proceedings. The first mark is 671124 ESCOLASTICA (AND DESIGN) for telecommunications, communication services through any media, and online communication (Mexican Class 38). This trademark was recorded on August 31, 2000 and is in force until June 23, 2020.  The second

mark is 669004 ESCOLASTICA (AND DESIGN) for publicity, administrative and commercial

management services, and offices services rendered through the internet and other portals

(Mexican Class 35).  This trademark was recorded on August 28, 2000 and is in force until June

23, 2020.  Escolástica alleged that Scholastic, Inc. registered domain names using Escolástica's

protected name, including www.escolastica.org, www.escolastica.biz, www.escolastica.info,

www.escholastica.com, www.escholastica.info, www.escholastica.org, and

www.escholastica.biz, and re-directed internet traffic directed at those domains to Scholastic's

main website, www.scholastic.com.  Escolástica claimed violations of Article 213 section I

(unfair competition), subsections IX (a) and (c) (likelihood of confusion), section XVIII

(unauthorized use of a trademark), and section XXVI (likelihood of confusion/unauthorized

franchise) of Mexico's Industrial Property Law because Escolástica and Scholastic serve a

common customer base and provide similar services.

## Findings Made By IMPI

9.     On December 16, 2010, IMPI issued an administrative finding that Scholastic,

Inc. was engaged in trademark infringement in violation of sections I (unfair competition) and

IX(c) (likelihood of confusion) of Article 213, and that Scholastic, Inc. had caused "serious

damages and injuries" to Escolástica (the "Administrative Ruling").  A true and correct copy of

the December 16, 2010 decision is attached hereto as Exhibit B.  The court concluded:

> [T]he injury caused to the claimant in this proceeding is also serious,
> threatening in an open and direct manner its industrial property rights.
> The company SCHOLASTIC, INC., caused serious damages and
> injuries to the claimant as a result of having registered diverse domain
> names with the name *escolástica* and having used them solely as a tie
> or link to its official internet page (known as scholastic.com) and, on
> that page, having offered and provided the same services as those
> carried out by CORPORACION MEXICO ESCOLASTICA, S.A. DE
> C.V., such as marketing, discussion boards and chat rooms, which
> coincide with the services protected by both of the claimant's

> registered marks 671124 and 669004, both for ESCOLASTICA (AND DESIGN). That conduct decreases the possibility that consumers that use the internet might find [claimant's] page. Alternatively, it creates in their minds the idea that a commercial relationship exists between these companies, or that SCHOLASTIC, INC., provides marketing, discussion boards and chat rooms under the authorization and license of CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., without having any right to do so.

(Exhibit B, at p. 58.) IMPI also enjoined Scholastic, Inc. from continuing to use domain names that utilize the name "escolástica" as ties or links to Scholastic's website to offer and perform the same services rendered by Escolástica. Lastly, IMPI imposed administrative sanctions against Scholastic, Inc. for the infringing conduct.

10. Under Mexican law, IMPI did not have jurisdiction to calculate or award damages owed to Escolástica and therefore did not make such a determination in the Administrative Ruling. Rather, Escolástica now has the right to commence the Mexican Damages Proceeding in the Mexican Court to seek indemnification for the damages caused by Scholastic, Inc.'s infringing conduct and to determine the quantum of damages.

11. Escolástica's next step will be an adjudication of damages in the Mexican Damages Proceeding.

### Scholastic, Inc.'s Petitions to Annul and for a Writ of Amparo

12. On March 11, 2011, Scholastic, Inc. filed a petition to annul the Administrative Ruling in the Specialized Chamber for Intellectual Property Matters of the Federal Court for Tax and Administrative Justice in Mexico City (the "Lower Court"). On June 11, 2014, the Lower Court denied the petition and confirmed the Administrative Ruling.

13. On September 9, 2014, Scholastic, Inc. filed a petition for a writ of *amparo*. An *amparo* is a remedy under Mexican law for the protection of constitutional rights. The petition was assigned to the Eighth Circuit Collegiate Court of the Third Region's Central Auxiliary,

which, on January 9, 2015, vacated the decision of the Lower Court and remanded with

instructions.  On remand, the Lower Court once again confirmed the Administrative Ruling.  On

February 3, 2015, it entered judgment against Scholastic, Inc. (the "Merits Judgment").

14.     Scholastic, Inc. once again filed for a writ of *amparo*, this time for protection

against the legal consequences of the Merits Judgment.  On July 15, 2015, the Fourth Circuit

Collegiate Court for Administrative Matters (the "Higher Court"), in a unanimous decision,

denied Scholastic, Inc.'s petition, finding that the law did not afford it any protections against the

Merits Judgment.  Accordingly, the Merits Judgment became final and non-appealable.  A true

and correct copy of the July 15, 2015 decision is attached hereto as Exhibit C.

### The Information Sought by Escolástica

15.     With liability now established and made final in the Higher Court, Escolástica has

the right to commence the Mexican Damages Proceedings against Scholastic, Inc. in the

Mexican Court.  The Mexican Court cannot overturn or review the Merits Judgment, and its

jurisdiction is limited to determining whether the amount of damages owed should be equal to or

higher than the percentage stated in Article 221bis of the Industrial Property Law.  Article 221bis

states:

> Compensation for material damages or indemnification for damages
> and injuries due to violation of the rights conferred by this Law shall
> in no case be less than 40 percent of the public selling price of each
> product or service rendered where violation of any one or more of the
> industrial property rights provided for in this Law is involved.

16.     The Mexican Damages Proceeding is adjudicative and will determine the extent

of Scholastic's monetary liability.  Both Escolástica and Scholastic, Inc. will have the

opportunity to present relevant evidence.  Scholastic, Inc. will also be able to raise any defenses related to the determination of damages.[1]

17.     The discovery that Escolástica seeks from Scholastic Corp. and Scholastic, Inc. in this Section 1782 Proceeding is financial data and other operational information needed to model and calculate the damages flowing from the infringing activities that the Mexican courts held Scholastic had engaged in.

18.     Discovery of the requested information is necessary before Escolástica can be in a position to initiate the Mexican Damages Proceeding.   The Mexican Court and parties will need the requested data in order to determine Scholastic, Inc.'s scope of liability and calculate the proper amount of damages owed to Escolástica.

19.     Moreover, the revenue and related damages evidence is not available to the parties through the normal court process in the Mexican court.  Scholastic, Inc. no longer has a domicile or office in Mexico.  Under Mexican law, Mexican courts can only compel the production of documents located in Mexico.

20.     In this instance, the Mexican court lacks the power to compel Scholastic, Inc. to produce any documents, let alone documents in the possession or control of its parent company Scholastic Corp. in the United States.

21.     There is no indication or reason to believe that the Mexican Court would be unreceptive to judicial assistance by this discovery.

22.     Neither Mexican law nor the rules of the Mexican Court forbid the use in the Mexican Damages Proceedings of the relevant information that Escolástica seeks in this Section 1782 Proceeding.

---

[1] I note that additional proceedings have been commenced against Scholastic, Inc. in the IMPI.  However, this Section 1782 request is not intended to develop evidence for those actions; it only seeks evidence in support of the expected damages proceeding yet to be filed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:     Mexico City, Mexico                    By: _____
              September 19, 2016                          Carlos F. Sánchez