# EXHIBIT B

*"2010, Año de la Patria. Bicentenario del Inicio de la Independencia y Centenario de la Revolución".*



**Instituto Mexicano de la Propiedad Industrial**

DIRECCIÓN DIVISIONAL DE PROTECCIÓN
A LA PROPIEDAD INTELECTUAL
SUBDIRECCIÓN DIVISIONAL DE PREVENCIÓN
DE LA COMPETENCIA DESLEAL.
COORDINACIÓN DEPARTAMENTAL DE
INFRACCIONES Y DELITOS



INSTITUTO MEXICANO DE
LA PROPIEDAD INDUSTRIAL
Dirección Divisional de Protección
a la Propiedad Intelectual

Folio: 29283
Fecha: 16/DIC/2010        Hora: 14:43
Exped: P.C.115/2008(I-23)1258

227285

CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V.
VS.
SCHOLASTIC, INC.

M. 669004 ESCOLASTICA Y DISEÑO.
M. 671124 ESCOLASTICA Y DISEÑO.

PI/S/2010/023283

P. C. 115/2008 (I-23) 1258.




ASUNTO:   Se declaran administrativamente las infracciones previstas en las fracciones I, y IX inciso c) del artículo 213 de la Ley de la Propiedad Industrial, por parte de SCHOLASTIC, INC., y se impone sanción.

C. ANTONIO BELAUNZARÁN MARTÍNEZ, APODERADO LEGAL DE SCHOLASTIC, INC., PEDRO LUIS OGAZÓN NÚMERO 17, COLONIA SAN ÁNGEL, DELEGACIÓN ÁLVARO OBREGÓN, C.P. 01000, MÉXICO, D.F.-

Con fundamento en los artículos 187, 199, 213 y 217 de la Ley de la Propiedad Industrial se procede a emitir resolución en el presente asunto con base en los siguientes antecedentes y consideraciones de derecho:

ANTECEDENTES.

I.- Mediante escrito presentado el 30 de enero de 2008, al cual le correspondió el folio de entrada 1258, el C. Manuel Alberto Farfán Villegas, en representación de la empresa denominada CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., solicitó la declaración administrativa de las infracciones previstas en las fracciones I, IX incisos a) y c), XVIII y XXVI del artículo 213 de la Ley de la Propiedad Industrial, en contra de SCHOLASTIC, INC., y/o SCHOLASTIC DE MEXICO, S. DE R.L. DE C.V., mismas que podían ser emplazadas, la primera de ellas a través de su representante legal Lic. Antonio Belaunzarán Martínez en Pedro Luis Ogazón número 17, Col. San Ángel, C.P. 01000, México, Distrito Federal y la segunda a través de su representante legal en el domicilio ubicado en Porfirio Díaz número 110, Col. Del Valle, Delegación Benito Juárez, México, Distrito Federal.

Señaló como domicilio para oír y recibir toda clase de notificaciones, el ubicado en Calle de Concepción Beistegui No. 1810-C, Colonia Narvarte, Delegación Benito Juárez, C.P. 03020, México, Distrito Federal y autorizó para los efectos que precisó a los C.C. Jesús Alejandro Ortiz Haro Torres Septién, Rodrigo Portillo Ramila, Carlos A. Macedo Vázquez, Alicia Isabel Serrano Olivo y Juan Ignacio Garaicochea Irigoyen.

Y, ofreció como medios de prueba los que se señalan a continuación:

1.- La documental pública, consistente en la copia certificada de los registros marcarios 669004 y 671124.

2.- La documental pública, consistente en la copia certificada del Testimonio Notarial número 189795 pasado ante la fe del Licenciado Fausto Rico Álvarez, Notario Público número 6 en México, Distrito Federal.

P. C. 115/2008 (I-23) 1258.

2

.......................................FOLIO: 29283

3.- La documental pública, consistente en el acta de la visita de inspección a las siguientes direcciones de internet: www.escolastica.org, www.scholastic.com, www.scholastic.com.mx, www.escolastic.com, www.escolastic.net y www.scholastic.org.

4.- La documental pública, consistente en la fe de hechos contenida en el Instrumento Notarial 1812, pasada ante la fe del Licenciado Misael Dehesa Pulido, Notario Público 52 del Distrito Federal.

5.- La documental pública, consistente en los documentos relativos a los procedimientos internacionales, sus traducciones al español, y sus apostillas.

6.- La documental pública, consistente en la fe de hechos contenida en el Instrumento Notarial número 21342 y la traducción al español, pasada ante la fe del Licenciado Fernando Pérez Arredondo, Notario Público 12 del Distrito Federal, actuando como asociado del Licenciado Arturo Pérez Negrete, Notario Público número 119 en el Distrito Federal.

7.- La documental pública, consistente en copias certificadas que fueran expedidas por este Instituto de los escritos iniciales de las solicitudes de declaración administrativa de nulidad presentadas por SCHOLASTIC, INC., radicadas en los expedientes P.C. 406/2003 (N-212) y P.C. 324/2003 (N-169).

8.- La documental consistente en el original de la publicación de fecha 15 de noviembre de 2007, en específico de la página 8 del periódico "Reforma".

9.- La documental pública, consistente en la copia certificada de las resoluciones definitivas de los procedimientos de nulidad que obran en los expedientes contenciosos P.C. 406/2003 (N-212) y P.C. 324/2003 (N-169).

10.- La documental privada, consistente en la información contable económica y comercial, respecto de las actividades realizadas por SCHOLASTIC, INC., para determinar su capacidad económica y comercial.

11.- La presuncional en su doble aspecto, legal y humano, en todo lo que beneficiara a los intereses de su representada.

12.- La instrumental de actuaciones, en todo lo que beneficiara a los intereses de su representada.

II.- De las constancias que integran los registros marcarios en que se actúa y que dan base a la solicitud presentada, se desprenden los siguientes datos registrales:

| REGISTRO DE MARCA | 671124 ESCOLASTICA Y DISEÑO. |
|---|---|
| TITULAR | CORPORACIÓN MEXICO ESCOLASTICA, S.A. DE C.V. |
| FECHA LEGAL | 23 DE JUNIO DE 2000. |
| FECHA DE CONCESIÓN | 31 DE AGOSTO DE 2000. |
| FECHA DE VIGENCIA | 23 DE JUNIO DE 2010, MEDIANTE ESCRITO PRESENTADO EL 1 DE DICIEMBRE DE 2010, AL CUAL LE RECAYÓ EL FOLIO 219245, SE SOLICITÓ LA RENOVACIÓN DEL REGISTRO |

P. C. 115/2008 (I-23) 1258.

**Instituto Mexicano de la Propiedad Industrial** I M P

3

......................................FOLIO:

29283

| | |
|---|---|
| | MARCARIO EN CITA. |
| CLASE Y SERVICIOS QUE AMPARA | 38, TELECOMUNICACIONES. SERVICIOS DE COMUNICACION E INFORMACION A TRAVES DE CUALQUIER MEDIO, INCLUYENDO MEDIOS ALAMBRICOS, INALAMBRICOS, TELEFAX, SATELITE Y UNA RED GLOBAL DE INFORMACION COMPUTARIZADA; SERVICIOS DE COMUNICACION EN LINEA; COMUNICACION ENTRE PERSONAS A TRAVES DE PAGINAS PORTALES Y SITIOS EN LA RED MUNDIAL DE COMPUTACION. |
| TIPO DE MARCA: | MIXTA, CONSISTENTE EN LA DENOMINACION ESCOLASTICA Y EL DISEÑO QUE A CONTINUACION SE REPRODUCE:  |

| | |
|---|---|
| REGISTRO DE MARCA | 669004 ESCOLASTICA Y DISEÑO. |
| TITULAR | CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V. |
| FECHA LEGAL | 23 DE JUNIO DE 2000. |
| FECHA DE CONCESIÓN | 28 DE AGOSTO DE 2000. |
| FECHA DE VIGENCIA | 23 DE JUNIO DE 2010, MEDIANTE ESCRITO PRESENTADO EL 1 DE DICIEMBRE DE 2010, AL CUAL LE RECAYÓ EL FOLIO 219244, SE SOLICITÓ LA RENOVACIÓN DEL REGISTRO MARCARIO EN CITA. |
| CLASES Y SERVICIOS QUE AMPARA | 35, PUBLICIDAD; GESTION DE NEGOCIOS COMERCIALES, ADMINISTRACION COMERCIAL; TRABAJOS DE OFICINA. SE INCLUYEN LOS SERVICIOS DE PUBLICIDAD; |

P. C. 115/2008 (I-23) 1258.

4

....................................FOLIO: 29283

| | GESTION DE NEGOCIOS COMERCIALES; ADMINISTRACION COMERCIAL Y TRABAJOS DE OFICINA PRESTADOS POR SITIOS, PORTALES Y PAGINAS EN LA RED MUNDIAL DE COMPUTACION. |
|---|---|
| TIPO DE MARCA: | MIXTA, CONSISTENTE EN LA DENOMINACION ESCOLASTICA Y EL DISEÑO QUE A CONTINUACION SE REPRODUCE: |
| |  |

III.- Por oficio 2680, de 19 de febrero de 2008 se acordó la solicitud de declaración administrativa de infracción de mérito, requiriendo al promovente que especificara la persona contra la cual estaba promoviendo su solicitud, que exhibiera completas las copias de traslado correspondientes a las probanzas señaladas bajo los numerales 4, 5 y 6, los pagos complementarios por la expedición de las copias certificadas solicitadas y por la visita de inspección que ofrecía como prueba, para lo cual se le concedió el plazo de ocho días hábiles.

IV.- Mediante escrito presentado el 29 de febrero de 2008, al cual le correspondió el folio de entrada 2708, el C. Manuel Alberto Farfán Villegas, en representación de CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., desahogó el requerimiento formulado mediante oficio 2680, realizando para tales efectos la aclaración correspondiente y exhibiendo los pagos requeridos.

V.- Por oficio 5390, de 31 de marzo de 2008, se acordó el escrito referido en el numeral anterior, admitiéndose a trámite la solicitud de declaración administrativa de las infracciones previstas en el artículo 213 fracciones I, IX incisos a) y c), XVIII y XXVI en contra de SCHOLASTIC, INC., se admitieron los medios de prueba identificadas con los numerales 1 a 9 y 11 y 12, y se ordenó correr traslado a la visitada para que en el término de diez días hábiles manifestara lo que a su derecho conviniera.

VI.- El día 27 de mayo de 2008, le fue notificada mediante instructivo, previo citatorio la presente solicitud de declaración administrativa de infracción a la sociedad SCHOLASTIC, INC.

VII- Mediante escrito presentado el 10 de junio de 2008, al cual le correspondió el folio de entrada 7187, el C. Antonio Belaunzarán Martínez, en representación de SCHOLASTIC, INC., dio contestación a la solicitud de declaración administrativa de infracción de mérito, señaló como domicilio para oír y recibir toda clase de notificaciones el ubicado en Pedro Luis Ogazón No. 17, Col. San Ángel, Delegación Álvaro Obregón de esta Ciudad de México, 01000, Distrito Federal, y autorizó para tales efectos a los Licenciados Sergio Luis Olivares Rodríguez, Luis Carlos Schmidt Ruiz del

P. C. 115/2008 (I-23) 1258.



**Instituto Mexicano de la Propiedad Industrial**

5

.......................................FOLIO:



Moral, Sergio Luis Olivares Lobato, José Ignacio de Santiago Palomares Saenz, José Alejandro Luna Fandiño, Alonso Camargo Sordo, Leonardo González Armendáriz, Abraham Díaz Arceo, Daniel Sánchez y Bejar, José Guillermo Treviño Resendíz, Varinia Calleros García, Armando Arenas Reyes, Juan Carlos Villaseñor Diez, Juan Luis Serrano Leets, Yuri Vázquez Krasovsky, Mario Ernesto Meade Gutiérrez, Walter Galeana Hernández, Carlos Alberto Flores Ruíz y Alejandro Bernardo Torres Beltrán, así como a los C.C. Enrique Raúl Vázquez Aben, Martha Ruth Celis Jimenez, Armando Rojas Abe, Emilio Albarrán Núñez, José Antonio Angulo Belaunzarán, Ricardo Macías Delgado, Juan Francisco Barrón Moreno, Guillermo Téllez Hernández e Isidro Vilchis Sarmiento.

Ofreció como pruebas de su parte, las que a continuación se mencionan:

1.- La documental pública, consistente en copia certificada del título de registro número 487969 SCHOLASTIC, así como del oficio número 20040342399 de 20 de octubre de 2004.

2.- La documental pública, consistente en copia certificada del título de registro marcario 493651 SCHOLASTIC Y DISEÑO, así como del oficio 20040342404 de 20 de octubre de 2004.

3.- La documental pública, consistente en la copia certificada del registro de marca 493652 SCHOLASTIC Y DISEÑO, así como del oficio 20040342402 de 20 de octubre de 2004.

4.- La documental pública consistente en la copia certificada del título de registro marcario 487344 SCHOLASTIC, así como del oficio 20040342398.

5.- La documental publica consistente en el acta de fe de hechos 1812, pasada ante la fe del Licenciado Misael Dehesa Pulido, Corredor Público 52 en el Distrito Federal, misma que ya había sido ofrecida por su contraria en su solicitud, manifestando que la hacía suya.

6.- La documental pública, consistente en el acta de fe de hechos 21342, pasada ante la fe del Licenciado Arturo Pérez Negrete, Notario Público 119 en el Distrito Federal, misma que ya había sido ofrecida por su contraria en su solicitud, manifestando que la hacía suya.

7.- La documental privada, consistente en el dictamen pericial rendido por Penélope Julieta Aguilera Alfiero.

8.- La documental privada, consistente en diversas impresiones de las diversas secciones de la página oficial de internet de la hoy demandada ubicada en www.escolastica.com.

9.- La instrumental de actuaciones, en todo lo que beneficiara a los intereses de su representada.

10.- La presuncional legal y humana, en todo lo que beneficiara a los intereses de su representada.

VIII.- Por oficio 12104, de 30 de junio de 2008, se admitió el escrito de contestación referido en el párrafo anterior, se admitieron las pruebas ofrecidas y se ordenó correr traslado a la actora a fin de que un término de tres días hábiles manifestara lo que a su derecho correspondiera.

IX.- Mediante escrito presentado el 12 de agosto de 2008, al cual le correspondió folio de entrada 10884, el C. Manuel Alberto Farfán Villegas, en representación de CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., solicitó que se autorizaran en el presente procedimiento a las personas que indicó, para los efectos que precisó y solicitó sele fijara fecha y hora para el desahogo de la visita de inspección que solicitó en su escrito inicial; Escrito que se acordó por oficio 18622 de 12 de septiembre de 2008, indicándole que en relación a la autorizaciones debía estarse al oficio

P. C. 115/2008 (I-23) 1258.

6
.......................................FOLIO:  29283

2680 de 19 de febrero de 2008, y en cuanto a la visita de inspección, en el oficio 17737 de 4 de septiembre de 2008, ya se había fijado fecha

X.- Mediante escrito presentado el 25 de agosto de 2008, al cual le correspondió folio de entrada 11629, el C. Alejandro Hurtado Gómez, quien se ostentó como representante de CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., autorizó en el presente procedimiento a las personas que indicó, para los efectos que precisó; Escrito que se acordó por oficio 19374, de 23 de septiembre de 2008, indicándose que debía estarse a lo acordado en los oficios 2680 y 18622, de 19 de febrero de 2008 y 12 de septiembre de 2008.

XI.- Por oficio 17737, de 4 de septiembre de 2008, se precluyó el derecho de la actora para manifestar lo que a su interés conviniera en relación con el escrito de contestación exhibido por su contraria, toda vez que el plazo concedido para tales efectos había transcurrido en exceso.

Asimismo, se fijó fecha y hora para el desahogo de la probanza bajo el numeral 3 de la solicitud de declaración administrativa de mérito.

XII.- El 22 de septiembre de 2008, tuvo verificativo el desahogo de la probanza ofrecida por la actora en su solicitud de declaración administrativa de infracción, bajo el numeral 3 del respectivo capítulo de pruebas, consistente en una inspección a las direcciones de internet: www.escolastica.org, www.scholastic.com, www.scholastic.com.mx, www.escolastic.com, www.escolastic.net y www.scholastic.org, levantándose el acta respectiva a la que correspondió el folio interno 36166 de 23 de septiembre de 2008.

XIII.- Mediante escrito presentado el 25 de septiembre de 2008, al cual le correspondió el folio de entrada 13408, el C. Antonio Belaunzarán Martínez, en representación de SCHOLASTIC, INC., realizó diversas manifestaciones respecto de la visita de inspección realizada a las páginas de internet www.escolastica.org, www.scholastic.com, www.scholastic.com.mx, www.escolastic.com, www.escolastic.net y www.scholastic.org.

XIV.- Mediante escrito presentado el 29 de septiembre de 2008, al cual le correspondió folio de entrada 13545, el C. Manuel Alberto Farfán Villegas, en representación de CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., señaló nuevo domicilio para oír y recibir notificaciones, asimismo, solicitó que se autorizaran en el presente procedimiento a las personas que indicó, para los efectos que precisó.

De igual forma, realizó diversas manifestaciones respecto de la visita de inspección realizada a las páginas de internet www.escolastica.org, www.scholastic.com, www.scholastic.com.mx, www.escolastic.com, www.escolastic.net y www.scholastic.org, y exhibió respectiva la traducción de 186 fojas impresas en la visita de referencia.

XV.- Por oficio 20272, de 3 de octubre de 2008, se tuvieron por presentadas las manifestaciones de la presunta infractora en torno al desahogo de las páginas de internet.

XVI- Por oficio 21712, de 23 de octubre de 2008, se abrió período común de alegatos.

XVII.- Por oficio 21713, de 23 de octubre de 2008, se acordó favorablemente el escrito presentado por la actora, a través del cual señaló nuevo domicilio y autorizó a diversas personas.

XVIII.- Mediante escrito presentado el 4 de noviembre de 2008, al cual le correspondió folio de entrada 15693, el C. Antonio Belaunzarán Martínez, en representación de SCHOLASTIC, INC.,

P. C. 115/2008 (I-23) 1258.

**Instituto Mexicano de la Propiedad Industrial**

7

.......................................FOLIO:

realizó diversas manifestaciones; Escrito que se acordó favorablemente por oficio 25504 de 3 de diciembre de 2008.

XIX.- Mediante escrito presentado el 12 de noviembre de 2008, al cual le correspondió folio de entrada 16160, el C. Manuel Alberto Farfán Villegas, en representación de CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., formuló apuntes de alegatos; mismo que se acordó favorablemente por oficio 25503 de fecha 3 de diciembre de 2008.

XX.- Mediante escrito presentado el 13 de noviembre de 2008, al cual le correspondió folio de entrada 016217, el C. Antonio Belaunzarán Martínez, en representación de SCHOLASTIC, INC., formuló apuntes de alegatos; mismo que se acordó favorablemente por oficio 25502, de 3 de diciembre de 2008.

XXI.- Mediante escrito presentado el 16 de diciembre de 2008, y folio de entrada 018051, el C. Antonio Belaunzarán Martínez, en representación de SCHOLASTIC, INC., realizó diversas manifestaciones; mismo que fue acordado favorablemente por oficio 466, de 15 de enero de 2009.

XXII.- Mediante escrito presentado el 23 de febrero de 2009 y folio de entrada 2482, el C. Manuel Alberto Farfán Villegas, en representación de la sociedad denominada CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., señaló nuevo domicilio para oír y recibir notificaciones, y autorizó a diversas personas en el presente procedimiento; Escrito que se acordó por oficio 4095, de 9 de marzo de 2009, requiriendo al promovente que exhibiera la copia de traslado correspondiente de su escrito o en su defecto realizara el pago por la expedición de la misma, para lo cual se le concedió el plazo de cinco días hábiles.

XXIII.- Mediante escrito presentado el 13 de marzo de 2009 y folio de entrada 3452, el C. Manuel Alberto Farfán Villegas, en representación de la sociedad denominada CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., desahogó el requerimiento que se le formuló mediante oficio 4095, de 9 de marzo de 2008; mismo que fue acordado favorablemente por oficio 6669, de 8 de abril de 2009, y en consecuencia por hechas las manifestaciones contenidas en el escrito de fecha 23 de febrero de 2009, y folio de entrada 2482.

En consecuencia, toda vez que en el expediente al rubro citado no existen pruebas pendientes por desahogar ni diligencias por realizar se cierra la etapa de integración del procedimiento y se procede a emitir la resolución que corresponda con base en los siguientes:

C O N S I D E R A N D O S

PRIMERO.- La competencia de este Instituto para resolver el presente procedimiento se funda en el Decreto por el que se crea el Instituto Mexicano de la Propiedad Industrial publicado en el Diario Oficial de la Federación el 10 de diciembre de 1993; los artículos 1°, 3° fracción V inciso c), subinciso i), 4°, 5°, 7°, 11 fracción IX, así como último párrafo y 14 fracciones II y VII del Reglamento del Instituto Mexicano de la Propiedad Industrial publicado en el Diario Oficial de la Federación el 14 de diciembre de 1999 (reformado y adicionado según corresponda mediante decretos de 1° de julio de 2002, 15 de julio de 2004, cuya fe de erratas se publicó el día 28 del mismo mes y año en dicho medio informativo y 7 de septiembre de 2007); los artículos 1°, 3°, 4°, 5°, 18 fracciones II y VII, 25, 26, 28 y 32 del Estatuto Orgánico del Instituto Mexicano de la Propiedad Industrial, publicado en el Diario Oficial de la Federación el 27 de diciembre de 1999 (reformado y adicionado según corresponda mediante acuerdos de 10 de octubre de 2002, 29 de julio de 2004, cuya nota aclaratoria se publicó el 4 de agosto de 2004 en dicho medio informativo y 13 de septiembre de 2007).

P. C. 115/2008 (I-23) 1258.

8                    29283
......................................FOLIO:

SEGUNDA.-Toda vez que la empresa denominada SCHOLASTIC, INC., al dar contestación a la solicitud de declaración administrativa de infracción instaurada en su contra, interpuso en vía reconvencional la caducidad de los registros marcarios base de la acción 671124 y 669004, ambos ESCOLASTICA Y DISEÑO y que a dichos procedimientos les fue asignado el número de expediente P.C. 822/2008 (C-314) 7188 y P.C. 823/2008 (C-315) 7189, respectivamente a efecto de que fueran sustanciados de manera individual con el objetivo de que esta Autoridad se encontrase en posibilidad de identificar plenamente cada uno de los procedimientos y resolverlos con mayor precisión, situación por la cual, los mismos se resolverán de manera simultánea, emitiéndose la presente resolución en forma individual, para así poder identificar plenamente cada uno de los procedimientos.

TERCERA.- Previamente al estudio del fondo de la solicitud de declaración administrativa de infracción y de conformidad con lo previsto en el artículo 348 del Código Federal de Procedimientos Civiles de aplicación supletoria a la materia, procede analizar las excepciones y defensas que hubieren sido opuestas por la presunta infractora.

Como primera excepción opuso la presunta infractora "LA FALTA DE ACCION", indicando entre otras cosas, lo siguiente:

*"...derivada del hecho de que la actora afirmó en el cuerpo de su escrito inicial que mi mandante ha usado y usa su marca registrada o una semejante en grado de confusión (lo que de suyo es contradictorio) sin autorización, para aplicarla a servicios iguales o similares.*

*Sin embargo como puede apreciar ese H. Instituto, el hoy actor no ofreció prueba alguna de su parte que fehacientemente acreditara los extremos de su acción, ya que ni siquiera demostró que mi mandante usara la marca registrada de la hoy actora que consiste en la marca ESCOLÁSTICA, JUNTO CON EL DISEÑO QUE SE ILUSTRA A CONTINUACIÓN:*

...

*En este contexto, de una rápida revisión de las pruebas ofrecidas por la hoy actora, es evidente que de ninguna forma demostró que mi mandante use su marca registrada ESCOLASTICA Y DISEÑO, así como tampoco demostró que mi mandante lo haga para identificar servicios iguales o similares a aquellos amparados por los registros base de la acción de la hoy demandante.*

*Además de lo anterior, como se desprende del capítulo de pruebas del presente escrito, mi mandante desarrolla sus actividades al amparo de los registro marcarios números 487344 de marca SCHOLASTIC en clase 35; 493652 de marca SCHOLASTIC Y DISEÑO en clase 35; 487969 de marca SCHOLASTIC en clase 41; 493651 de marca SCHOLASTIC Y DISEÑO en clase 41 y 493653 de marca SCHOLASTIC Y DISEÑO en clase 35; que son de su propiedad, se encuentran vigentes y amparan perfectamente todas las actividades comerciales que mi representada lleva a cabo en México.*

*A la luz de todo lo anterior es evidente que el dicho de la actora resulta del todo falso y que por consiguiente carece de toda acción y derecho para solicitar la declaración administrativa de infracciones en contra de mi mandante, siendo que la solicitud que nos ocupa ni siquiera debió ser admitida por ese H. Instituto, por ser del todo frívola, motivo por el cual debe ser desechada de plano".*

Los argumentos que la presunta infractora pretende hacer valer como excepción, son improcedentes, toda vez que para que esta Autoridad pueda determinar si la conducta de la presunta infractora encuadra o no en alguna de las causales de infracción invocadas por la actora, se debe entrar al estudio de fondo del presente asunto, con base en las probanzas aportadas por las partes y que

P. C. 115/2008 (I-23) 1258.

**Instituto
Mexicano
de la Propiedad
Industrial**

9

.......................................FOLIO:

fueron admitidas por este Instituto, por lo que será en dicho momento donde se dirima tal situación.

Aunado a lo anterior, cabe señalar, que la falta de acción y derecho no constituye propiamente una excepción, ya que no se encuentra encaminada a destruir o retrasar el curso de la acción, ya que el efecto jurídico que ésta generalmente produce, es la negación de la demanda, o sea el de arrojar la carga de la prueba al solicitante, razones por las cuales resulta improcedente.

Sirve de apoyo a lo anterior, la siguiente jurisprudencia:

Registro No. 219050, Localización: Octava Época, Instancia: Tribunales Colegiados de Circuito, Fuente: Gaceta del Semanario Judicial de la Federación, 54, Junio de 1992, Página: 62, Tesis: VI. 2o. J/203, Jurisprudencia Materia(s): Común.

SINE ACTIONE AGIS.
La defensa de carencia de acción o sine actione agis, no constituye propiamente hablando una excepción, pues la excepción es una defensa que hace valer el demandado, para retardar el curso de la acción o para destruirla, y la alegación de que el actor carece de acción, no entra dentro de esa división. Sine actione agis no es otra cosa que la simple negación del derecho ejercitado, cuyo efecto jurídico, solamente puede consistir en el que generalmente produce la negación de la demanda, o sea, el de arrojar la carga de la prueba al actor, y el de obligar al juez a examinar todos los elementos constitutivos de la acción.

SEGUNDO TRIBUNAL COLEGIADO DEL SEXTO CIRCUITO.
Amparo directo 144/88. María Trinidad Puga Rojas. 6 de septiembre de 1988. Unanimidad de votos. Ponente: Gustavo Calvillo Rangel. Secretario: José Mario Machorro Castillo.

Amparo directo 68/89. Celia Alonso Bravo. 7 de marzo de 1989. Unanimidad de votos. Ponente: Gustavo Calvillo Rangel. Secretario: José Mario Machorro Castillo.

Amparo directo 442/89. Rodrigo Bernabé García y Sánchez y otro. 21 de noviembre de 1989. Unanimidad de votos. Ponente: Gustavo Calvillo Rangel. Secretario: José Mario Machorro Castillo.

Amparo directo 104/92. Flotilde Barcala Rubio. 25 de marzo de 1992. Unanimidad de votos. Ponente: Gustavo Calvillo Rangel. Secretario: Jorge Alberto González Álvarez.

Amparo directo 167/92. Fernando Ortiz Pedroza. 29 de abril de 1992. Unanimidad de votos. Ponente: Gustavo Calvillo Rangel. Secretario: Jorge Alberto González Álvarez.

Como segunda Y tercera excepciones la demandada opuso *"LA FALTA DE LEGITIMACION ACTIVA y FALTA DE LEGITIMACION PASIVA"* al indicar lo siguiente:

*II.- LEGITIMACION ACTIVA. El hoy actor carece de legitimación activa para solicitar la declaración administrativa de infracción en contra de mi representada, toda vez que no demostró que mi*

P. C. 115/2008 (I-23) 1258.

10

.......................................FOLIO:

$29283$

*mandante hubiere usado su marca registrada o una semejante en grado de confusión, así como tampoco demostró que mi mandante preste servicios iguales o semejantes a los amparados por sus registros marcarios.*

*En pocas palabras, no acreditó en los más mínimo que su esfera jurídica haya sido afectada en forma alguna por las actividades que mi mandante realiza través de su página de internet. De hecho, si lo considera con detenimiento ese H. Instituto, la solicitud de la hoy actora es del todo frívola, tan es así que el nombre de dominio scholastic.com que alberga la página de internet oficial de mi mandante se creó en el año de 1993 y comenzó a albergar contenido en el año 1996, prestando en dicha página servicios educativos y de venta de libros desde el año 1996, siendo que por el contrario el dominio de la demandante se creó hasta el 29 de febrero del año 2000 y hasta esa fecha fue que comenzó a prestar actividades a través de una página de internet, lo que demuestra que mi mandante fue la primera en prestar sus actividades a través de internet, además de que contrario a lo señalado por la demandante, mi representada de ninguna forma ha variado en tiempos recientes los servicios que presta, de tal forma que infrinjan los registros marcarios de la hoy actora, tan es así, que contrario a lo falsamente referido por la hoy demandante, la hoy actora no demostró que se hubiere presentado un solo caso de confusión entre los servicios prestados por ella y los servicios prestados por mi mandante, resultando frívolo el hablar de "posible confusión" y no de confusión actual o presente", cuando las empresas en conflicto más de 7 años prestando sus servicios en México sin que se haya documentado caso alguno de confusión entre los consumidores mexicanos, por lo que resulta evidente que en la especie no hay infracción alguna que perseguir, resultando claro que la hoy actora carece de legitimación activa para acusar infracción alguna en contra de mi representada".*

*"III.- LEGITIMACION PASIVA. Como consecuencia de la anterior excepción es evidente que existe falta de legitimación pasiva en mi representada, ya que la hoy actora no demostró que alguna de las actividades de mi representada le haya infringido su esfera de derechos, incluyendo sus registros marcarios, siendo que como ya se señaló, la actora ni siquiera ofreció pruebas que de manera idónea demostraran el uso de su marca registrada o de una semejante en grado confusión por parte de mi mandante, con relación a servicios iguales o similares a los que presta la hoy demandante.*

*Asimismo, como se demuestra con las pruebas que se acompañan al presente ocurso, mi mandante sólo se dedica a actuar al amparo de los registros marcarios que son de su propiedad y se limita a usar sus marcas registradas SCHOLASTIC y SCHOLASTIC Y DISEÑO, lo que confirma plenamente que las actividades de mi mandante son del todo ilícitas y de ninguna formas pueden afectar los derechos de la hoy demandante.*

*Consecuentemente, resulta evidente que existe falte de legitimación pasiva en mi mandante, por lo que la solicitud de declaración que nos ocupa debe ser desechada de plano".*

Resultan improcedentes las excepciones interpuestas por la presunta infractora, toda vez que contrario a sus manifestaciones, la sociedad denominada CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V. parte actora en el presente procedimiento cuenta con la legitimación activa en el mismo, toda vez que cuenta con titularidad de los registros marcarios 671124 y 669004, ambos ESCOLASTICA Y DISEÑO, los cuales se encuentran vigentes y en consecuencia surtiendo efectos legales.

Aunado a lo anterior, se advierte que la presunta infractora cuenta con legitimación pasiva, toda vez que la sociedad SCHOLASTIC, INC., es la empresa contra la cual se solicitó la declaración administrativa de infracción que nos ocupa, y máxime si consideramos que dio contestación al mismo, mediante escrito presentado el 10 de junio de 2008, bajo el folio de entrada 7187.

P. C. 115/2008 (I-23) 1258.



**Instituto
Mexicano
de la Propiedad
Industrial**

11

.......................................FOLIO:

29283

En virtud que no resultaron procedentes las excepciones opuestas por la presunta infractora, de conformidad con lo dispuesto por el artículo 348 del Código Federal de Procedimientos Civiles, procede entrar al estudio del fondo del presente asunto.

TERCERA.- La solicitud de declaración administrativa de infracción que nos ocupa, fue admitida con base en las fracciones I, IX incisos a) y c), XVIII y XXVI del artículo 213 de la Ley de la Propiedad Industrial, en las que presuntamente incurre la Sociedad denominada SCHOLASTIC, INC., en relación con los registros marcarios 671124 y 669004, ambos ESCOLASTICA Y DISEÑO , al estimar que dicha sociedad está realizando actos de competencia desleal en diversas páginas de internet de sus propiedad mediante las cuales invade sus registros marcarios.

Ahora bien, para acreditar la actualización de las causales señaladas, la actora ofreció como pruebas de su parte las siguientes, mismas que se procede a su análisis y valoración.

1.- La documental pública, consistente en la copia certificada del registro marcario 669004, misma que tiene pleno valor probatorio de conformidad con lo dispuesto en los artículos 129, 130, 197 y 202 del Código Federal de Procedimientos Civiles, acreditando que con fecha 28 de agosto de 2000, le fue otorgado el citado registro marcario a la empresa denominada CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., el cual protege servicios de la clase 35, tales como: PUBLICIDAD; GESTION DE NEGOCIOS COMERCIALES, ADMINISTRACION COMERCIAL; TRABAJOS DE OFICINA. SE INCLUYEN LOS SERVICIOS DE PUBLICIDAD; GESTION DE NEGOCIOS COMERCIALES; ADMINISTRACION COMERCIAL Y TRABAJOS DE OFICINA PRESTADOS POR SITIOS, PORTALES Y PAGINAS EN LA RED MUNDIAL DE COMPUTACION, y protege la denominación ESCOLASTICA y el diseño que a continuación se reproduce:



La documental pública, consistente en la copia certificada del título del registro marcario 671124, misma que tiene pleno valor probatorio de conformidad con lo dispuesto en los artículos 129, 130, 197 y 202 del Código Federal de Procedimientos Civiles, acreditando que con fecha 31 de agosto de 2000, le fue otorgado el citado registro marcario a la empresa denominada CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., el cual protege servicios de la clase 38, tales como: TELECOMUNICACIONES. SERVICIOS DE COMUNICACION E INFORMACION A TRAVES DE CUALQUIER MEDIO, INCLUYENDO MEDIOS ALAMBRICOS, INALAMBRICOS, TELEFAX, SATELITE Y UNA RED GLOBAL DE INFORMACION COMPUTARIZADA; SERVICIOS DE COMUNICACION EN LINEA; COMUNICACION ENTRE PERSONAS A TRAVES DE PAGINAS PORTALES Y SITIOS EN LA RED MUNDIAL DE COMPUTACION, y protege la denominación ESCOLASTICA y el diseño que a continuación se reproduce:

P. C. 115/2008 (I-23) 1258.

12

.....................................FOLIO:

29283



2.- La documental pública, consistente en la copia certificada de la Escritura Pública número 189795 de fecha 15 de junio de 2000, pasada ante la fe del Licenciado Fausto Rico Álvarez, Notario Público número 6 del Distrito Federal, la cual goza de pleno valor probatorio de conformidad con lo establecido por los artículos 129, 197 y 202 del Código Federal de Procedimientos Civiles de aplicación supletoria a la Ley de la materia, y con la misma el oferente acredita la personalidad con la que se ostenta, para instaurar el presente procedimiento a nombre de CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V.; sin embargo, dicha probanza no produce convicción en esta Autoridad respecto de la litis dilucidada en esta instancia, ya que sólo se trata de un requisito de procedibilidad.

3.- La documental pública, consistente en el acta circunstanciada que se levantó con motivo de la visita que se llevó a cabo en las instalaciones de este Instituto a las páginas de internet www.escolastica.org, www.scholastic.com.mx, www.escolastic.com, www.escolastic.net y www.escolastic.org, la cual se valora en términos de los artículos 197 y 210-A del Código Federal de Procedimientos Civiles, y cuyo desahogo tuvo verificativo el día 22 de septiembre de 2008, a la 11:00 horas, tal como se ordenó por acuerdo de fecha 4 de septiembre de 2008, al cual le correspondió el número de folio 17737, desprendiéndose entre otras cosas que se ingresó a las páginas www.escolastica.org, www.scholastic.com, www.scholastic.com.mx, www.escolastic.com, www.escolastic.net y www.escolastic.org, y sobre las ligas de dichos sitios, las cuales se tecleadas en la internet estaban direccionadas a scholastic. com, imprimiéndose 186 fojas respecto de los mismos, y toda vez que dichas impresiones se encontraba en idioma inglés, las mismas se pusieron a disposición de la C. ESTELA LOPEZ LOPEZ, licenciada en traducción, quien fue ofrecida por la actora en su calidad de perito traductor, para llevar a cabo la traducción respectiva, por lo cual se puso a su disposición un tanto de las referidas impresiones, otorgándosele el plazo de cinco días hábiles, apercibido de que en caso de omisión se desecharía dicha probanza.

Ahora bien, cabe señalar que mediante escrito presentado en la oficialía de partes de la Dirección Divisional de Protección a la Propiedad Intelectual con fecha 29 de septiembre de 2008, al cual le correspondió número de folio 013545, el C. Manuel Alberto Farfán Villegas, en representación de CORPORACION MEXICO, ESCOLASTICA, S.A. DE C.V.,exhibió la traducción de las 186 fojas que se imprimieron con motivo del desahogo de la inspección diligencia que se llevó a cabo en las Instalaciones del Instituto Mexicano de la Propiedad Industrial el día 22 de septiembre de 2009, mismas vienen con un sello de la Lic. Estela López López, Perito Traductor del Tribunal Superior de Justicia del Distrito Federal, Cédula Profesional 4561820, así como su rúbrica, y que se valoran en términos de los artículos 197 y 217 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, mismas que se valoran en el orden en que fueron anexas al escritro referido y de las cuales se desprenden en términos generales, entre otras cosas que se obtuvieron impresiones de diversas páginas de internet, de entre las cuales se encuentran las siguientes: http://www.scholastic.com/coach/advertise.htm,http://www.escolastic.net/coach/ad_rates_online.htm,h ttp://www.escolastic.org/coach/ad_rates_online.htm,http://www.escolastica.org/coach/ad_rates_online.

P. C. 115/2008 (I-23) 1258.

**Instituto Mexicano de la Propiedad Industrial** IMP

13

.....................................FOLIO:

**29283**

htm,http://www2.scholastic.com/browse/home/home.jsp,http://www.escolastica.org/coach/,http://www.scholastic.org/coach/,http://www.escolastic.org/coach/,http://www.escolastic.net/coach/,http://www.escolastic.net/coach/advertise.htm,http://www.escolastica.org/coach/advertise.htm,http://www.escolastic.org/coach/advertise.htm,http://www.escolastica.org/aboutscholastic/,http://www.scholastic.com/aboutscholastic/,http://www.escolastic.org/aboutscholastic/,http://www.escolastic.net/aboutscholastic/,http://www.escolastica.net/aboutscholastic/divisions.htm,http://www.escolastica.org/aboutscholastic/divisions.htm,http://www.escolastic.org/aboutscholastic/divisions.htm,http://www.scholastic.com/aboutscholastic/divisions.htm,http://www.escolastic.com/aboutscholastic/divisions/escholastic.htm,http://www.escolastica.org/aboutscholastic/divisions/escholastic.htm,http://www.escolastic.org/aboutscholastic/divisions/escholastic.htm,http://www.escolastic.net/aboutscholastic/divisions/escholastic.htm,http://www.scholastic.com/aboutscholastic/divisions/advertising.htm,http://www.escolastica.org/aboutscholastic/divisions/advetising.htm,http://www.escolastic.org/aboutscholastic/divisions/advetising.htm,http://www.escolastic.net/aboutscholastic/divisions/advetising.htm,http://www.escolastica.org/kids/stacks/,http://www.escolastic.org/kids/stacks/,http://www.escolastic.net/kids/stacks/,http://www.escolastic.net/coach/,http://www.escolastica.org/coach/,http://www.escolastic.org/coach/,http://www.scholastic.com/coach/,http://www.escolastica.org/coach/marketingplus.htm,http://www.escolastic.org/coach/marketingplus.htm,http://www.escolastica.net/coach/marketingplus.htm,http://www.scholastic.com/coach/marketingplus.htm,http://www.scholastic.com/aboutscholastic/trademark.htm,http://www.escolastica.org/aboutscholastic/trademark.htm,http://www.escolastica.org/aboutscholastic/trademark.htm,http://www.escolastic.org/aboutscholastic/trademark.htm,http://www.escolastic.net/aboutscholastic/trademark.htm,http://www.scholastic.com/aboutscholastic/international/,http://www.escolastica.org/aboutscholastic/international/,http://www.escolastic.org/aboutscholastic/international/,http://www.escolastic.net/aboutscholastic/international/,http://www.escolastic.net/internationalscholls/signup.asp,http://www.escolastica.org/internationalscholls/signup.asp,http://www.escolastic.org/internationalscholls/signup.asp,http://www.scholastic.com/internationalscholls/signup.asp,http://www.escolastica.org/internationalscholls/index.htm,http://www.escolastic.net/internationalscholls/index.htm,http://www.escolastic.org/internationalscholls/index.htm,http://www.scholastic.com.mx/default.htm, lo siguiente:

Ahora bien, de la impresión de la pagina de internet http://www.scholastic.com/coach/advertise.htm. se desprende que en su parte superior derecha se ostenta la denominación SCHOLASTIC, misma que está encerrada en un recuadro con fondo negro, al lado de lo cual se aprecian los siguientes rubros: "Maestros", "Padres", "Niños", "Más", "Bienvenidos a Scholastic.com", "Ingresar", "Tienda", "Mi cuenta".

De las impresiones de la páginas de internet http://www.escolastic.net/coach/ad_rates_online.htm,http://www.escolastic.org/coach/ad_rates_online.htm,http://www.escolastica.org/coach/ad_rates_online.htm,http://www.scholastic.com/coach/ad_rates_online.htm, se desprenden entre otras cosas , que en su parte superior derecha se aprecia la siguiente información: "Scholastic ı Coach and Athletic Director ı Especificaciones de los anuncios en línea", debajo de lo anterior se ostenta la denominación SCHOLASTIC, misma que está encerrada en un recuadro con fondo negro, al lado de lo cual se aprecian los siguientes rubros: "Maestros", "Padres", "Niños", "Más", "Bienvenidos a Scholastic.com", "Ingresar", "Tienda", "Mi cuenta".

Asimismo, Se aprecia un recuadro en el cual en su parte superior izquierda se aprecia el logotipo de Scholastic, debajo del cual se aprecia la palabra COACH, y del lado derecho del mismo se aprecia lo siguiente: "PAGINA PRINCIPAL DE LA REVISTA COACH", tambien se observa la frase: "Tarifas de anuncios-En Línea" y debajo de mismo se aprecia la frase: "Tarifas de anuncios para el período 2008-2009", así como las tarifas de anuncios laterales de 125x125 y 120x140, por períodos de un mes, tres, meses, seis meses y doce meses.

En la parte inferior del recuadro mencionado en el párrafo anterior, se observa la siguiente información en forma de lista:

P. C. 115/2008 (I-23) 1258.

14

.....................................FOLIO:

$29283$

Página principal de publicidad
Tarifas de anuncios-Impresos
Especificaciones de los anuncios
Calendario editorial (pdf)
Declaración de auditoría de BPA (pdf)
Contacte a nuestro equipo de ventas de publicidad

De igual forma se aprecian los siguientes rubros: "Suscríbete", "Comercialización de CoachPlus", "Calendario de convenciones", "Anunciarse", "Contactar a la revista Coach", "Escribir para la revista Coach", "Guía de compras", "RFP".

En la parte inferior de la impresión en estudio se aprecia la siguiente información: "POLITICA DE PRIVACIDAD", "Términos de Uso", "Scholastic.com Inicio", "Servicio al Cliente", "Acerca de Scholastic", "Carreras", "Relaciones con los inversionistas", "Internacional", Scholastic en Español", y se observa la siguiente leyenda: TM ® y © 2008-1996 Scholastic Inc. Todos los derechos reservados.

De las cuatro impresiones de las páginas de internet http://www.escolastica.org/coach/, http://www.scholastic.org/coach/, http://www.escolastic.org/coach/, http://www.escolastic.net/coach/, se desprenden entre otras cosas, que en el título de las mismas es: "Scholastic.com ı Entrenador y Director Atlético".

Ahora bien, particularmente de la segunda impresión de cada una de las páginas antes citadas, se aprecian, entre otras cosas 9 anuncios publicitarios.

De la tercera impresión de cada una de las páginas de internet en mención, se observan diversos artículos, así como la siguiente información: "¡Obtenga información rápida y gratuita de nuestros anunciantes! PARA CONOCER MÀS".

De la cuarta impresión de cada una de las páginas de internet citadas, se observan los siguientes rubros: "Suscríbase", "CoachPlus Mercadotecnia", "Calendario de convenciones", "Anunciarse", "Contactar a un entrenador", "Escribir al entrenador", "Guía del comprador" y "RFP".

Asimismo se aprecia lo siguiente: "TM ® y © 2008-1996 Scholastic Inc. Todos los derechos reservados".

Ahora bien, de las impresiones de las páginas de internet http://www.escolastic.net/coach/advertise.htm, http://www.escolastica.org/coach/advertise.htm, http://www.escolastic.org/coach/advertise.htm, se aprecia la denominación SCHOLASTIC, la cual se encuentra contenida en un recuadro de color negro, asimismo, se aprecian los siguientes rubros: "Maestros", "Padres", "Niños", "Más", "Bienvenido a Scholastic.com"; "Ingresar", "Tienda", "Mi cuenta".

Se aprecia un recuadro en cual en su parte superior izquierda ostenta el logotipo de SCHOLASTIC, así como la palabra COACH, y en su parte superior derecha se aprecia la siguiente frase: "PAGINA PRINCIPAL DE LA REVISTA COACH".

Asimismo, en dicho recuadro se aprecia el siguiente título: "Anunciese en Coach", debajo de lo cual se observa un artículo acerca de la publicación de "Scholastic Coach y Athletic Director".

Debajo del artículo señalado en el párrafo anterior se aprecia la siguiente información een forma de lista:

P. C. 115/2008 (I-23) 1258.

**Instituto Mexicano de la Propiedad Industrial**

15

.....................................FOLIO:

29283

Tarifa por anuncios-impresos
Tarifa por anuncios-en línea
Especificaciones de los anuncios
Calendario editorial (pdf)
Declaración de auditoría de BPA (pdf)
Contacte a nuestro equipo de ventas de publicidad

En la parte inferior de las impresiones en cita se aprecia lo siguiente: TM ® y © 2008-1996 Scholastic Inc. Todos los derechos reservados.

Ahora bien de las impresiones de las páginas de internet http://www.escolastica.org/aboutscholastic/,http://www.scholastic.com/aboutscholastic/,http://www.escolastic.org/aboutscholastic/,http://www.escolastic.net/aboutscholastic/, se desprende que en su parte superior se ostenta la denominación SCHOLASTIC, la cual se encuentra contenida en un recuadro de color negro, asimismo, se aprecian los siguientes rubros: "Maestros", "Padres", "Niños", "Más", "Bienvenido a Scholastic.com"; "Ingresar", "Tienda", "Mi cuenta".

Asimismo, se aprecia el siguiente título:"Noticias de la Compañía", debajo del cual se observan diversas noticias.

Se observa un recuadro que tiene como título: Información de los medios de comunicación, debajo de lo cual se aprecia la siguiente información en forma de lista:

Misión y credo
Contáctenos
Divisiones
Gente e Historia
Internacional
Relaciones con inversionistas
Programas cpmunitarios, premios y becas
Convenciones corporativas
Marcas Registradas
Adquisión de papel
Pruebas de seguridad en productos

En la parte inferior de las impresiones en estudio se aprecia lo siguiente: "TM ® y © 2008-1996 Scholastic Inc. Todos los derechos reservados".

De las impresiones de las páginas de internet http://www.escolastic.net/aboutscholastic/divisions.htm,http://www.escolastica.org/aboutscholastic/divisions.htm,http://www.escolastic.org/aboutscholastic/divisions.htm,http://www.scholastic.com/aboutscholastic/divisions.htm, se aprecia que el título de las mismas es el siguiente: "Acerca de las Divisiones de Scholastic".

Asimismo, se observa el siguiente rubro: "Acerca de Scholastic", debajo de lo cual se advierte la siguiente información en forma de lista:

• Acerca del Inicio de Scholastic

• Programas, premios y becas de la comunidad

• Convenio corporativo

P. C. 115/2008 (I-23) 1258.

16

.....................................FOLIO:

29283

- Principios

- Divisiones

  - Servicios de publicidad, mercadotecnia e información
  - Publicación y distribución de libros infantiles
  - Revistas para el salón de clase
  - Publicación y distribución en español
  - Educación Scholastic
  - Medios Scholastic
  - Grupo de lectura y salón Scholastic
  - Organización de Servicio
  - Nacional de Scholastic
  - eScholastic

- Relaciones con inversionistas

- Ofertas de empleo, carreras y pasantes

- Noticias

- Compre en Scholastic

- Gente e historia

- Mundial

- Contáctenos

En la parte inferior de las impresiones en estudio se aprecia lo siguiente: "TM ® & © 2008-1996 Scholastic Inc. Todos los derechos reservados".

De las impresiones de las páginas de internet http://www.scholastic.com/aboutscholastic/divisions/escholastic.htm,http://www.escolastica.org/abouts cholastic/divisions/escholastic.htm,http://www.escolastic.org/aboutscholastic/divisions/escholastic.htm, http://www.escolastic.net/aboutscholastic/divisions/escholastic.htm, se desprende que en la parte superior izquierda se aprecia el siguiente rubro: "Acerca de Scholastic", debajo de lo cual se aprecia la siguiente información en forma de lista:

- Acerca del Inicio de Scholastic

- Programas, premios y becas de la comunidad

- Convenio corporativo

- Principios

- Divisiones

P. C. 115/2008 (I-23) 1258.

**Instituto
Mexicano
de la Propiedad
Industrial**

17

.......................................FOLIO:

29283

- Servicios de publicidad, mercadotecnia e información
- Publicación y distribución de libros infantiles
- Revistas para el salón de clase
- Publicación y distribución en español
- Educación Scholastic
- Medios Scholastic
- Grupo de lectura y salón Scholastic
- Organización de Servicio
- Nacional de Scholastic
- eScholastic

- Relaciones con inversionistas

- Ofertas de empleo, carreras y pasantes

- Noticias

- Compre en Scholastic

- Gente e historia

- Mundial

- Contáctenos

En la parte inferior de las impresiones en estudio se aprecia lo siguiente: "TM ® & © 2008-1996 Scholastic Inc. Todos los derechos reservados".

De las impresiones de las páginas de internet http://www.scholastic.com/aboutscholastic/divisions/advertising.htm,http://www.escolastica.org/abouts cholastic/divisions/advertising.htm,http://www.escolastic.org/aboutscholastic/divisions/advetising.htm,h ttp://www.escolastic.net/aboutscholastic/divisions/advetising.htm, se desprende que el título de dichas páginas es el siguiente: "Acerca de la Publicidad, Mercadotecnia y Servicios de Información de Scholastic".

Se aprecia el siguiente Encabezado: "Publicidad, mercadotecnia y servicios de información", debajo del cual se aprecia el siguiente subtítulo: "Socios de mercadotecnia de Scholastic" y la siguiente información:

- Los socios de mercadotecnia de Scholastic brindan servicios integrados de mercadotecnia, publicidad y edición personalizada que llega a educadores, estudiantes y padres desde preescolar hasta el 12° grado a través de nuestras galardonadas revistas profesionales y de consumo y de nuestros programas de mercadotecnia personalizados en escuelas. Los socios de mercadotecnia de Scholastic también proporcionan servicios de información, análisis e investigación en el mercado K-12 a través de QED (Información de Educación de Calidad, por sus siglas en inglés).

En la parte superior izquierda se aprecia el siguiente rubro: "Acerca de Scholastic", debajo de lo cual se aprecia la siguiente información en forma de lista:

- Acerca del Inicio de Scholastic

P. C. 115/2008 (I-23) 1258.

18

.....................................FOLIO:         29283

- Programas, premios y becas de la comunidad

- Convenio corporativo

- Principios

- Divisiones

  - Servicios de publicidad, mercadotecnia e información
  - Publicación y distribución de libros infantiles
  - Revistas para el salón de clase
  - Publicación y distribución en español
  - Educación Scholastic
  - Medios Scholastic
  - Grupo de lectura y salón Scholastic
  - Organización de Servicio
  - Nacional de Scholastic
  - eScholastic

- Relaciones con inversionistas

- Ofertas de empleo, carreras y pasantes

- Noticias

- Compre en Scholastic

- Gente e historia

- Mundial

- Contáctenos

En la parte inferior de las impresiones en estudio se aprecia lo siguiente: "TM ® & © 2008-1996 Scholastic Inc. Todos los derechos reservados".

De las impresiones de las páginas de internet http://www.escolastica.org/kids/stacks/,http://www.escolastic.org/kids/stacks/,http://www.escolastic.net /kids/stacks/, se desprende que el título de dichas impresiones es el siguiente: "Los montones para niños ı Scholastic.com".

De igual forma, se observan anuncios publicitarios, y algunos artículos.

Se aprecia la siguiente leyenda: "Este sitio contiene información y publicidad de productos Scholastic y terceras partes".

En la parte inferior de las impresiones en estudio se aprecia lo siguiente: "TM ® & © 2008-1996 Scholastic Inc. Todos los derechos reservados".

De las cuatro impresiones de las páginas de internet http://www.escolastic.net/coach/,http://www.escolastica.org/coach/,http://www.escolastic.org/coach/,htt

P. C. 115/2008 (I-23) 1258.

**Instituto Mexicano de la Propiedad Industrial**

19

....................................FOLIO:

29283

p://www.scholastic.com/coach/, que el título de dichas impresiones es el siguiente: "Scholastic.com ı Entrenador y Director Atlético".

De la segunda impresión de las páginas de internet antes citadas, se observan diversos anuncios publicitarios en su parte izquierda, asimismo, se aprecian algunos artículos.

De la tercera impresión de las páginas de internet antes citadas, se advierte el siguiente encabezado: "Artículos de agosto de 2008", debajo de lo cual se aprecian 8 artículos con diversa información.

De la cuarta impresión de las páginas de internet en estudio se desprenden que en la parte superior se aprecian los siguientes rubros: "Suscríbase", "CoachPlus Mercadotecnia", "Calendario de convenciones", "Anunciarse", "Contactar a un entrenador", "Escribir al entrenador", "Guía del comprador" y "RFP".

En la parte inferior de las impresiones en estudio se aprecia lo siguiente: "TM ® y © 2008-1996 Scholastic Inc. Todos los derechos reservados".

De las 2 impresiones de las páginas de internet http://www.escolastica.org/coach/marketingplus.htm,http://www.escolastica.org/coach/marketingplus.ht m,http://www.escolastica.net/coach/marketingplus.htm,http://www.scholastic.com/coach/marketingplus .htm, se desprende que el título de las mismas es el siguiente: "Scholastic ı Coach And Athletic Director ı Contacte a nuestro equipo de publicidad".

Ahora bien de la primer impresión de las páginas de internet en estudio se desprende que en su parte superior izquierda ostenta la denominación SCHOLASTIC, la cual está contenida en un recuadro con el fondo negro, debajo de la cual se observa la palabra "Coach", y la frase "AND ATHLETIC DIRECTOR".

Asimismo, se aprecia un recuadro que tiene el encabezado: "CoachPlus", debajo del cual se aprecia la palabra "MARKETING".

En dicho recuadro se aprecian los siguientes rubros: "¿Quiénes somos?", "Qué hacemos" y "El poder de la marca Scholastic y Mercadotecnia *CoachPlus*", así como la información respectiva a cada uno de dichos rubros.

En la segunda impresión de las páginas de internet en estudio, se observa entre otras cosas la siguiente leyenda: "TM ® & © 2008-1996 Scholastic Inc. Todos los derechos reservados".

De las seis impresiones de las páginas de internet http://www.scholastic.com/aboutscholastic/trademark.htm,http://www.escolastica.org/aboutscholastic/tr ademark.htm,http://www.escolastica.org/aboutscholastic/trademark.htm,http://www.escolastic.org/abo utscholastic/trademark.htm, se desprende que el título de dichas impresiones es el siguiente: "Acerca de Scholastic".

Ahora bien, específicamente de la primer impresión de las páginas de internet, en estudio se observa la siguiente leyenda: "Las siguientes son marcas o marcas registradas de Scholastic Inc., Grolier, Klutz, Tom Snyder Productions y Weston Woods.", debajo de lo cual se aprecia la siguiente frase: "MARCAS REGISTRADAS:", apreciándose debajo de la misma, una lista de denominaciones y frases.

Específicamente de la tercera impresión de las páginas de internet en estudio, se aprecia que las últimas tres denominaciones de la listas que aprecia en dicha impresión, son las siguientes:

P. C. 115/2008 (I-23) 1258.

20
.........................................FOLIO:    $29283$

"SCHOLASTIC", "SCHOLASTIC – THE MOST TRUSTED NAME IN LEARNING" y "SCHOLASTIC y diseño".

Específicamente de la sexta impresión de las páginas de internet en estudio se observa la siguiente leyenda: "TM ® & © 2008-1996 Scholastic Inc. Todos los derechos reservados".

De las impresiones de las páginas de internet http://www.scholastic.com/aboutscholastic/international/, http://www.escolastica.org/aboutscholastic/international/, http://www.escolastic.org/aboutscholastic/international/, http://www.escolastic.net/aboutscholastic/international/, se desprende que el título de las mismas es el siguiente: Scholastic Internacional.

Asimismo, en la parte inferior de dichas impresiones se observa la siguiente leyenda: "TM ® & © 2008-1996 Scholastic Inc. Todos los derechos reservados".

De las impresiones de las páginas de internet http://www.escolastic.net/internationalscholls/signup.asp, http://www.escolastica.org/internationalscholls/signup.asp, http://www.escolastic.org/internationalscholls/signup.asp, http://www.scholastic.com/internationalscholls/signup.asp, se desprende que el título de dichas páginas es el siguiente: "Scholastic.com ı Recursos educativos para escuelas internacionales".

Asimismo, en la parte inferior de dichas impresiones se observa la siguiente leyenda: "TM ® & © 2008-1996 Scholastic Inc. Todos los derechos reservados".

De las impresiones de las páginas de internet http://www.escolastica.org/internationalscholls/index.htm, http://www.escolastic.net/internationalscholls/index.htm, http://www.escolastic.org/internationalscholls/index.htm, http://www.scholastic.com/internationalscholls/index.htm, se desprende que el título de dichas páginas es el siguiente: "Scholastic.com ı Recursos educativos para escuelas internacionales".

Asimismo, en la parte inferior de dichas impresiones se observa la siguiente leyenda: "TM ® & © 2008-1996 Scholastic Inc. Todos los derechos reservados".

De la impresión de la página de internet http://www.scholastic.com.mx/default.htm, se desprenden entre otras cosas que en la parte inferior de dicha impresión se aprecia la siguiente información: "Estamos en: Porfirio Díaz # 110, Col. Del Valle, Delegación Benito Juárez, México D.F., C.P. 03100 Teléfonos: 5559-8000, Del interior: 01800-001-7000 Fax: 5575-9567, Fax del interior: 01800-001-7001 correo electrónico: atencionclientes@scholastic.com.mx TM & © 2005-1996 Scholastic Inc. Todos los derechos reservados. Lea nuestra Declaración sobre la Política de Privacidad ı Términos de uso

De las dos impresiones de la liga http://www2.scholastic.com/browse/familylife.jsp, se desprende entre otras cosas, que en la primera de ellas se aprecia un anuncio publicitario de "ZYRTEC®" y en la segunda de ellas se observa un anuncio publicitario de "AsthmaKidCare™".

4.- La documental pública, consistente en el acta de fe de hechos número 1812 de fecha 5 de julio de 2004, pasada ante la fe del Licenciado Misael Santiago Dehesa Pulido, Corredor Público número 52 del Distrito Federal, misma que tiene pleno valor probatorio de conformidad con lo dispuesto en los artículos 129, 197 y 202 del Código Federal de Procedimientos Civiles, y con la cual se acredita que dicho Corredor Público el día 5 de julio de 2004 hizo constar la Fe de Hechos que le fue solicitada por la sociedad CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V. representada por el señor Alejandro Hurtado Gómez, quien solicitó de sus servicios para dar fe de hechos, y de la cual se

P. C. 115/2008 (I-23) 1258.

**Instituto
Mexicano
de la Propiedad
Industrial**

21

......................................FOLIO:

29283

desprende medularmente que ingresó a los siguiente a los sitio de Internet: www.escolastica.org, www.scholastic.com.mx,    www.escolastica.com.mx,    www.scholastic.com.mx, www.networksolutions.com, www.nic.mx y a diversos links de dichas páginas, de los cuales obtuvo diversas impresiones, las cuales fueron agregadas a la referida acta de fe de hechos.

Cabe señalar, que las primeras 4 impresiones anexas bajo el apéndice "A" del Instrumento Notarial en estudio vienen en idioma inglés, situación por la cual, en términos de lo dispuesto por el artículo 179 de la Ley de la Propiedad Industrial, dichas impresiones no se valoran, toda vez que carecen de su debida traducción.

Ahora bien, de la quinta impresión que fue agregada al apéndice "A" del Instrumento notarial en estudio, se desprende lo siguiente:

1.- Que en la parte superior media de dicha impresión se puede observar la denominación SCHOLASTIC, acompañada de un diseño consistente de lo que parece ser un libro abierto, asimismo, se Aprecia el siguiente rubro: "Sobre Scholastic México", en el cual se aprecia la siguiente información: "Scholastic México fue fundada en la Ciudad de México en 1994 como una subsidiaria de Scholastic Inc. con el objetivo de establecer una más estrecha relación de trabajo con las escuelas mexicanas y proveerlas con productos adecuados en español e ingles. Existen tres canales de distribución: los clubes de lectura, las ferias del libro escolar, y el catálogo de Scholastic. Los primeros dos canales trabajan directamente en México y el tercero trabaja unicamente sobre pedidos pagados por adelantado".

Por último, en la parte inferior de la impresión en estudio se aprecia la siguiente dirección de internet: http://www.scholastic.com/aboutscholastic/worldwide/mexico.htm, y la siguiente fecha 05/07/2004.

De la sexta impresión que fue agregada al apéndice "A" del Instrumento notarial en estudio, se desprende entre otras cosas, lo siguiente:

Se aprecia el siguiente rubro   "Para más información, ", seguido de la siguiente información: Escribanos a: Scholastic México Porfirio Díaz 110 Colonia Del Valle 03100 México, D.F. México, Llámenos en México al: (52-55) 5559 8000 ext. 651, Envíenos un fax en México a: (52-55) 5559 8000 ext. 650, Visítenos en: www.scholastic.com.mx.

Por último, en la parte inferior de la impresión en estudio se aprecia la siguiente dirección de internet: http://www.scholastic.com/aboutscholastic/worldwide/mexico.htm, y la siguiente fecha 05/07/2004.

De la séptima impresión que fue agregada al apéndice "A" del Instrumento notarial en estudio, se desprende entre otras cosas, lo siguiente:

Que en la misma se puede observar un recuadro, en el cual se aprecia la denominación SCHOLASTIC, acompañada de un diseño consistente en lo que parece ser un libro abierto, asimismo, se advierte, la frases: ¡Bienvenido a Scholastic!, ¡Feliz regreso a clases! Y los siguientes rubros: "Scholastic hoy en día", "Nuestra misión", "Programa de Lectura", "Niños", "Profesores".

Por último, en la parte inferior de la impresión en cita se aprecia la siguiente dirección de internet: http://www.scholastic.com.mx.

En lo referente a la octava, novena, décima y décimo primera impresiones anexas bajo el apéndice "A" del Instrumento Notarial en estudio, toda vez que la mismas viene en idioma inglés, situación por la cual, en términos de lo dispuesto por el artículo 179 de la Ley de la Propiedad Industrial, dichas impresiones no se valoran, toda vez que carecen de la debida traducción

P. C. 115/2008 (I-23) 1258.

22

.....................................FOLIO:       29283

De la primer impresión anexa bajo el apéndice "B" del Instrumento Notarial en estudio, se desprende que en la parte superior de la misma se aprecia lo siguiente: "Acceso a ESCOLASTICA M", asimismo, se observa la denominación "STICA", misma que está acompañada de un diseño consistente en cuatro figuras que parecen ser humanas entrelazadas, es decir como si estuvieran tomadas de la mano.

Debajo de lo anterior, se aprecian los siguientes rubros: "alumnos", "padres", "docentes" y "administración", por último, en la parte inferior de la impresión en estudio, se advierte la siguiente dirección de internet: http://www.escolastica.com.mx/, y la fecha 05/07/2004.

De la segunda impresión anexa bajo el apéndice "B" del Instrumento Notarial en estudio, se desprende que en la parte superior de la misma se aprecia la siguiente dirección de internet: Escolastica.com, asimismo, se observa la denominación "ameyalli", misma que está acompañada de un diseño, debajo de lo anterior, se advierte la siguiente: "ADMINISTRADOR ESCOLASTICA2", y la fecha: 5/Julio/2004, de igual forma se pueden ver los siguientes rubros: "Servicios Escolares", "Comunidad", "Apoyos Escolares Becas", "Resources Filantropía", "Administración E-mail".

Asimismo, se aprecian los siguientes 2 rubros: "noticias de la escuela" y "avisos a la comunidad", por último, en la parte inferior de dicha impresión se advierte la siguiente dirección de internet: http://www.escolastica.com.mx/Scripts/ISCGI.EXE, y la fecha: 05/07/2004.

De la tercera impresión anexa bajo el apéndice "B" del Instrumento Notarial en estudio, se desprende que en la parte superior de la misma se aprecia la siguiente dirección de internet: Escolastica.com, asimismo, se observa la denominación "COLEGIO SAGRADO CORAZON MEXICO", misma que está acompañada de un diseño, debajo de lo anterior, se advierte la siguiente: "ADMINISTRADOR ESCOLASTICA2", y la fecha: 5/Julio/2004, de igual forma se pueden ver los siguientes rubros: "Servicios Escolares", "Comunidad", "Apoyos Escolares Becas", "Resources Filantropía", "Administración E-mail".

Asimismo, se aprecian los siguientes 2 rubros: "noticias de la escuela" y "avisos a la comunidad", por último, en la parte inferior de dicha impresión se advierte la siguiente dirección de internet: http://www.escolastica.com.mx/Scripts/ISCGI.EXE, y la fecha: 05/07/2004.

De la cuarta impresión anexa bajo el apéndice "B" del Instrumento Notarial en estudio, se desprende que se aprecia la siguiente frase: "Consejos para viajar con seguridad...", debajo de lo cual se aprecia la siguiente información: "El sistema de Escolástica fue pensado en alumnos, los padres de familia y los docentes, por lo que muchos de los riesgos que conlleva el uso de internet han sido cancelados o minimizados dentro del sistema. No obstante esto, el Internet es mucho más, por lo que es importante que los padres de familia y los docents entiendan como fomentar un uso más seguro...", asimismo, se advierten los siguientes rubros: "noticias de la escuela" y "avisos a la comunidad".

Por último, en la parte inferior de dicha impresión se advierte la siguiente dirección de internet: http://www.escolastica.com.mx/main/.html, y la fecha: 05/07/2004.

 en la parte superior de la misma se aprecia la siguiente dirección de internet: Escolastica.com, asimismo, se observa la denominación "ameyalli", misma que está acompañada de un diseño, debajo de lo anterior, se advierte la siguiente: "ADMINISTRADOR ESCOLASTICA2", y la fecha: 5/Julio/2004, de igual forma se pueden ver los siguientes rubros: "Servicios Escolares", "Comunidad", "Apoyos Escolares Becas", "Resources Filantropía", "Administración E-mail".

P. C. 115/2008 (I-23) 1258.

**Instituto
Mexicano
de la Propiedad
Industrial**

23

......................................FOLIO:

Asimismo, se aprecian los siguientes 2 rubros: "noticias de la escuela" y "avisos a la comunidad", por último, en la parte inferior de dicha impresión se advierte la siguiente dirección de internet: http://www.escolastica.com.mx/Scripts/ISCGI.EXE, y la fecha: 05/07/2004.

De la quinta impresión anexa bajo el apéndice "B" del Instrumento Notarial en estudio, se desprende que se aprecian 2 anuncios, la cuales tienen los siguientes encabezados: ""ORQUESTA SINFONICA NACIONAL CONCIERTO NO. 6. Palacio de Bellas Artes. 25 y 27 de junio" y "MIGUEL COVARRUBIAS, ARQUEOLOGO APASIONADO", asimismo, se observa el símbolo ©, acompañado de a siguiente frase: "Todos los Derechos Reservados Corporación México Escolástica S.A. de C.V. 2003.

Por último, en la parte inferior de dicha impresión se advierte la siguiente dirección de internet: http://www.escolastica.com.mx/main/.html, y la fecha: 05/07/2004.

De la primera impresión anexa bajo el apéndice "C" del Instrumento Notarial en estudio, se desprende que se aprecia en la parte superior lo siguiente: "Scholastic México", debajo de lo cual se aprecia la denominación SCHOLASTIC, la cual está acompañada de un diseño, consistente en lo que parece ser un libro abierto, asimismo se advierten lo siguientes rubros: "Página principal", "Programa de lectura", "Profesores" y "Contáctenos", asimismo, en dicha impresión viene información acerca de la trayectoria de SCHOLASTIC, así como de sus objetivos en México.

En la parte inferior de la impresión en estudio, se aprecia la siguiente dirección de internet: http://www.scholastic.com.mx/hoyendia.htm y la siguiente fecha: 05/07/2004.

De la segunda impresión anexa bajo el apéndice "C" del Instrumento Notarial en estudio, se desprende que se aprecia en la parte superior lo siguiente: "Scholastic México", asimismo, se aprecia la siguiente información: Departamento de Servicios al Cliente: En el área metropolitana: 55 59 80 00 ext. 651 y desde el interior de la República: 01 800 001 7000 ext. 651.

En la parte inferior de la impresión en estudio, se aprecia la siguiente dirección de internet: http://www.scholastic.com.mx/hoyendia.htm y la siguiente fecha: 05/07/2004.

Respecto de la tercera y cuarta impresiones anexas bajo el apéndice "C" del Instrumento Notarial en estudio, toda vez que las mismas vienen en idioma inglés, en términos de lo dispuesto por el artículo 179 de la Ley de la Propiedad Industrial, dichas impresiones no se valoran, ya que carecen de la debida traducción.

De la quinta impresión anexa bajo el apéndice "C" del Instrumento Notarial en estudio, se desprende que en la parte inferior de la misma se aprecia la siguiente dirección de internet: http://shop.scholastic.com/webapp/wcs/stores/servlet/StoreCatalogDisplay?URL=StoreCatalogDisply& storedId=1... Y la fecha 05/07/2004.

En lo referente a las primeras 18 impresiones anexas bajo el apéndice "D" del Instrumento Notarial en estudio, toda vez que las mismas vienen en un idioma distinto al español, en términos de lo dispuesto por el artículo 179 de la Ley de la Propiedad Industrial, dichas impresiones no se valoran, ya que carecen de la debida traducción

De la décimo novena impresión anexa bajo el apéndice "D", del Instrumento Notarial en estudio, se desprenden entre otras cosas la siguiente información en forma de lista:

P. C. 115/2008 (I-23) 1258.

24                    29283

.......................................FOLIO:

DOMINIO:                                scholastic.com.mx

FECHA DE CREACION:                      11-NOV-99
FECHA DE ULTIMA MODIFICACION:           11-FEB-02

ORGANIZACIÓN:                           Scholanhz México, SA de CV [schol]
DOMICILIO:                              México, D.F., D.F., México

CONTACTO ADMINISTRATIVO:                Administrador de dominios [optical]
DOMICILIO:                              México, D.F., D.F., México

CONTACTO TECNICO:                       Administrador de dominios [optical]
DOMICILIO:                              México, D.F., D.F., México

CONTACTO DE PAGO:                       Administrador de pagos [opticalp]
DOMICILIO:                              México, D.F., D.F., México

SERVIDOR PRIMARIO:                      dns1.adetel.net

SERVIDOR SECUNDARIO:                    dns2.adetel.net

Asimismo, debajo de lo anterior, se observa la siguiente información: "La información que ha solicitado se provee exclusivamente para fines relacionados con la delegación de nombres de dominios y la operación del DNS administrado por el NIC-México.

En la parte inferior de la impresión en estudio se aprecia la siguiente dirección de internet: http://www.networksolutions.com/en_US/whois/results.jhtml;jsessionid=RVZSAFZ0YBQ22CWLEAKS FEQ?whoistok... Y la fecha 05/07/2004.

Por último, cabe señalar, que el resto del contenido de la impresión en estudio viene en un idioma diferente al español, por lo que en términos del artículo 179 de la Ley de la Propiedad Industrial, no se valora.

De la vigésima impresión anexa bajo el apéndice "D", del Instrumento Notarial en estudio, se desprenden entre otras cosas la siguiente información:

"Queda absolutamente prohibido su uso para otros propósitos, incluyendo el envío de e-mail no solicitado con fines publicitarios o de promoción de productos y servicios (spam) sin mediar la autorización de los afectados y del NIC-México.

La base de datos generada a partir del sistema de delegación, está protegida por la leyes de propiedad intelectual y todos los tratados internacionales sobre la materia.

Si necesita mayor información sobre los registros aquí mostrados, favor de comunicarse a legal@nic.mx.

Si desea notificar sobre correo no solicitado o accesos no autorizados, favor de enviar su mensaje a abuse@nic.mx".

P. C. 115/2008 (I-23) 1258.

**Instituto Mexicano de la Propiedad Industrial**

25

.......................................FOLIO:

29283

Por último, cabe señalar, que el resto del contenido de la impresión en estudio viene en un idioma diferente al español, por lo que en términos del artículo 179 de la Ley de la Propiedad Industrial, no se valora.

Ahora bien, respecto de la vigésimo primera impresión anexa bajo el apéndice "D", del Instrumento Notarial en estudio, toda vez que la misma viene en un idioma diferente al español, en términos de lo dispuesto por el artículo 179 de la Ley de la Propiedad Industrial no se valora.

De la primera impresión anexa bajo el apéndice "E" del Instrumento Notarial en estudio, se desprenden entre otras cosas que se aprecia la denominación nic, encerrada en un óvalo, el cual se encuentra unido a un óvalo de mayor tamaño, dentro del cual se advierte la denominación MX., asimismo se aprecian los siguientes rubros: "NOMBRES DE DOMINIO", "SERVICIOS ADICIONALES", "CONTACTOS", "ORGANIZACIONES", ATENCION A CLIENTES" y "BOLETIN INFORMATIVO".

Asimismo, se aprecia la siguiente leyenda: VERIFICACIÓN DE LA DISPONOBILIDAD DE NOMBRES DE DOMINIO, debajo de lo cual se aprecian los números 1, 2, 3, 4, 5, 6, 7 y 8, los cuales se encuentran encerrados en un círculo, debajo de los cuales se aprecian respectivamente las siguientes frases: Método de Registro, Datos del Registro, Verificación Registro, Forma de Pago, Datos de Pago, Verificación de Pago, Información de Pago y Menaje de confirmación.

Debajo de lo anterior, se observa un recuadro, dentro del cual se encuentra contenida la siguiente información: "NOMBRE DE DOMINIO scholastic.com.mx", DISPONIBILIDAD NO Disponible. Ver información.

Asimismo, en la parte inferior de dicha impresión se aprecia la siguiente dirección de internet: https://www.nic.mx/es/Busqueda.Multiple_Disponibilidad_2.

De la segunda impresión anexa bajo el apéndice "E" del Instrumento Notarial en estudio, se desprende que en su parte superior se aprecia lo siguiente: "NIC México-Disponibilid de Dominio", y en la parte inferior se observa la siguiente dirección de internet: https://www.nic.mx/es/Busqueda.Multiple_Disponibilidad_2.

De la tercera impresión anexa bajo el apéndice "E" del Instrumento Notarial en estudio se desprenden entre otras cosas, que en la parte superior de la misma se aprecia lo siguiente: "NIC México- Who is".

Asimismo, se observa la frase "Bienvenido a la página de NIC México", debajo de lo cual se aprecia la leyenda "INFORMACION INTEGRADA EN LA BASE DE DATOS WHOIS", y se observa un recuadro que contiene la siguiente información:

DATOS DE BÚSQUEDA
La herramienta del "WHOIS" buscará en la base de datos del NIC, el nombre del objeto proporcionado, en los diferentes tipos de objetos seleccionados:

Nombre del Objeto a buscar:

Tipo de Objeto a buscar:   □ Organizaciones

□ Contactos

□ Nombre de Dominio (No es necesario escribir www)

*Periférico Sur No. 3106 Col. Jardines del Pedregal C.P. 01900 Conm. 5624-0400*

P. C. 115/2008 (I-23) 1258.

26
.....................................FOLIO: 29283

Ahora bien, en la parte inferior de la impresión en acuerdo se observa la siguiente dirección de internet: http://www.nic.mx/es/Busqueda.Who_is.

De la cuarta impresión anexa bajo el apéndice "E" del instrumento Notarial en estudio se desprenden entre otras cosas, que en la parte superior se aprecia lo siguiente: "NIC México, Registro de mbres de Dominio .MX y Direcciones IP".

Asimismo, se aprecia la siguiente información:

Verifica la disponibilidad del nombre de dominio a registrar:

 WWW.    Scolastic        .com.mx

En la parte inferior de la impresión en estudio se aprecia la siguiente dirección de internet: http://www.nic.mx/.

De la quinta impresión anexa bajo el apéndice "E" del instrumento Notarial en estudio se desprenden entre otras cosas, que en la parte superior se aprecia lo siguiente: "NIC México, Registro de mbres de Dominio .MX y Direcciones IP".

En la parte inferior de la impresión en estudio se aprecia la siguiente dirección de internet: http://www.nic.mx/ y la fecha 05/07/2004.

De la sexta impresión anexa bajo el apéndice "E", del Instrumento Notarial en estudio, se desprenden entre otras cosas que en la parte superior de la misma se advierte lo siguiente: "NIC México- Whois".

Asimismo se aprecia la frase: INFORMACION REGISTRADA EN LA BASE DE DATOS WHOIS, y debajo de dicha frase se observa un recuadro que contiene la siguiente información:

DOMINIO:                                      escolastica.com.mx

FECHA DE CREACION:                 23-ABR-02
FECHA DE ULTIMA MODIFICACION:     23-ABR-02

ORGANIZACIÓN:                          Corporación  México  Escolástica  SA  de  CV
............................................................. [corpo256]
DOMICILIO:                                 México, D.F., México

CONTACTO ADMINISTRATIVO:       Manuel Farfan Villegas [manue264]
DOMICILIO:                                 México, D.F., México

CONTACTO TECNICO:                  Manuel Farfan Villegas [manue264]
DOMICILIO:                                 México, D.F., México

CONTACTO DE PAGO:                  Manuel Farfan Villegas [manue264]
DOMICILIO:                                 México, D.F., México

SERVIDOR PRIMARIO:                 dns1.triara.com

P. C. 115/2008 (I-23) 1258.



**Instituto Mexicano de la Propiedad Industrial**

27

.......................................FOLIO:

29283

Asimismo, debajo de lo anterior, se observa la siguiente información: "La información que ha solicitado se provee exclusivamente para fines relacionados con la delegación de nombres de dominios y la operación del DNS administrado por el NIC-México.

"Queda absolutamente prohibido su uso para otros propósitos, incluyendo el envío de e-mail no solicitado con fines publicitarios o de promoción de productos y servicios (spam) sin mediar la autorización de los afectados y del NIC-México.

Asimismo, en la parte inferior de la impresión en estudio se aprecia la siguiente dirección de internet: http://www.nic.mx/es/Busqueda.Who_is_3?domain_name=escolastica&domain-type=1&template_type=&object... y la fecha 05/07/2004.

De la séptima impresión anexa bajo el apéndice "E", del Instrumento Notarial en estudio, se desprenden entre otras cosas que en su parte superior se aprecia lo siguiente: "NIC México- Who Is", asimismo, se advierte la siguiente información:

La base de datos generada a partir del sistema de delegación, está protegida por la leyes de propiedad intelectual y todos los tratados internacionales sobre la materia.

Si necesita mayor información sobre los registros aquí mostrados, favor de comunicarse a legal@nic.mx.

Si desea notificar sobre correo no solicitado o accesos no autorizados, favor de enviar su mensaje a abuse@nic.mx".

De la octava impresión anexa bajo el apéndice "E", del Instrumento Notarial en estudio, se desprenden entre otras cosas que en su parte superior se aprecia lo siguiente: "NIC México – Who Is".

Asimismo, se aprecia la siguiente frase: INFORMACION REGISTRADA EN LA BASE DE DATOS WHOIS, debajo de lo cual se aprecia un recuadro que contiene la siguiente información:

Objeto buscado: scholastic

Tipo de Óbjeto                          Nombre

Dominio
         Scholastic.com.mx

Por último, en la parte inferior de la impresión en estudio se aprecia la siguiente dirección de internet: http://www.nic.mx/es/Busqueda.Who_Is_2 y la fecha 05/07/2004.

De la novena impresión anexa bajo el apéndice "E" del Instrumento Notarial en estudio, se desprenden entre otras cosas, que en la misma se aprecia la siguiente leyenda: INFORMACION REGISTRADA EN LA BASE DE DATOS WHOIS, debajo de la cual se aprecia un recuadro que contiene la siguiente información:

DOMINIO:                               scholastic.com.mx

FECHA DE CREACION:                     11-NOV-99
FECHA DE ULTIMA MODIFICACION:          11-FEB-02

P. C. 115/2008 (I-23) 1258.

28

........................................FOLIO:

*29283*

| | |
|---|---|
| ORGANIZACIÓN: | Scholanhz México, SA de CV [schol] |
| DOMICILIO: | México, D.F., D.F., México |
| CONTACTO ADMINISTRATIVO: | Administrador de dominios [optical] |
| DOMICILIO: | México, D.F., D.F., México |
| CONTACTO TECNICO: | Administrador de dominios [optical] |
| DOMICILIO: | México, D.F., D.F., México |
| CONTACTO DE PAGO: | Administrador de pagos [opticalp] |
| DOMICILIO: | México, D.F., D.F., México |
| SERVIDOR PRIMARIO: | dns1.adetel.net |
| SERVIDOR SECUNDARIO: | dns2.adetel.net |

Asimismo, debajo del recuadro antes citado se aprecia la siguiente información:

"La información que ha solicitado se provee exclusivamente para fines relacionados con la delegación de nombres de dominios y la operación del DNS administrado por el NIC-México.

Queda absolutamente prohibido su uso para otros propósitos, incluyendo el envío de e-mail no solicitado con fines publicitarios o de promoción"

De la décima impresión anexa bajo el apéndice "E" del Instrumento Notarial en estudio, se desprenden entre otras cosas, que se aprecia la siguiente información:

"de productos y servicios (spam) sin mediar la autorización de los afectados y del NIC-México.

La base de datos generada a partir del sistema de delegación, está protegida por la leyes de propiedad intelectual y todos los tratados internacionales sobre la materia.

Si necesita mayor información sobre los registros aquí mostrados, favor de comunicarse a legal@nic.mx.

Si desea notificar sobre correo no solicitado o accesos no autorizados, favor de enviar su mensaje a abuse@nic.mx".

5.- Diversas documentales, mismas que se valoran en el orden que vienen anexas al expediente que conforma en procedimiento al rubro citado:

a) Cabe señalar que la primera foja anexa al presente procedimiento como prueba 5 viene en un idioma diferente al español, sin su debida traducción, por lo que en términos de los dispuesto por el artículo 179 de la Ley de la Propiedad Industrial no se valora

b) La copia de un documento emitido por el Centro de Mediación y Arbitraje de la OMPI, mismo que se valora en términos de los artículos 133, 197 y 203 del Código Federal de Procedimiento Civiles de aplicación supletoria a la Ley de la materia, y del cual se desprenden entre otras cosas, que la fecha del mismo es el 23 de noviembre de 2001, y que en el mismo se emitió la decisión del Panel Administrativo del Centro de Mediación y Arbitraje

P. C. 115/2008 (I-23) 1258.



**Instituto Mexicano de la Propiedad Industrial**

29

.........................................FOLIO:

29283

de la OMPI, respecto del Caso No. DMX2001-0005, en el cual el demandante fue: Scholastic, Inc., y el demandado: D. Alejandro Hurtado Gómez.

Asimismo, se desprende que el objeto de la demanda fue el nombre de dominio: "escolástica. com.mx"

En dicha documental, el Panel Administrativo resolvió desestimar la demanda formulada contra D. Alejandro Hurtado Gómez en reclamación del dominio "escolástica.com.mx", por las razones que en el mismo se expusieron.

c) El original de la traducción elaborada por la perito-traductora autorizada por el Tribunal Superior de Justicia del Distrito Federal, Ana Carmen Delgado Rosas, de la copia simple de un documento del Tribunal de Apelaciones de los Estados Unidos, mismo que se valora en términos de lo dispuesto por los artículos 197 y 217 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, y del cual se desprenden entre otras cosas, que el actor apelante es SCHOLASTIC, INCORPORATED y los demandados-apelados ESCOLASTICA.COM; ESCOLASTICA.NET.

Asimismo, se aprecia que en dicha documental se determinó que Scholastic no presento pruebas de confusión real, y el tribunal concluyó que no hay posibilidad de que las diferencias entre la palabra "escolástica" y la palabra "scholastic" produzcan confusión.

Se desprende que se ratificó la emisión sumaria del tribunal de distrito a favor de Escolastica.

d) El original de la traducción elaborada por la perito-traductora autorizada por el Tribunal Superior de Justicia, Silvia Gloria Valdés García, de la copia simple de un documento de la Corete de Distrito  de los Estados Unidos de América para el Distrito este de Virginia, mismo que se valora en términos de lo dispuesto por los artículos 197 y 217 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, y del cual se desprenden entre otras cosas, que el Demandante es SCHOLASTIC, INC., y el demandado ESCOLASTICA.COM; ESCOLASTICA.NET., y que fue la Acción Civil No. 1:03CV0199-A.

De dicha documental se desprende que en la misma, se manifestó que por las razones expuestas en el mismo, el juicio sumario debía CONCEDERSE al Demandado, DENEGARSE al Demandante y la acción del Demandante al Comienzo no necesitaba ser resuelta. Asimismo, se aprecia la siguiente frase: "Una orden apropiada deberá emitirse".

e) Cabe señalar, que viene anexo un documento que consta de 24 fojas, el cual viene en un idioma diferente al español, sin su debida traducción, por lo que en términos de lo dispuesto por el artículo 179 de la Ley de la Propiedad Industrial no se valora.

f) Trece fojas, las cuales en su parte inferior izquierda llevan un sello en color azul, del Perito Traductor certificado por el Tribunal Superior de Justicia, María Inés Ojeda, así como una rúbrica, mismo que se valora como en términos de los artículos 197 y 217 del Código Federal de Procedimientos Civiles de aplicación supletoria a la Ley de la materia, y del cual se desprenden entre otras cosas, que el contenido de dicha documental parece ser el desahogo o parte del mismo, de una diligencia de alegatos en el cual del contenido del mismo, se advierte que el demandante es Scholastic, Inc., y el que el mismo versa sobre el nombre de dominio Escolastica.