P. C. 115/2008 (I-23) 1258.

30
.......................................FOLIO:                     29283

6.- La documental pública, consistente en la fe de hechos contenida en el Instrumento Notarial número 21342, Libro 293, folio 31056, de fecha 25 de julio de 2007, pasada ante la fe del Licenciado Fernando Pérez Arredondo, Notario Público número 12 del Distrito Federal, Asociado con el Licenciado Arturo Pérez Negrete, Notario Público número 119 del Distrito Federal, misma que tiene pleno valor probatorio de conformidad con lo dispuesto en los artículos 129, 197 y 202 del Código Federal de Procedimientos Civiles, y con la cual se acredita que dicho Notario Público el día 25 de julio del 2007 hizo constar que ante el compareció el señor ALEJANDRO HURTADO GOMEZ, por cuenta de ESCOLASTICA, SOCIEDAD ANONIMA DE CAPITAL VARIABLE, quien solicitó de sus servicios para dar fe de que en el portal de Internet identificado como www.escolastica.org, el cual se buscó bajo el sistema de servicios de Internet a través de la página identificada como www.terra.com.mx, cuyas páginas fueron impresas y agregadas al APENDICE de dicho instrumento, asimismo, ingresó a diversos los portales de internet, entre otros, los siguientes: http://www.scholastic.com,          www.google.com.mx,:          www.escolastica.org.mx,          y http://www.scholastic.com/aboutscholastic/español;          http://www.escolastica.org/harrypotterl/, http://www.escolastica.org/marvel/, http://www.escolastica.org/summerreading/, http://www.escolastica.org/summerreading/_buzzdesktop/ htm, http://www.escolastica.org/summerreading/members.asp.

Ahora bien, a continuación se procede a la valoración de las impresiones anexas al Instrumento Notarial en estudio, así como de la debida traducción de las mismas, de fecha 25 de septiembre de 2007, la cual fue efectuada por CORDELIA GONZALEZ DE COSSIO, en su carácter de perito traductor autorizada para el idioma inglés por el H. Consejo de la Judicatura Federal la cual se valora en términos de lo dispuesto por los artículo 129, 197 y 202 del Código Federal de Procedimientos Civiles, desprendiéndose en términos generales, que en el portal del motor de búsqueda www.terra.com.mx, se puso la dirección de internet http://www.escolastica.org en la barra de la dirección del navegador, y que la misma condujo al enlace www2.scholastic.com/browse/home.jsp/, en cuya página se observan los siguientes encabezados: "Scholastic.com", "Servicio a Clientes", Mi Cuenta", "Ingresar/Registrarse ı ¿Por qué registrarse?", así como el logotipo de Scholastic.

Asimismo, se aprecia la siguiente información en la parte superior de dicha página: "MAESTROS/PADRES/NIÑOS/TIENDA", "Administradores-Bibliotecarios", Pedidos para clubes en línea, Scholastic en el Hogar, Tienda Scholastic, Tienda para el Maestro".

Se aprecian los siguientes títulos: "RECURSOS PARA ENSEÑANZA/ ACTIVIDADES DE ESTUDIANTES/ LIBROS Y AUTORES/ CONEXIÓN".

De la página en estudio, existe un enlace para accesar a Scholastic en español, para registrarse como usuario de www.scholastic.com, en cuyo pie de página se aprecia la siguiente información: TM® y ®2007-1996 Scholastic Inc. Todos los derechos reservados Consulte nuestra Declaración de Política de Privacidad ı Términos de Uso.

De igual forma, se aprecian los tres pasos para registrarse como usuario de www.scholastic.com.

Ahora bien, de la pantalla de la sección www.scholastic.com denominada La Tienda Scholastic se aprecian los encabezados: "Scholastic.com / Ayuda / Detalles de su Pedido / Salir 0 Productos en su carrito Compra".

Asimismo, se aprecia la siguiente información: "LIBROS / JUGUETES Y JUEGOS / AUDIO, VIDEO Y SOFTWARE / ARTE Y MANUALIDADES / CENTRO DE REGALOS / VENTAS Y DESCUENTOS".

"COMPRAS SEGÚN LA EDAD / COMPRAS POR ARTÍCULO / SERIES MÁS EXISTOSAS / MARCAS MÁS SOLICITADAS".

P. C. 115/2008 (I-23) 1258.

**Instituto
Mexicano
de la Propiedad
Industrial**

31
......................................FOLIO: 29283

Del enlace www2.scholastic.com/browse/teach.jsp, se desprenden entre otras, que se aprecian los encabezados: "MAESTROS / PADRES / NIÑOS / TIENDA ".

Se aprecia la siguiente frase: Recursos para las Clases que se encuentra Impartiendo en la Actualidad"

Así como los siguientes 5 recursos: Recurso No. 1.- HERRAMIENTA PARA ORGANIZAR LAS CLASES DISEÑE LA DISTRIBUCION IDEAL DE SU SALON DE CLASES, Recurso No. 2.- TODO LO QUE NECESITA PARA SU ARCHIVO DE REGRESO A CLASES, Recurso No. 3.- CREE LA PAGINA DE SU CLASE PARA EL NUEVO CICLO ESCOLAR, Recurso No. 4.- CREE UNA BIBLIOTECA PARA SU SALON DE CLASES QUE INSPIRE, Recurso No. 5.- 5 FORMAS MUY FACILES PARA ORGANIZARSE Y MÁS IDEAS DE OTROS MAESTROS PARA EL ÉXITO.

Del enlace http://teacher.scholastic.com/writeit/memoir/, se desprende entre otras cosas los siguientes encabezados: "MAESTROS / PADRES / NIÑOS / TIENDA ".

Se aprecian los siguientes títulos: "RECURSOS PARA ENSEÑANZA/ ACTIVIDADES DE ESTUDIANTES/ LIBROS Y AUTORES/ CONEXIÓN".

De igual forma, se observa la siguiente frase: "¡ESCRÍBELO! TUS MEMORIAS", debajo de los cual se advierte la siguiente información: "Encuentra tu voz interior". Desarrolla tu talento". "Publica tu obra".

Se aprecian los siguientes encabezados en forma de lista:

Escríbelo Inicio
Platique con colegas escritores
Publique su obra
Construya su portafolio

Se aprecia el siguiente rubro: "MEMORIAS", debajo del cual se aprecia la siguiente información en forma de lista:

- Lluvia de ideas
- Bosquejo
- Reseña
- Corrección
- Perfeccionamiento
- Públicación

De la categoría "Publicación" de la sección "Memorias" se desprende el título "PUBLICACION", asimismo la siguiente información: "Ideas y Técnicas", "Plagio y Derechos de Autor".

Asimismo, dentro de dicha categoría se aprecia lo siguiente: El Problema sobre el Plagio (PDF), Envíe su obra, Publique su Obra en Línea, Presentación de su obra para Publicación Impresa, Concursos de Redacción y Oportunidades de Publicación.

Del enlace http://myscholastic.com/sps_my_account/registration/GenericTeacherRegistration.jsp, se desprende el procedimiento para registrarse para poder accesar a la página de Scholastic.com.

En el pie de página de la misma, se aprecia la siguiente información: TM® y ®2007-1996 Scholastic Inc. Todos los derechos reservados Consulte nuestra Declaración de Política de Privacidad ı Términos de Uso.

P. C. 115/2008 (I-23) 1258.

32                                                                 29283

........................................FOLIO:

Del enlace www.scholastic.com.mx, se desprende que en la misma se observa el logotipo de Scholastic, los datos del domicilio de la editorial en México, y la siguiente información: TM & ©2005-1996 Scholastic Inc. Todos los derechos reservados Consulte nuestra Declaración de Política de Privacidad ı Términos de Uso.

De la portada de la página Web del motor de búsqueda www.google.com/ con el término escolástica.org, se obtuvo una página de resultados de dicha búsqueda, con diversos enlaces, de los cuales se desprende entre otras cosas, que el pie de página es el siguiente: "TM® y ®2007-1996 Scholastic Inc. Todos los derechos reservados".

7.- La copia certificada de las siguientes documentales:

   a) Escrito presentado en la oficialía de partes de la Dirección Divisional de Protección a la Propiedad Intelectual de este Instituto con fecha 27 de junio de 2003, al cual le correspondió número de folio 6225, mismo que se valora en términos de lo dispuesto por los artículos 133, 197 y 203 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, y del cual se desprende entre otras cosas, que mediante dicho escrito el C. Arturo David Reyes Lomelín, quien se ostentó como apoderado de SCHOLASTIC, INC., solicitó la Declaración Administrativa de Nulidad de la marca 669,004 ESCOLASTICA Y DISEÑO, de la cual es titular CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V.

   b) Escrito presentado en la oficialía de partes de la Dirección Divisional de Protección a la Propiedad Intelectual de este Instituto con fecha 8 de julio de 2003, al cual le correspondió el número de folio 6649, mismo que se valora en términos de lo dispuesto por los artículos 133, 197 y 203 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, y del cual se desprende entre otras cosas, que mediante dicho escrito el C. Arturo David Reyes Lomelín, quien se ostentó como apoderado de SCHOLASTIC, INC., solicitó la Declaración Administrativa de Nulidad de la marca 671,124 ESCOLASTICA Y DISEÑO, de la cual es titular CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V.

8.- La documental privada, consistente en un ejemplar del periódico REFORMA de fecha 15 de noviembre de 2007, la cual se valora en términos de los artículos 133, 197 y 203 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, y del cual se desprenden entre otras cosas, que en la página 8 de la sección CIUDAD de dicho periódico, se publicó un anuncio, por medio del cual se comunica que los registros 669004 y 671124, ambos "ESCOLASTICA" y Diseño en clases 35 y 38 respectivamente son marcas registradas ante el Instituto Mexicano de la Propiedad Industrial propiedad de Corporación México Escolástica, S.A. de C.V.

Asimismo, en dicho anuncio se aprecia la denominación ESCOLASTICA, la cual está acompañada de un diseño, así como del símbolo.

9.- La copia certificada de las siguientes documentales:

   a) De la resolución 17480 de fecha 30 de noviembre de 2004, signada por la Subdirectora Divisional de Procesos de Propiedad Industrial, de este Instituto Mexicano de la Propiedad Industrial, misma que tiene pleno valor probatorio de conformidad con los artículos 129, 130, 197 y 202, del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, es decir, hace prueba plena de los hechos legalmente afirmados por la autoridad de que proceden, desprendiéndose entre otras cosas, que mediante dicha documental se

P. C. 115/2008 (I-23) 1258.

**Instituto**
**Mexicano**
**de la Propiedad**
**Industrial**

33
.......................................FOLIO: 29283

negó la Declaración Administrativa de Nulidad del registro marcario 671124 ESCOLASTICA Y DISEÑO.

b) De la resolución 17352 de fecha 29 de noviembre de 2004, signada por la Subdirectora Divisional de Procesos de Propiedad Industrial, de este Instituto Mexicano de la Propiedad Industrial, misma que tiene pleno valor probatorio de conformidad con los artículos 129, 130, 197 y 202, del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, es decir, hace prueba plena de los hechos legalmente afirmados por la autoridad de que proceden, desprendiéndose entre otras cosas, que mediante dicha documental se negó la Declaración Administrativa de Nulidad del registro marcario 669004 ESCOLASTICA Y DISEÑO.

11 y 12.- Respecto de la presuncional legal y humana y a la instrumental de actuaciones ofrecidas por la actora, las cuales gozan del valor que les confieren los artículos 129, 133, 202, 203, 212 y 218 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, de las que se señalará si le benefician a la solicitante al finalizar el presente estudio, ya que sólo en ese momento se puede estar en aptitud de determinarlo.

Una vez visto lo anterior, cabe señalar que, mediante escrito presentado en la Oficialía de Partes de la Dirección Divisional de Protección a la Propiedad Intelectual de este Instituto, con fecha 10 de junio de 2008, al cual le correspondió el número de folio 7187, el C. ANTONIO BELAUNZARAN MARTINEZ, en representación de SCHOLASTIC, INC., realizó las siguientes objeciones a las probanzas ofrecidas por la solicitante del presente procedimiento:

*Se objeta todo alcance y valor probatorio que pretenda otorgarle la hoy actora a la visita de inspección que pretende realizar a través de la página de internet en las páginas de internet albergada en los nombres de dominio www.escolastica.org; www.scholastic.com; www.scholastic.com.mx; www.escolastic.com.; www.escolastic.net y www.scholastic.com.ms, propiedad de mi mandante, toda vez que la misma de ninguna forma es idónea para demostrar el supuesto uso que hace mi mandante de las marcas propiedad de la hoy actora.*

*Cabe señalar que como hemos mencionado a lo largo de la presente contestación a la frívola e improcedente solicitud de declaración administrativa de infracción motivo de la presente litis, es de explorado derecho que el registro de nombres de dominio per se no constituye un uso de marca.*

*Por el contrario, esta visita de inspección sólo resulta idónea para demostrar que mi mandante únicamente hace uso de sus marcas SCHOLASTIC y SCHOLASTIC Y DISEÑO, con relación a los servicios de la clase 35 y 41 internacional, que están perfectamente amparados por sus registro marcarios, y no con relación a servicios de publicidad e intercomunicaciones, como falsamente aduce la contraria.*

*Incluso, mi contraria en su escrito inicial reconoció que mi mandante se limita a proporcionar información educativa en internet, que nada tiene que ver con los servicios amparados por las clases 35 y 38 internacional como pretende hacer creer la actora, ya que mi representada se limita a prestar servicios educativos y editoriales de clase 41 y servicios de venta de libros (pero no servicios de publicidad).*

*Sin embargo, toda vez que los puntos a desahogarse durante la visita de inspección señalados por mi contraria son del todo ambiguos, solicitamos a ese H. Instituto tenga por adicionados los siguientes puntos a desahogar:*

P. C. 115/2008 (I-23) 1258.

34                                                                    29283

.....................................FOLIO:

*1.- Que el Inspector que al efecto designe ese H. Instituto dé fe que en ninguna de las páginas de internet, albergadas en los nombres de dominio propiedad de mi representada, mismos que fueron precisados por la actora, se hace uso de una marca similar o semejante en grado de confusión a la marca ESCOLASTICA Y DISEÑO propiedad de la hoy actora, si no que por el contrario, únicamente se hace uso de las marcas SCHOLASTIC y SCHOLASTIC Y DISEÑO, que son las que están registradas a favor de mi mandante.*

*2.- Que en ninguna de las páginas de internet, albergadas en los nombres de dominio de mi mandante, mismos que fueron precisados por la actora, se ofrecen servicios de publicidad o de telecomunicaciones, sino que se ofrecen servicios educativos y de venta de libros.*

*3.- Que en la página de internet oficial de mi mandante, ubicada en www.scholastic.com se publicitan o promocionan sólo los productos que vende mi mandante, así como los servicios educativos que ésta presta, pero no se ofrecen a los consumidores servicios de publicidad.*

*4.- Que en la página de internet oficial de mi mandante, ubicada en www.scholastic.com, no se ofrecen servicios de telecomunicaciones.*

*En virtud de lo anterior, atentamente solicito a esa H. Autoridad tenga por adicionados los puntos antes referidos, a fin de que sean desahogados al momento en que se lleve a cabo la visita de inspección ofrecida por mi contraria.*

*De manera general se objeta todo alcance y valor probatorio que pretenda otorgarle la hoy actora a las pruebas ofrecidas de su parte, en virtud de que ninguna de ellas resulta idónea para demostrar las infracciones que infundadamente acusa. Sn embargo, en lo particular se objeta lo siguiente:*

*1.- Se objeta todo alcance y valor probatorio que pretenda otorgarle la hoy actora a la documental pública marcada con el número I del capítulo de pruebas de su escrito inicial, consistente en copias certificadas de los títulos de los registro marcarios números 669004 y 671124, en virtud de que dicha documental sólo es idónea para demostrar que mi mandante es la marca mixta propiedad de la hoy actora, ni usa marcas similares o semejantes en grado de confusión a la marca ESCOLASTICA y DISEÑO. Asimismo, ésta prueba es idónea para demostrar que los servicios que proporciona mi mandante no son semejantes a los amparados por los registro antes mencionados, es decir, servicios de clase 35 tales como: publicidad; gestión de negocios comerciales, administración comercial; trabajos de oficina, se incluyen servicios de publicidad; gestión de negocios comerciales; administración comercial y trabajos de oficina prestados por sitios, portales y páginas en la red mundial de computación, y servicios de clase 38 tales como: telecomunicaciones, servicios de comunicación e información a través de cualquier medio, incluyendo medios alámbricos, inalámbricos, telefax, satélite y una red global de información computarizada, servicios de comunicación en línea; comunicación entre personas a través de páginas portales y sitios en la red mundial de computación, sino que por el contrario, mi mandante ofrece servicios educativos y venta de libros y materiales educativos a través de internet, que nada tienen que ver con servicios de publicidad o servicios de telecomunicaciones como falsamente sugiere la actora.*

*2.- Se objeta todo alcance y valor probatorio que pretenda otorgarle la hoy actora a la documental pública marcada con el número II del capítulo de pruebas de su escrito inicial, consistente en copia certificada del poder otorgado a favor del apoderado, de la empresa CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., toda vez que la misma no le ayuda en los más mínimo a demostrar infracción alguna en contra de mi representada.*

*3.- Se objeta todo alcance y valor probatorio que pretenda otorgarle la hoy actora a la documental pública marcada con el número III del capítulo de pruebas de su escrito inicial, consistente en el acta*

P. C. 115/2008 (I-23) 1258.

**Instituto Mexicano de la Propiedad Industrial**

35

......................................FOLIO:

de la visita de inspección que al efecto se levante por los funcionarios de ese H. Instituto, ya que la misma no es idónea para demostrar las supuestas infracciones cometidas por mi mandante.

Por el contrario, como ya mencionamos, dicha prueba opera en contra de la mandante, en virtud de que acredita fehacientemente que mi mandante no usa la marca registrada de mi contraparte, ni usa ninguna marca similar o semejante en grado de confusión a la marca ESCOLASTICA Y DISEÑO de la demandante, sino que únicamente hace uso de las marcas SCHOLASTIC y SCHOLASTIC Y DISEÑO, con relación a los servicios de la clase 35 y 41 internacional amparados por sus registro marcarios, y no con relación a servicios de publicidad y telecomunicaciones, como falsamente aduce la actora.

4.- Se objeta todo alcance y valor probatorio que pretenda otorgarle la hoy actora a la documental pública marcada con el número IV del capítulo de pruebas de su escrito inicial, consistente en la fe de hechos realizada por el Corredor Público número 52 del Distrito Federal, Misael Dehesa Pulido, contenida en la póliza número 1812, en virtud de que la misma no es idónea en los más mínimo para probar las supuestas infracciones cometidas por mi mandante.

De hecho, la demandante señala que con esta prueba se pretende probar el USO LITERAL de los REGISTROS de su mandante para ofrecer servicios de clases 35 y 38 internacional por mi representada, sin embargo, los títulos de registro que posee la hoy actora son un simple documento oficial que le confiere el uso exclusivo y explotación de sus marcas registradas, que en ningún momento han estado en poder de mi mandante. Por el contrario, en caso de que se refiera al USO LITERAL de sus MARCAS registradas, es importante señalar que como se ha demostrado a lo largo de la presente contestación, mi mandante en ningún momento ha usado la marca registrada ESCOLASTICA Y DISEÑO, ni marcas similares o semejantes en grado confusión a dicha marca, ni ofrece servicios de publicidad o de telecomunicaciones como arguye de manera gratuita la hoy actora.

Además debemos resaltar que los anexos de la Fe de hechos ofrecida por mi contraria, no fueron acompañados de su debida traducción al idioma Español, por lo que es de explorado derecho que dicha Fe de hechos no constituye prueba plena que pueda ser valorada por esa H. Autoridad al momento de emitir la resolución correspondiente.

Sin embargo, en caso de que ese H. Instituto erróneamente considerare que la misma hubiera sido practicada y ofrecida conforme a derecho, la misma no es idónea para demostrar las afirmaciones gratuitas de la demandante, pues como hemos probado, mi mandante solamente usa la marca SCHOLASTIC Y SCHOLASTIC Y DISEÑO para amparar servicios educativos y de venta de libros y no servicios de publicidad y de telecomunicaciones como afirma mi contraria, y en ningún momento ha usado una marca similar o semejante en grado de confusión a las amparadas por los registro base de presente acción.

5.- Se objeta todo alcance y valor probatorio que pretenda otorgarle la hoy actora a la documental pública marcada con el número V del capítulo de pruebas de su escrito inicial, consistente en los documentos relativos a los procedimientos internacionales referidos en el punto número 4 de los hechos de su escrito inicial, en virtud de que tal y como la misma mandante señala, dichos procedimientos contenciosos de carácter internacional no guardan ninguna relación con la presente solicitud de infracción.

Según el dicho de la demandante, con esta prueba se acredita el supuesto dolo y mala fe con la que se ha conducido mi mandante, sin embargo, todas las acciones legales referidas por la contraria demuestran que mi mandante ha tenido que tomar diversas acciones en su contra para evitar que sea la hoy actora la que se aproveche de sus derechos de propiedad industrial. Además, es evidente que

P. C. 115/2008 (I-23) 1258.

36
.......................................FOLIO:                        29283

*como hemos demostrado a lo largo de la presente contestación, mi mandante en ningún momento ha realizado actos de competencia desleal tendientes a causar confusión entre el público consumidor y usar marcas semejantes en grado de confusión a la marca ESCOLASTICA Y DISEÑO de la hoy actora, por lo que dicha prueba resulta del todo inoperante, y debe ser declarada como tal por ese H. Instituto.*

*6.- Se objeta todo alcance y valor probatorio que pretenda otorgarle la hoy actora a la documental pública marcada con el número VI del capítulo de pruebas de su escrito inicial, consistente en la Fe de hechos con número de folio 21342, realizada por el Lic. Fernando Pérez Arredondo, titular de la Notaría 12 del Distrito Federal, en la que supuestamente hace constar el uso de una marca semejante en grado de confusión a la marca ESCOLASTICA Y DISEÑO para amparar servicios de clase 35 y 38 por parte de mi mandante, en virtud de que la misma no es idónea para demostrar sus dicho, sino que por el contrario acredita fehacientemente que mi mandante no usa ninguna marca similar o semejante en grado de confusión a la marca ESCOLASTICA Y DISEÑO de la demandante, siendo que únicamente hace uso de las marcas SCHOLASTIC y SCHOLASTIC Y DISEÑO, con relación a los servicios de clase 35 y 41 internacional que son amparados por sus registro marcarios, esto es, servicios educativos y venta de libros a través de internet, y no con relación a servicios de publicidad y telecomunicaciones, como falsamente aduce la contraria.*

*De hecho, la Fe de hechos ofrecida por la contraria, está viciada en cuanto a su contenido, toda vez que como claramente se desprende del texto de la misma, el fedatario encargado de realizarla no hizo constar lo que él percibió a través de sus sentidos sino que contrario a lo establecido por la Ley del Notariado, hizo constar lo que el solicitante le pidió que hiciera constar, lo cual es a todas luces contrario a derecho y deja en total estado de indefensión a mi mandante, por lo que la misma debe ser desechada de plano por ese H. Instituto.*

*7.- Se objeta todo alcance y valor probatorio que pretenda otorgarle la hoy actora a la documental pública marcada con el número VII del capítulo de pruebas de su escrito inicial, consistente en copias certificadas de los escritos iniciales de las solicitudes de declaración administrativa de nulidad presentadas en el pasado por mi mandante en contra de la hoy actora, toda vez que dichos procedimientos contenciosos no guardan relación alguna con la presente litis, como la misma actora ha señalado en su escrito inicial de manera expresa.*

*8.- Se objeta todo alcance y valor probatorio que pretenda otorgarle la hoy actora a la documental pública marcada con el número VIII del capítulo de pruebas de su escrito inicial, consistente en el original de la publicación de fecha 15 de noviembre de 2007, en específico de la página 8 Ciudad del periódico Reforma, por medio de la cual se da cumplimiento a los artículos 131 y 229 de la Ley de la Propiedad Industrial, en virtud de que la misma no es idónea en lo más mínimo para demostrar las supuestas infracciones cometidas por mi representada.*

*Como puede apreciar ese H. Instituto, dichas publicaciones son del todo irrelevantes para la presente litis, por lo que esta prueba debe ser desechada de plano por resultar del todo inoperante.*

*9.- Se objeta todo alcance y valor probatorio que pretenda otorgarle la hoy actora a la documental pública marcada con el número IX del capítulo de pruebas de su escrito inicial, consistente en copia certificada de las resoluciones definitivas de los procedimientos de nulidad que obran en los expedientes con número P.C. 406/2003 (N-212) y P.C. 324/2003 (N-169), toda vez que las mismas no son idóneas para demostrar las supuestas infracciones cometida por mi mandante, pues no guardan relación alguna con la presente litis, por lo que no deben ser tomadas en cuenta por ese H. Instituto al momento de dictar la resolución correspondiente.*

P. C. 115/2008 (I-23) 1258.



**Instituto
Mexicano
de la Propiedad
Industrial**

37
.......................................FOLIO:

2 9 2 8 3

*10.- Se objeta todo alcance y valor probatorio que pretenda otorgarle la hoy actora a la documental
pública marcada con el número IX del capítulo de pruebas de su escrito inicial, consistente en la
información contable, económica y comercial respecto de las actividades realizadas por mi mandante,
además que como correctamente se pronunció al respecto esa H. Autoridad, se ha desechado de
plano la prueba de referencia, porque la misma no guarda relación con la presente litis.*

*11.- Por lo que se refiere a la instrumental de actuaciones y la presuncional en su doble aspecto, es
evidente que en lo más mínimo pueden favorecer a la contraria, en virtud de que sus argumentos son
del todo infundados, por lo que no hay ni el más mínimo indicio de que mi mandante haya afectado en
lo más mínimo sus derechos de propiedad industrial."*

Una vez visto lo anteriormente señalado, se colige que las objeciones planteadas por la presunta
infractora en contra de las probanzas ofrecidas por la solicitante del procedimiento son en cuanto al
alcance y valor probatorio que a las mismas les pretendió dar, indicando en términos generales que
con ellas no logra acreditar sus pretensiones y que las mismas son intrascendentes al no demostrar la
procedencia de la acción.

En lo referente a las objeciones señaladas bajo los numerales 1, 2, 3, 4, 5, 6, 7, 8, 9 y 10, las mismas
resultan inatendibles, toda vez que los argumentos vertidos por la presunta infractora son
apreciaciones subjetivas sin algún argumento lógico jurídico que demuestre su veracidad, por lo que
no logra desvirtuar el alcance probatorio que se les dio a las mismas al momento de su valoración.

En lo referente a las objeciones señaladas bajo el numeral 11, las mismas son inatendibles, ya que
para poder determinar a favor de quien operan dichas probanzas se debe entrar al estudio de fondo
del presente asunto, por lo que será cuando se entre al de las causales de infracción invocadas por la
solicitante cuando esta Autoridad esté en posibilidad de dirimir dicha situación.

Ahora bien, la presunta infractora exhibió de su parte, como pruebas las siguientes:

1.- La copia certificada de las siguientes documentales públicas:

a) Título de registro de marca nominativa número 487969 SCHOLASTIC, mismo que tiene pleno
valor probatorio de conformidad con lo dispuesto en los artículos 129, 130, 197 y 202 del
Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia,
acreditando que con fecha 21 de abril de 1995, le fue concedida la titularidad del citado
registro marcario a la sociedad denominada SCHOLASTIC, INC., y que el mismo ampara
servicios de la clase 41, tales como: SERVICIOS DE EDUCACION Y ESPARCIMIENTO.

b) Oficio número 20040342399 de fecha 20 de octubre de 2004, signado por la Coordinadora
Departamental de Conservación de Derechos de este Instituto Mexicano de la Propiedad
Industrial, mismo que tiene pleno valor probatorio de conformidad con lo dispuesto en los
artículos 129, 130, 197 y 202 del Código Federal de Procedimientos Civiles, de aplicación
supletoria a la Ley de la materia, acreditando que el registro de marca 487969 quedó
renovado con No. 54719/2004 por el término de diez años a partir del 30 de septiembre de
2004.

2.- La copia certificada de las siguientes documentales públicas:

a) Título de registro de marca mixta número 493651 SCHOLASTIC Y DISEÑO, mismo que tiene
pleno valor probatorio de conformidad con lo dispuesto en los artículos 129, 130, 197 y 202
del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia,
acreditando que con fecha 5 de junio de 1995, le fue concedida la titularidad del citado

P. C. 115/2008 (I-23) 1258.

38

....................................FOLIO:

*29283*

registro marcario a la sociedad denominada SCHOLASTIC, INC., y que el mismo ampara servicios de la clase 41, tales como: EDUCACION Y ESPARCIMIENTO, y que el mismo protege la denominación SCHOLASTIC, así como el diseño que a continuación se reproduce:

**◾◾SCHOLASTIC**

b) Oficio 20040342404 de 20 de octubre de 2004, signado por la Coordinadora Departamental de Conservación de Derechos de este Instituto Mexicano de la Propiedad Industrial, mismo que tiene pleno valor probatorio de conformidad con lo dispuesto en los artículos 129, 130, 197 y 202 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, acreditando que el registro de marca 493651 quedó renovado con No. 54723/2004 por el término de diez años a partir del 30 de septiembre de 2004.

3.- La copia certificada expedida por este Instituto de las siguientes documentales públicas:

a) Título de registro de marca mixta 493652 SCHOLASTIC Y DISEÑO, mismo que tiene pleno valor probatorio de conformidad con lo dispuesto en los artículos 129, 130, 197 y 202 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, acreditando que con fecha 5 de junio de 1995, le fue concedida la titularidad del citado registro marcario a la sociedad denominada SCHOLASTIC, INC., y que el mismo ampara servicios de la clase 42, tales como: TODA CLASE DE SERVICIOS DE VENTA DE LIBROS INCLUYENDO SERVICIOS DE VENTA DE LIBROS A TRAVES DE CLUB DE LIBROS Y VENTA DE LIBROS A TRAVES DE TIENDAS AL MENUDEO, y que el mismo protege la denominación SCHOLASTIC, así como el diseño que a continuación se reproduce:

**◾◾SCHOLASTIC**

b) Oficio número 20040342402 de 20 de octubre de 2004, signado por la Coordinadora Departamental de Conservación de Derechos de este Instituto Mexicano de la Propiedad Industrial, mismo que tiene pleno valor probatorio de conformidad con lo dispuesto en los artículos 129, 130, 197 y 202 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, acreditando que el registro de marca 493652 quedó renovado con No. 54721/2004 por el término de diez años a partir del 30 de septiembre de 2004.

4.- La copia certificada de las siguientes documentales públicas:

a) Título de registro de marca nominativa 487344 SCHOLASTIC, mismo que tiene pleno valor probatorio de conformidad con lo dispuesto en los artículos 129, 130, 197 y 202 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, acreditando que con fecha 17 de abril de 1995, le fue concedida la titularidad del citado registro marcario a la sociedad denominada SCHOLASTIC, INC., y que el mismo ampara servicios de la clase 42, tales como: TODA CLASE DE SERVICIOS DE VENTA DE LIBROS INCLUYENDO SERVICIOS DE VENTA  DE LIBROS A TRAVES DE CLUB DE LIBROS Y VENTA DE LIBROS A TRAVES DE TIENDAS AL MENUDEO.

P. C. 115/2008 (I-23) 1258.



39

......................................FOLIO:

29283

b) Oficio número 20040342398 de 20 de octubre de 2004, signado por la Coordinadora Departamental de Conservación de Derechos de este Instituto Mexicano de la Propiedad Industrial, mismo que tiene pleno valor probatorio de conformidad con lo dispuesto en los artículos 129, 130, 197 y 202 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, acreditando que el registro de marca 487344 quedó renovado con No. 54718/2004 por el término de diez años a partir del 30 de septiembre de 2004.

7.- La documental privada, consistente en un documento de fecha 10 de junio de 2008, signado por la C. Julieta P. Aguilera Alfiero, en su carácter de Perito Traductor autorizado por el Consejo de la Judicatura Federal, mismo que se valora en términos de los artículos 133, 197 y 203 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, y del cual se desprenden entre otras cosas que en dicho documento la C. Julieta P. Aguilera Alfiero, en su carácter de Perito Traductor autorizado por el Consejo de la Judicatura Federal, hizo constar que a su leal saber y entender la palabra SCHOLASTIC, puede ser traducida al idioma español como ESCOLASTICA.

8.- Las documentales privadas, consistentes en 13 copias simples a blanco y negro, las cuales se valoran como indicio en términos de los artículos 197, 210-A y 217 del Código Federal de Procedimientos Civiles, de las cuales se desprende entre otras cosas que en las primeras diez hojas, así como en las hojas décimo primera y décimo segunda, se aprecian los siguientes rubros en la parte superior: "LA COMPAÑÍA", "LO QUE HACEMOS", "CONTACTO" y "SOPORTE", así como el siguiente diseño:



De la décimo primera impresión a blanco y negro se desprende que en la parte superior izquierda de la misma se aprecia la siguiente frase: "ESCOLASTICA – PRODUCTOS Y SERVICIOS", asimismo, se aprecia la siguiente información: "Llena la forma de contacto o llama al (52 55) 5616-6367 o al 01-800-523-6494".

9 y 10.- Respecto de la instrumental de actuaciones y a la presuncional legal y humana ofrecidas por la presunta infractora, las cuales gozan del valor que les confieren los artículos 129, 133, 202, 203, 212 y 218 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, de las que se señalará si le benefician a la solicitante al finalizar el presente estudio, ya que sólo en ese momento se puede estar en aptitud de determinarlo.

Una vez visto lo anterior, es importante señalar que por oficio 21712, de 23 de octubre del 2008, se abrió período común de alegatos.

Por escrito presentado el 12 de noviembre de 2008, bajo el folio de ingreso 16160, el C. Manuel Alberto Farfan Villegas, en representación de CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., presentó sus apuntes de alegatos, respecto al presente procedimiento, argumentando medularmente que pese a lo manifestado por su contraria en su escrito de contestación, en el sentido de que cuenta con diversos registros marcarios que supuestamente amparan los servicios que presta en su página de internet, dichos registros no amparan los servicios de telecomunicaciones, ni de publicidad y administración comercial.

P. C. 115/2008 (I-23) 1258.

40

......................................FOLIO:

*29283*

Asimismo, manifestó que los servicios que amparan las marcas de su contraria se refieren exclusivamente a comercialización de libros y educación, que en nada se refieren a los antes referidos, y que en consecuencia carece de relevancia para la litis planteada.

También indicó que su contraria afirma que sólo presta servicios educativos en línea, cuando está plenamente acreditado por las impresiones hechas a su página de internet que brinda un canal de comunicación entre padres, maestros y alumnos, asesoría a escuelas y da publicidad a marcas de terceros y ofrece servicios de publicidad, cobrando por la prestación de los mismos.

De igual forma, señala que las marcas de la presunta infractora son similares en grado de confusión a las marcas base de las acción, y que la presente demanda de infracción no versa únicamente sobre el uso de las marcas "SCHOLASTIC" y "ESCOLASTICA", en sus dominios espurios, sino que a su vez y de manea más contundente, como lo que se reconoce como uso de marca, es que su contraria realiza en el contenido de sus páginas al ser desplegadas.

De la misma manera, puntualiza que si bien la presunta infractora ofrece sus servicios por internet, lo cierto es que además de ofrecerlos, presta servicios de intercomunicación, lo cual ha sido claro en sus páginas de internet.

Asimismo, mediante escrito presentado el 13 de noviembre de 2008, bajo el folio de ingreso 16217, el C. Antonio Belaunzarán Martínez, en representación de SCHOLASTIC, INC., presentó sus apuntes de alegatos, respecto al presente procedimiento, argumentando medularmente que su contraria no logró acreditar los extremos de su acción, ya que no demostró que su mandante use o haya usado la marca registrada ESCOLASTICA Y DISEÑO, para identificar servicios iguales o semejantes a los amparados por los registros base de la acción y que su representada es titular de los registro de marca 487344 SCHOLASTIC, clase 35, 493652 SCHOLASTIC y DISEÑO, clase 35, 487969 SCHOLASTIC, clase 41, 493651 SCHOLASTIC Y DISEÑO, clase 41 y 493653 SCHOLASTIC y DISEÑO, clase 35.

También manifestó que su mandante es titular del nombre de dominio scholastic.com que alberga la página de internet oficial SCHOLASTIC, INC., el cual fue creado en 1993 y comenzó a albergar contenido en 1996, prestando en dicha página servicios educativos y venta de libros desde año, tal y como se verificó en la inspección ocular que se llevó a cabo de las páginas de internet albergadas en los nombre de dominio www.escolastica.org; www.scholastic.com; www.scholastic.com.mx; www.escolastic.com; www.escolastic.net y www.escolastic.org, de los cuales es titular su representada, situación por la cual los argumentos esgrimidos por su contraparte en el sentido de que su representada ofrece servicios de publicidad o de telecomunicaciones son falsos, aunado al hecho de cómo quedó fehacientemente demostrado con el desahogo de la inspección ocular referida, en ninguna de las páginas de internet albergadas en los nombres de dominio de su poderdante, se hace uso de una marca semejante en grado de confusión a la marca ESCOLASTICA y DISEÑO, sino que por el contrario únicamente se hace uso de las marcas SCHOLASTIC y SCHOLASTIC y DISEÑO, las cuales están registradas a favor de su mandante.

De la misma manera, indicó el que el hecho de que su mandante haya registrado los nombres de dominio escolástica.org, escolástica.biz, escolástica.info, escolástica.net, escolastic.org, escolástica.com, escolástica.net, escolástica.org, escolástica.info y escolástica.biz, y los direccione a su página de internet oficial ubicada en scholastic.com, de ninguna manera supone infracción alguna, sino que se trata de una práctica común que realizan las empresa como mi mandante, en defensa de sus actividades comerciales en internet, consistente en registrar dominios de protección, esto es, registrar dominios que impliquen ya sea la traducción a otros idiomas de sus marcas, o bien, que impliquen errores mecanográficos comunes que se presentan cuando se teclea un nombre de

P. C. 115/2008 (I-23) 1258.



**Instituto
Mexicano
de la Propiedad
Industrial**

41

.....................................FOLIO:    29283

dominio que corresponde a la marca de una empresa, por lo que resulta del todo falso que su mandante con el registro de dichos nombres de dominio haya pretendido en forma alguna afectar los derechos o las actividades comerciales de la contraria o que ello implique acto de competencia desleal alguno, y mucho menos que su mandante use una marca semejante en grado de confusión a las registradas por la actora, puesto que es de explorado derecho y así se ha pronunciado al respecto incluso la OMPI, que el registro de un nombre de dominio no constituye un uso marcario.

También señaló que en la página oficial de su representada, ubicada en www.scholastic.com, se publicitan o promocionan sólo los productos que vende su mandante, así como los servicios educativos que ésta presta, pero en ningún momento se ofrecen servicios de publicidad, como falsamente afirma su contraria, aunado al hecho de que en dicha página de internet, tampoco se ofrece servicios de telecomunicaciones, como afirma de manera gratuita la actora.

Una vez valoradas y analizadas todas y cada una de las pruebas aportadas por las partes, esta Autoridad procede a determinar la procedencia o improcedencia de las fracciones en estudio invocadas por la solicitante del procedimiento.

CUARTA. Ahora bien, por cuestión de método se procede a estudiar las causales de infracción previstas en las fracciones I y IX incisos a) y c) del artículo 213 de la Ley de la Propiedad Industrial, las cuales disponen textualmente lo siguiente:

> Artículo 213.- Son infracciones administrativas:
>
> I Realizar actos contrarios a los buenos usos y costumbres en la industria, comercio y servicios que impliquen competencia desleal y que se relacionen con la materia que esta Ley regula.
>
> …
>
> IX.- Efectuar, en el ejercicio de actividades industriales o mercantiles, actos que causen o induzcan al público a confusión, error o engaño, por hacer creer o suponer infundadamente:
>
> a) La existencia de una relación o asociación entre un establecimiento y el de un tercero;
>
> c) Que se prestan servicios o se venden productos bajo autorización, licencias o especificaciones de un tercero;

De la lectura de la causal de infracción prevista en la fracción I del citado precepto legal, se desprenden dos hipótesis, a saber:

a) Que se realicen actos contrarios a los buenos usos y costumbres en la industria, comercio y servicios que impliquen competencia desleal; y

b) Que dichos actos se relacionen con la materia que la Ley de la Propiedad Industrial regula.

En cuanto, las causales de infracción previstas en la fracción IX incisos a) y c) se desprenden las siguientes hipótesis, a saber:

P. C. 115/2008 (I-23) 1258.

42

.....................................FOLIO:

29283

Que un tercero, efectúe, en el ejercicio de actividades industriales o mercantiles, actos que causen o induzcan al público a confusión, error o engaño, por hacer creer o suponer infundadamente:

a).- Que dichos actos hagan creer o suponer infundadamente que existe una relación o asociación entre un establecimiento y el de un tercero.

b).- Que dichos actos hagan creer o suponer infundadamente que se prestan servicios o se venden productos bajo autorización, licencias o especificaciones de un tercero.

Cabe señalar que la solicitante del procedimiento aduce la actualización de los supuestos normativos previstos en las causales en estudio, toda vez que considera que la presunta infractora incurre en actos de competencia desleal y en variadas conductas tipificadas como infracciones administrativas en sentido estricto, la cual consiste en haber registrado diversos nombres de dominio que incluyen la denominación escolástica, la cual manifiesta es idéntica a la denominación protegida por sus registros marcarios 669004 y 671124 ESCOLASTICA Y DISEÑO, indicando que si un consumidor o usuario teclea en un buscador de la red mundial de computación, mejor conocida como internet, cualquiera de los nombres de dominio referidos, es automáticamente direccionado a la página scholastic.com, la cual resulta ser la página oficial de internet de la presunta infractora, y que en dicha página se están ofreciendo o llevando a cabo servicios iguales o similares a la actividad que lleva a cabo y que están protegidos por los referidos registros marcarios .

Ahora bien, para una mayor comprensión acerca de la competencia desleal, de conformidad con el artículo 222 del Código Federal de Procedimientos Civiles de aplicación supletoria en esta materia y de acuerdo con el artículo 187 de la Ley de la Propiedad Industrial y que faculta a esta Autoridad a tomar en consideración los criterios doctrinales existentes, y a efecto de una mejor comprensión de la misma, se procede a citar lo que se entiende por competencia de acuerdo con la doctrina correspondiente siguiendo la opinión del maestro Hermenegildo Baylos Corroza, en su obra "Tratado de Derecho Industrial", editorial Civitas, Madrid 1978, Pág. 226-227, segunda edición 1981, en el cual señala textualmente lo siguiente:

> "La competencia podría ser definida de un modo empírico, como aquella situación en que se encuentran las empresas que concurren en el mercado, en virtud de la cual, cada transacción comercial que efectúa cada una de ellas puede ser presentada para las demás como una oportunidad comercial perdida. Esto le da el carácter de pugna, de licitación que constituye una nota especial y coloca a las diversas empresas concurrentes en una posición de enfrentamiento y rivalidad..., de ello se deduce que en definitiva vender es quitarle un comprador a otro, lo que resulta totalmente lícito y admisible, a no ser, que se empleen para conseguirlo medios en sí mismos ilícitos y reprobables que es todo el problema de la competencia desleal".

Asimismo, el artículo 10 bis 1) de la convención de la Unión de París de 1883 adoptado en Estocolmo en el año de 1967, que se encuentra vigente, establece la competencia desleal y dispone:

> "1) Los países de la Unión están obligados a asegurar a los nacionales de los países de la Unión una protección eficaz contra la competencia desleal."

> 2) Constituye acto de competencia desleal todo acto de competencia contraria a los usos honestos en materia industrial y comercial de un competidor;

> 3) En particular deberán prohibirse:

P. C. 115/2008 (I-23) 1258.

**Instituto
Mexicano
de la Propiedad
Industrial**

43

.....................................FOLIO:

29283

1. Cualquier acto capaz de crear una confusión, por cualquier medio que sea, respecto del establecimiento, los productos o la actividad industrial o comercial de un competidor;

2. Las aseveraciones falsas en el ejercicio del comercio capaces de desacreditar el establecimiento, los productos o la actividad industrial o comercial de un competidor;

3. Las indicaciones o aseveraciones cuyo empleo en el ejercicio del comercio, pudieren inducir al público a error sobre la naturaleza, el modo de fabricación, las características, la aptitud en el empleo o la cantidad de los productos.

Nuestra Ley de la Propiedad Industrial, adoptó el segundo inciso en la disposición prevista en la fracción I de su artículo 213, al establecer esta como competencia desleal la realización de actos contrarios a los buenos usos y costumbres en la industria y comercio.

De lo anterior se desprende que la competencia desleal se genera cuando existen de parte de un competidor actos contrarios a los buenos usos y costumbres en la industria, comercio y servicios relacionados con la materia regulada por la Ley de la Propiedad Industrial, para obtener un beneficio propio en detrimento de la persona de la cual se aprovecha.

En este sentido, la competencia desleal es definida por el Poder Judicial de la Federación:

Octava Época, Instancia: TERCER TRIBUNAL COLEGIADO EN MATERIA ADMINISTRATIVA DEL PRIMER CIRCUITO. Fuente: Semanario Judicial de la Federación. Tomo: VII, Junio de 1991, Página: 320

MARCAS. COMPETENCIA DESLEAL. REQUISITOS PARA QUE SE ACTUALICE LA INFRACCION ADMINISTRATIVA PREVISTA EN LA LEY DE INVENCIONES Y MARCAS. La Ley de Invenciones y Marcas en su artículo 210, señala de manera enunciativa doce actos que constituyen infracciones administrativas, por ser actos contrarios a los buenos usos y costumbres de la industria, comercio y servicios que impliquen competencia desleal, entre los que se encuentran, el efectuar en el ejercicio de actividades industriales o mercantiles, actos que causen o induzcan al público a confusión, error o engaño, por hacer creer o suponer infundadamente, la existencia de una relación o asociación entre dos establecimientos, que la fabricación de un producto se realiza bajo normas, licencia o autorización de un tercero, o que se presta un servicio o se vende un producto con autorización o licencia de un tercero (inciso b), fracción XI), de esta manera encontramos en el citado precepto dos elementos indispensables para que se actualice la infracción administrativa en él prevista, el primero se refiere a la existencia de una conducta contraria a los buenos usos y costumbres de la industria o comercio que implique competencia desleal y el segundo elemento consiste en que esa conducta cause o induzca al público a confusión, error o engaño en relación con el producto o servicio que requiere o con el establecimiento que lo ofrece; por lo que respecta al primer elemento, debemos atender a los lineamientos del legislador, en el sentido de considerar que todo acto contrario a los usos, costumbres y leyes que rigen la industria o el comercio que menoscabe la

P. C. 115/2008 (I-23) 1258.

44

.......................................FOLIO:

29283

libre competencia o perjudique al público consumidor constituye competencia desleal. En nuestro sistema jurídico, la libre competencia está constitucionalmente garantizada por los artículos 5º. y 28 de nuestra Carta Magna, y conforme a dichos preceptos a nadie puede impedirse que se dedique a la profesión, industria o comercio que le acomode, siendo lícito y cuando no se ataquen los derechos de terceros ni se ofendan los derechos de la sociedad; se prohiben los monopolios, a excepción hecha de aquéllos que por su naturaleza corresponden al Estado y de los privilegios que conceden las leyes sobre derechos de autor y de invenciones y marcas. Ahora bien, en materia de propiedad industrial, nuestro país se enmarca en un tratado internacional, que es el Convenio de la Unión de París, vigente desde mil novecientos ochenta y tres, mismo que en términos del artículo 133 constitucional, es la ley en nuestro país; este convenio fue publicado en el Diario Oficial de la Federación el veintisiete de julio de mil novecientos setenta y seis, y en su artículo 1º bis señala expresamente que, los países de la Unión están obligados a asegurar a los nacionales, una protección eficaz contra la competencia desleal, y aclara "constituye acto de competencia desleal todo acto de competencia contrario a los usos honestos en materia industrial o comercial". Con base en esto, la Ley de Invenciones y Marcas vigente, trata de evitar la competencia desleal reprimiendo los actos deshonestos en materia de industria y comercio, y aquéllos que sean contrarios a las disposiciones que consagra. Para el estudio de estos actos deshonestos, es importante tener presente que lo sancionable, es el abuso del bien jurídico tutelado por el artículo 28 constitucional, es decir, el abuso a la libertad de competencia que en él se consagra, no siendo admisible la restricción de esta libertad sin la existencia de una conducta que se adecue exactamente al supuesto jurídico contemplado por la norma legal. La ley señala una serie de actos deshonestos que considera como conductas de competencia desleal, que aparte de ser actos contrarios a las disposiciones que la misma establece, causan perjuicio no sólo al tercero de quien obtiene beneficio o causan daño, sino también al desarrollo del comercio y la industria, repercutiendo a su vez en un daño para el público que requiere de los productos o servicios que le ofrecen. Así, tomando en cuenta los actos deshonestos que se sancionan como infracciones administrativas y como delitos, podemos definir a la competencia desleal, como la conducta de un competidor que utilizando cualquier procedimiento en contra de las buenas costumbres o de alguna disposición legal, sustraiga, utilice o explote un derecho comercial o industrial de otro recurrente, con el fin de obtener ventajas indebidas para sí, para varias personas, o para causarle un daño a aquél, para tal efecto, debemos decir que el concepto de buenas costumbres ha sido interpretado por la doctrina como los principios deducibles de normas positivas que son aceptados por el sentimiento jurídico de una comunidad. Así, costumbres comerciales como anuncios, promociones de ventas, campañas de descuento, etcétera, son lícitas y permitidas para atraer clientela a un establecimiento o hacia un producto, siempre que no se empleen medios reprochables para ello. Siguiendo con el concepto de competencia desleal a que hemos llegado, es requisito primordial para que haya deslealtad, que primero exista competencia entre los comerciantes, es decir, que desarrollen una actividad encaminada o relacionada con el mismo fin, toda vez que podría darse una conducta ilícita entre comerciantes que no compiten entre sí, y ésta, independientemente de que

P. C. 115/2008 (I-23) 1258.

**Instituto Mexicano de la Propiedad Industrial**

45

......................................FOLIO:

29283

sea sancionable por otros medios, no constituye competencia desleal. También cabe decir, que la conducta deshonesta del comerciante desleal puede ser activa o pasiva, es decir, consistir en un hacer o en una omisión, realizada con la intención de obtener un beneficio propio o causar daño a otro recurrente. Ahora bien, para que esa competencia desleal sea sancionable como infracción administrativa, en el supuesto que estudiamos, es indispensable que se actualice el segundo supuesto, consistente en que esa conducta calificada de desleal cause o induzca al público a confusión, error o engaño en relación con el producto o servicio que requiere o con el establecimiento que lo ofrece. Para entender este segundo supuesto, es importante establecer lo que se entiende por causar o inducir al público, esto es, producir en él, un ánimo incitándolo o persuadiéndolo a moverse en determinado sentido, con el fin de obtenerlo como cliente, esto es válido en la libre competencia pero no a través de conductas deshonestas. Lo que resulta reprochable, es obtener este fin mediante la confusión, el error o el engaño en que se hace caer al público. Conforme al diccionario de la Real Academia de la Lengua Española, confusión, significa la mezcla de dos o más cosas diversas de modo que las partes de la una se incorporen a la otra, falta de orden o de claridad; la acepción de error, es concepto equivocado o juicio falso y engaño; la falta de verdad en lo que se dice, hace, cree, piensa o discurre. De esta manera, la conducta del comerciante encaminada a confundir, equivocar o engañar al público, es una conducta deshonesta, pero sólo encuadra en el supuesto de infracción que analizamos, si la confusión, el error o el engaño lo llevan a suponer que existe relación o asociación entre un establecimiento y el de un tercero, como por ejemplo en las cadenas de tiendas o negocios que ostentan la misma o semejante denominación, o bien, que lo hagan suponer que se fabrican o venden productos o se prestan servicios bajo las normas, licencia o autorización de un tercero, como por ejemplo, las agencias de carros que componen o venden piezas originales de la misma empresa que fabrican los automóviles. Para que una conducta sea sancionable conforme a la ley, es necesario que se cumplan todos los requisitos previstos en las hipótesis normativas, en virtud, de que en nuestro sistema jurídico, a excepción de que expresamente lo señale la ley, no es admisible la aplicación de sanciones por conductas análogas a las previstas. En estas condiciones, resulta necesario para que surta la causa de infracción administrativa, que se den los dos elementos que han sido analizados.

TERCER TRIBUNAL COLEGIADO EN MATERIA ADMINISTRATIVA DEL PRIMER CIRCUITO. Amparo en revisión 3043/90. Kenworth Mexicana, S.A. de C.V. 30 de enero de 1991. Unanimidad de votos. Ponente: Genaro David Góngora Pimentel. Secretaria: Guadalupe Robles Denetro.

Esto es, de las anteriores transcripciones se desprende que la competencia desleal se genera cuando existen de parte de un competidor actos contrarios a los buenos usos y costumbres que contravengan las disposiciones que la Ley aplicable prevé, aunado a que con tales actos se cause confusión o se induzca al público consumidor a error o engaño, obteniendo así ventajas indebidas y sustrayendo, invadiendo y explotando el derecho de otro competidor.

Al respecto, esta Autoridad estima que para que se actualice la infracción administrativa en estudio, debe existir una conducta contraria a los buenos usos y costumbres de la industria, el comercio o

P. C. 115/2008 (I-23) 1258.

46

........................................FOLIO:



servicios, entendiéndose como buenas costumbres, los principios deducibles de normas positivas que son aceptadas por el sentimiento jurídico de una comunidad, además que dicha conducta implique competencia desleal y que se relacionen con la materia que esta Ley regula, entendiéndose como tal todo acto de competencia ( entre personas que desarrollen una actividad encaminada o relacionada con el mismo fin ) contrario a los usos honestos, costumbres y leyes que rigen la industria o el comercio, que menoscabe la libre competencia o perjudique al público consumidor; es decir la conducta de un competidor que utilizando cualquier procedimiento en contra de las buenas costumbres o de alguna disposición legal sustraiga, utilice o explote un derecho comercial o industrial de otro recurrente con el fin de obtener ventajas para sí, para varias personas o para causarle un daño aquel; siendo necesario aclarar que la conducta deshonesta del comerciante desleal puede ser activa o pasiva y finalmente que esa conducta cause o induzca al público a confusión, error o engaño en relación con el producto o servicio que requiere o con el establecimiento que lo ofrece.

En ese orden de ideas, para que se actualice la competencia desleal que nos ocupa es necesario que se cumpla con los siguientes requisitos, a saber:

1.- Que en el ejercicio de actividades industriales o comerciales o de servicios, existan por lo menos dos competidores que concurran en el mercado.

2.- Que la concurrencia sea en igualdad de circunstancias, es decir, que ofrezcan en venta productos o servicios de la misma clase o especie.

3.- Que tratándose de productos o servicios según sea el caso se ofrezcan en los mismos medios o en los mismos canales de distribución y,

4.- Que uno de los competidores, en este caso el presunto infractor, utilizando cualquier medio o procedimiento contrario a los buenos usos y costumbres en la industria, comercio y servicios, relacionados con la materia regulada por la Ley de la Propiedad Industrial, sustraiga, utilice o explote el derecho comercial o industrial del otro recurrente, en este caso el de la actora, para obtener un beneficio propio o para un tercero, en perjuicio de dicha actora.

Atendiendo a lo anteriormente establecido respecto de la competencia desleal, y dado que en el caso concreto, la actora relaciona dicha competencia desleal con la conducta que según su dicho lleva a cabo su contraria, la cual consiste en haber registrado diversos nombres de dominio que incluyen la denominación escolástica, la cual manifiesta es idéntica a la denominación protegida por sus registros marcarios 669004 y 671124 ESCOLASTICA Y DISEÑO, indicando que si un consumidor o usuario teclea en un buscador de la red mundial de computación, mejor conocida como internet, cualquiera de los nombres de dominio referidos, es automáticamente direccionado a la página scholastic.com, la cual resulta ser la página oficial de internet de la presunta infractora, y que en dicha página se están ofrecido o llevando a cabo servicios iguales o similares a la actividad que lleva a cabo y que están protegidos por sus registros marcarios 669004 y 671124, ambos ESCOLASTICA Y DISEÑO, por lo cual a efecto de determinar si se actualiza la causal de infracción en estudio, resulta necesario remitirse a las pruebas ofrecidas por ambas partes, así como a las manifestaciones que esgrimieron a lo largo del presente procedimiento y de las cuales se desprendió entre otras cosas, lo siguiente:

De la prueba ofrecida por la actora bajo el numeral 4 de su solicitud, consistente en el acta de fe de hechos número 1812 de fecha 5 de julio de 2004, pasada ante la fe del Licenciado Misael Santiago Dehesa Pulido, Corredor Público número 52 del Distrito Federal, misma que fue valorada con antelación, y de la cual se desprendieron entre otras cosas que en la quinta impresión anexa bajo el

P. C. 115/2008 (I-23) 1258.

**Instituto
Mexicano
de la Propiedad
Industrial**

47

..............................FOLIO: 29283

apéndice "B" del Instrumento Notarial en comento, se observaron 2 anuncios, la cuales tienen los siguientes encabezados: "ORQUESTA SINFONICA NACIONAL CONCIERTO NO. 6. Palacio de Bellas Artes. 25 y 27 de junio" y "MIGUEL COVARRUBIAS, ARQUEOLOGO APASIONADO", asimismo, se observa el símbolo ©, acompañado de la siguiente frase: "Todos los Derechos Reservados Corporación México Escolástica S.A. de C.V. 2003.

De la sexta impresión anexa bajo el apéndice "E", del Instrumento Notarial en cita, se desprendió, entre otras cosas que Corporación México Escolástica, S.A. de C.V., es titular del dominio escolastica.com.mx.

Asimismo, de la probanza señalada bajo el numeral 3 de la solicitud de declaración administrativa de infracción que nos ocupa, consistente en el acta circunstanciada que se levantó con motivo de la visita que se llevó a cabo en las instalaciones de este Instituto a diversas páginas de internet, entre las cuales se encontraba la siguiente: www.escolastica.org, así como de las impresiones que se anexaron a la misma, se desprendió entre otras cosas que la página oficial de SCHOLASTIC, INC., es scholastic.com, y que en la misma ofrece diversos servicios.

Con lo anteriormente expuesto se acreditan fehacientemente los requisitos señalados en los numerales 1, 2 y 3, toda vez que las empresas CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V. y SCHOLASTIC, INC., cuentan con páginas de internet en las cuales informan, ofrecen y llevan a cabo sus servicios al público consumidor, lo cual denota que concurren en el mercado en el ejercicio de actividades comerciales o de servicios, lo hacen e igualdad de circunstancias y ofrecen sus servicios en los mismos canales de distribución.

Ahora bien, respecto de la actualización del requisito previsto en el numeral 4, se puntualiza lo siguiente:

De las probanzas ofrecidas por Corporación México Escolástica, S.A. DE C.V., bajo los numerales 3, 4 y 6 de su solicitud de declaración administrativa de infracción, consistentes en el acta circunstanciada que se levantó con motivo de la visita que se llevó a cabo en las instalaciones de este Instituto a diversas páginas de internet e impresiones anexas a la misma, entre las cuales se encontraba la siguiente: www.escolastica.org, el acta de fe de hechos número 1812 de fecha 5 de julio de 2004, pasada ante la fe del Licenciado Misael Santiago Dehesa Pulido, Corredor Público número 52 del Distrito Federal, y la fe de hechos contenida en el Instrumento Notarial número 21342, Libro 293, folio 31056, de fecha 25 de julio de 2007, pasada ante la fe del Licenciado Fernando Pérez Arredondo, Notario Público número 12 del Distrito Federal, Asociado con el Licenciado Arturo Pérez Negrete, Notario Público número 119 del Distrito Federal, respectivamente, mismas que ya fueron valoradas con antelación y de las cuales se desprendieron entre otras cosas, que al teclear en la internet la dirección www.escolastica.org, se direccionó automáticamente a www.scholastic.com.

De las manifestaciones esgrimidas por el C. Antonio Belaunzarán Martínez, en representación de Scholastic, Inc, en su escrito de contestación al presente procedimiento, visibles a fojas 23 último párrafo y 24 primer párrafo, se desprende que su representada es titular de los registros de los nombres de dominio www.escolastica.org, www.escolastica.biz, www.escolástica.info, www.eschCOMMENTolastica.com, www.escholastica.net, www.escholastica.info, www.escholastica.org y www.escholastica.biz, los cuales están direccionados a la página scholastic.com, tal y como se corrobora con las referidas manifestaciones, que a efecto mejor proveer a continuación se reproducen:

> "Como hemos insistido, el hecho de que mi mandante haya registrado los nombres de dominio escolástica.org, escolástica.biz, escolástica.info, escolástica.net, escolastic.org, escolástica.com, escolástica.net,

P. C. 115/2008 (I-23) 1258.

48

.....................................FOLIO:

*escolástica.org, escolástica.info y escolástica.biz, y los direccione a su página de internet oficial ubicada en scholastic.com, de ninguna forma supone infracción alguna, sino que se trata de una práctica común que realizan las empresas serias como mi mandante, en defensa de sus actividades comerciales en internet, consistente en registrar dominios de protección, esto es, registrar dominios que impliquen ya sea traducciones a otros idiomas de sus marcas, o bien, que impliquen errores mecanográficos comunes que se presentan cuando se teclea un nombre de dominio que corresponde a la marca de una empresa.*

Cabe señalar que las manifestaciones reproducidas en el párrafo anterior, tienen el carácter de confesional expresa, y se les otorga valor probatorio en términos de los artículos 192 de la Ley de la Propiedad Industrial, en relación con los artículos 199 y 200 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la Ley de la materia, acreditándose con dichas manifestaciones que Scholastic, Inc, es titular de los registros de los nombres de dominio www.escolástica.org, www.escolatica.biz, www.escolástica.info, www.escholastica.com, www.escholastica.net, www.escholastica.info, www.escholastica.biz y www.escholastica.biz, y que los mismos están direccionados a su página oficial, a saber: scholastic.com.

De la referida el acta de fe de hechos número 1812 de fecha 5 de julio de 2004, pasada ante la fe del Licenciado Misael Santiago Dehesa Pulido, Corredor Público número 52 del Distrito Federal, ofrecida por la actora bajo el numeral 4 de su solicitud, específicamente de la sexta impresión anexa bajo el apéndice "E", de la documental en mención, se desprendió, entre otras cosas, la existencia del dominio escolástica.com.mx, del cual es titular CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V.

De la probanza ofrecida por CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., bajo el numeral 3 de su solicitud de declaración administrativa de infracción, consistente en el acta circunstanciada que se levantó con motivo de la visita que se llevó a cabo en las instalaciones de este Instituto a diversas páginas de internet, entre las cuales se encontraba la siguiente: www.escolastica.org, y a diversas ligas de la misma, de las cuales se obtuvieron impresiones que fueron anexadas a la misma, cuya traducción fue exhibida mediante escrito presentado el 29 de septiembre de 2008, bajo el folio 13545, misma que fue valorada con antelación, y que en obvio de inútiles repeticiones se tiene aquí por reproducida como si a la letra se insertarse, y de la cuales de manera ejemplificativa y a efecto de mejor proveer, a continuación se reproduce la valoración de algunas de las impresiones referidas:

De la impresión de la página http://www.escolastica.org/coach/ad_rates_online.htm, se desprendió entre otras cosas , que en su parte superior derecha se aprecia la siguiente información: "Scholastic ı Coach and Athletic Director ı Especificaciones de los anuncios en línea".

Asimismo, se apreció un recuadro en el cual en su parte superior izquierda se aprecia el logotipo de Scholastic, debajo del cual se aprecia la palabra COACH, y del lado derecho del mismo se aprecia lo siguiente: "PAGINA PRINCIPAL DE LA REVISTA COACH", tambien se observa la frase: "Tarifas de anuncios-En Línea" y debajo de mismo se aprecia la frase: "Tarifas de anuncios para el período 2008-2009", así como las tarifas de anuncios laterales de 125x125 y 120x140, por periódos de un mes, tres, meses, seis meses y doce meses.

En la parte inferior del recuadro mencionado en el párrafo anterior, se observó la siguiente información en forma de lista:

Página principal de publicidad

P. C. 115/2008 (I-23) 1258.

**Instituto Mexicano de la Propiedad Industrial** 

49

.....................................FOLIO:    29283

Tarifas de anuncios-Impresos
Especificaciones de los anuncios
Calendario editorial (pdf)
Declaración de auditoría de BPA (pdf)
Contacte a nuestro equipo de ventas de publicidad

En la parte inferior de la impresión en estudio se apreció la siguiente información: "POLITICA DE PRIVACIDAD", "Términos de Uso", "Scholastic.com Inicio", "Servicio al Cliente", "Acerca de Scholastic", "Carreras", "Relaciones con los inversionistas", "Internacional", Scholastic en Español", y se observa la siguiente leyenda: TM ® y © 2008-1996 Scholastic Inc. Todos los derechos reservados.

De las cuatro impresiones de la página http://www.escolastica.org/coach/, se desprendió entre otras cosas, que en su título es: "Scholastic.com ı Entrenador y Director Atlético".

Ahora bien, particularmente de la segunda impresión se apreció, entre otras cosas, un anuncio publicitario de "ESPN" y uno de "FORD".

De la cuarta impresión de cada una de las páginas de internet citadas, se observaron los siguientes rubros: "Suscríbase", "CoachPlus Mercadotecnia", "Calendario de convenciones", "Anunciarse", "Contactar a un entrenador", "Escribir al entrenador", "Guía del comprador" y "RFP".

Asimismo se apreció lo siguiente: "TM ® y © 2008-1996 Scholastic Inc. Todos los derechos reservados".

Ahora bien, de la impresión de la página http://www.escolastica.org/coach/advertise.htm, se apreció entre otras cosas un recuadro en el cual se puede observar el título: "Anunciese en Coach", debajo de lo cual se observa un artículo acerca de la publicación de "Scholastic Coach y Athletic Director".

Debajo del artículo señalado en el párrafo anterior se apreció la siguiente información een forma de lista:

Tarifa por anuncios-impresos
Tarifa por anuncios-en línea
Especificaciones de los anuncios
Calendario editorial (pdf)
Declaración de auditoría de BPA (pdf)
Contacte a nuestro equipo de ventas de publicidad

En la parte inferior de la impresión en cita se apreció lo siguiente: TM ® y © 2008-1996 Scholastic Inc. Todos los derechos reservados.

De las impresiones de las páginas http://www.escolastica.org/aboutscholastic/divisions.htm,, http://www.escolastica.org/aboutscholastic/divisions/escholastic.htm, y http://www.escolastica.org/aboutscholastic/divisions/advertising.htm, se observó, entre otras cosas, la siguiente información en forma de lista:

- Acerca del Inicio de Scholastic

- Programas, premios y becas de la comunidad

- Convenio corporativo

*Periférico Sur No. 3106 Col. Jardines del Pedregal C.P. 01900 Conm. 5624-0400*

P. C. 115/2008 (I-23) 1258.

50
........................................FOLIO:          29283

- Principios

- Divisiones

    - Servicios de publicidad, mercadotecnia e información
    - Publicación y distribución de libros infantiles
    - Revistas para el salón de clase
    - Publicación y distribución en español
    - Educación Scholastic
    - Medios Scholastic
    - Grupo de lectura y salón Scholastic
    - Organización de Servicio
    - Nacional de Scholastic
    - eScholastic

- Relaciones con inversionistas

- Ofertas de empleo, carreras y pasantes

- Noticias

- Compre en Scholastic

- Gente e historia

- Mundial

- Contáctenos

En la parte inferior de las impresiones en estudio se aprecia lo siguiente: "TM ® & © 2008-1996 Scholastic Inc. Todos los derechos reservados".

Por último, de las dos impresiones de la liga http://www2.scholastic.com/browse/familylife.jsp, se desprende entre otras cosas, que en la primera de ellas se aprecia un anuncio publicitario de "ZYRTEC®" y en la segunda de ellas se observa un anuncio publicitario de "AsthmaKidCare™".

Visto lo anterior, se aprecia claramente que en los dominios antes referidos se ofrecen servicios de publicidad, las tafiras por anuncios impresos y en linea, asimismo el contacto del equipo de ventas de publicidad, asimismo, se observaron anuncios de empresas como FORD y ESPN, entre otros.

Ahora bien, de la traducción de las impresiones anexas a la probanza en mención, específicamente de las 3 correspondientes a los dominios http://comunity.scholastic.com/scholastic/board/message?noard.id=emergency&messag..., se apreció entre otras cosas los siguiente: "foros de discusión para maestros y padres", "foros de discusión para niños", "Ver nuevos chats para niños", "Ver los próximos chats para maestros y padres", "Registrarse", "Iniciar sesión" y "Ayuda".

De lo anterior, se observa de manera clara que en el dominio referido se ofrecen servicios de chat y foros de discusión para maestros, padres y niños.

P. C. 115/2008 (I-23) 1258.

**Instituto Mexicano de la Propiedad Industrial**

51

...................................FOLIO:

29283

Con lo anteriormente establecido se acredita fehacientemente que el dominio www.escolastica.org, el cual reproduce la denominación protegida por las marcas de la actora, y sus respectivas ligas están direccionados a la página scholastic.com y que en la misma se ofrecen servicios de publicidad impresa y en línea, y publicidad de empresas como FORD y ESPN, servicios que pertenecen a la clase 35 del clasificador internacional, y que coinciden con una de las actividades que lleva a cabo la empresa Corporación México Escolástica, S.A. DE C.V., y que son iguales a los servicios protegidos por el registro de marca 669004 ESCOLASTICA Y DISEÑO del cual es titular la empresa referida.

De igual forma, se evidencia que en el dominio http://comunity.scholastic.com/scholastic/board/message?noard.id=emergency&messag..., se prestan y ofrecen servicios de foros de discusión y chat entre otros, los cuales pertenecen a la clase 38 del clasificador internacional, ya que dichos servicios coinciden con los de comunicaciones por terminales de computadora, puntualizándose que la empresa Corporación México Escolástica, S.A. DE C.V., lleva a cabo dichos servicios como parte de su actividad y que son iguales a los protegidos por el registro de marca 671124 ESCOLASTICA Y DISEÑO, de cual es titular.

En razón de todo lo anteriormente precisado, se crea la convicción en esta Autoridad de que SCHOLASTIC, INC., está llevando a cabo actos contrarios a los buenos usos o costumbres en el ejercicio de actividades industriales o comerciales o de servicios relacionados con la materia regulada por la Ley de la Propiedad Industrial, toda vez que como se apreció de manera fehaciente a lo largo del estudio de la presente causal de infracción, la demandada registró los nombres de dominio www.escolástica.org, www.escolatica.biz, www.escolástica.info, www.escolastica.com, www.escholastica.net, www.escholastica.info, www.escholastica.org y www.escholastica.biz, y que los mismos están direccionados a la página scholastic.com, los cuales reproducen en su totalidad la denominación protegida por los registro marcarios 669004 y 671124, ambos ESCOLASTICA y DISEÑO, asimismo, se acreditó que dichos dominios están direccionados a su página oficial, a saber: Scholastic.com, y que en dicha página se prestan y ofrecen servicios que coinciden con los que presta Corporación México Escolástica, S.A. DE C.V., y que pertenecen a la clases 35 y 38 de clasificador internacional, mismos que están protegidos por los multireferidos registros marcarios, es decir, con la conducta antes descrita se puede concluir que SCHOLASTIC, INC., registró los referidos nombres de dominio con el fin de mermar la posibilidad de que los usuarios o consumidores que usan la internet encuentren o ingresen a la página oficial de su contraparte al direccionarlos a su página oficial de internet, máxime si tomamos en consideración que dichos dominios no tienen ningún contenido, es decir, solamente sirven como liga o enlace para que los usuarios o consumidores que los tecleen en la internet sean automáticamente direccionados a la página oficial de Scholastic.com.

Ahora bien, también se debe tomar en cuenta que la actora es titular del dominio escolástica.com.mx, situación que genera el riesgo de que los consumidores o usuarios del internet crean que existe una relación entre ambas empresas y los servicios que prestan, toda vez que el referido nombre de dominio al igual que los dominios registrado por la demandada tienen la palabra escolástica.

Aunado a lo anterior, se debe tomar en consideración que la empresa SCHOLASTIC, INC., tenía pleno conocimiento de la existencia y actividades que lleva a cabo CORPORACIÓN MÉXICO ESCOLÁSTICA, S.A. DE C.V., toda vez que tal y como se desprende de la probanza ofrecida por la actora bajo el numeral 7, consistente en los escritos de solicitud de declaración administrativa de nulidad de los registros marcarios 669004 y 671124, ambos ESCOLASTICA y DISEÑO radicados en los expedientes identificados como P.C. 324/2003 (N-169) 6225 y P.C. 406/2003 (N-212) 6649, mismos que fueron valorados con antelación y de los cuales se desprendió entre otras cosas, que SCHOLASTIC, INC., solicitó la nulidad de los mismos, es decir, tal situación denota la intención que tiene de disminuir la posibilidad de que la clientela de la hoy actora encuentre la página de internet de la cual es titular, a saber: www.escolastica.com.mx, o en su defecto desviarla a la página Scholastic.com.

P. C. 115/2008 (I-23) 1258.

52

.....................................FOLIO:

$29283$

Asimismo, la conducta que está desplegando SCHOLASTIC, INC., es contraria a los buenos usos y costumbres en el ejercicio de actividades industriales o comerciales o de servicios relacionados con la materia regulada por la Ley de la Propiedad Industrial, ya que aunado al hecho de que con la misma se disminuya la posibilidad de que los usuarios de la internet encuentren o ingresen a la página de su contraparte o en su defecto los desvíe a la suya, también se genera la posibilidad de que los consumidores o usuarios sean inducidos a confusión o al error, toda vez que al existir diversos dominios que contienen la palabra escolástica, la cual reproduce de manera idéntica la denominación protegida por los registros marcarios 669004 y 671124, ambos ESCOLASTICA y DISEÑO, y estar direccionados a la página scholastic.com, resulta evidente que se generará en la mente del consumidor la idea de que existe una relación comercial entre ambas empresas o que las mismas pertenecen a un mismo grupo empresarial o incluso que una deriva de la otra.

De todo lo expuesto con antelación, se evidencia que se acredita plenamente el requisito previsto en el inciso d), y en consecuencia se actualiza la causal de infracción, siendo procedente su declaración.

Lo anterior es así, toda vez que han quedado plenamente acreditados los cuatro requisitos previstos para la actualización de la competencia desleal.

No es óbice a lo anterior, la manifestación esgrimida por SCHOLASTIC, INC., en el sentido de que el registro y uso de nombres de dominio no constituyen uso marcario, es decir, que con el hecho de haber registrado los dominios www.escolástica.org, www.escolatica.biz, www.escolástica.info, www.escholastica.com, www.escholastica.net, www.escholastica.info, www.escholastica.org y www.escholastica.biz y direccionarlos a su página oficial, no está invadiendo los derechos conferidos a CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V. mediante los registros de marca 669004 y 671124, ambos ESCOLASTICA y DISEÑO, toda vez que el uso de los multireferidos nombres de dominio no constituye el uso de las marcas referidas, ya que si bien es cierto, su conducta no constituye propiamente un uso marcario, también lo es que la presente litis no fue planteada a efecto de determinar si se estaban violentando de manera directa los derechos protegidos por las marcas en cita, sino más bien si se están llevando a cabo actos de competencia desleal en relación con la actividad que lleva a cabo CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., puntualizándose que dichos actos no tienen que forzosamente estar ligados a la violación de un registro de marca, pues la gama de conductas que pueden encuadrar en la competencia desleal es tan amplia, que circunscribirla a la transgresión de los derechos que otorga una marca a su titular, sería ir en contra de lo establecido por la Ley de la Propiedad Industrial, así como de los criterios emitidos al respecto por el Poder Judicial de la Federación.

Asimismo, se puntualiza que los argumentos esgrimidos por la infractora en el sentido de que no está llevando a cabo ninguna conducta que encuadre en competencia desleal, toda vez que en su página oficial scholastic.com, solamente usa sus registros marcarios 487969 y 487344, ambos SCHOLASTIC y 493651 y 493652, ambos SCHOLASTIC Y DISEÑO, en los servicios que protegen dichos registros marcarios, a saber: venta de libros y servicios educativos, son improcedentes, ya que si bien es cierto que del resultado de la valoración de las probanzas aportadas por la partes en el presente procedimiento, misma que en obvio de inútiles repeticiones se tiene por reproducida como si a la letra se insertase, se desprendió que en la página scholastic.com, se ofrece y lleva a cabo la venta de libros, y servicios educativos, también lo es que tal y como se estableció en el estudio de la causal de infracción prevista en el artículo 213 fracción I de la Ley de la Propiedad Industrial, la sociedad denominada SCHOLASTIC, INC., está llevando a cabo conductas de competencia desleal, tales como registrar diversos nombres de dominio con la denominación escolástica, los cuales están redireccionados a su página oficial, es decir, dichos dominios no tiene ningún contenido, pues solamente sirven de enlace a la página scholastic.com, situación por la cual, los argumentos en cita

P. C. 115/2008 (I-23) 1258.

**Instituto
Mexicano
de la Propiedad
Industrial**

53

......................................FOLIO:   29283

en nada demeritan el estudio que se llevó a cabo de la causal de infracción referida y en consecuencia devienen en improcedentes.

Una vez establecido lo anterior, y a efecto de determinar la actualización de las causales de infracción previstas en la fracción. IX, incisos a) y c), esta Autoridad considera pertinente establecer lo que se entiende por causar o inducir al público a error, confusión o engaño, esto es, producir en él un ánimo, incitándolo o persuadiéndolo a moverse en determinado sentido con el fin de obtenerlo como cliente, lo cual es muy válido en la libre competencia, pero no a través de conductas deshonestas, es decir, obtener este fin, mediante la confusión, el error o el engaño en que se hace caer al público consumidor.

De esta manera, y particularmente para el estudio de las causales de infracción en cita, se puede concluir que la conducta del comerciante, encaminada a confundir, engañar o hacer caer en el error al consumidor, por hacerlo creer o suponer infundadamente la existencia o relación entre un establecimiento y el de un tercero o que se prestan servicios o venden productos bajo autorización, licencia o especificaciones de un tercero, son conductas deshonestas, toda vez que las mismas están orientadas a sustraer la atención de la clientela de su competidor en beneficio propio.

Ahora bien, tal y como se estableció con anterioridad, para que se actualicen las causales de infracción en estudio, se requiere que se acrediten los siguientes supuestos jurídicos:

Que un tercero, efectúe, en el ejercicio de actividades industriales o mercantiles, actos que causen o induzcan al público a confusión, error o engaño, por hacer creer o suponer infundadamente:

a).- Que dichos actos hagan creer o suponer infundadamente que existe una relación o asociación entre un establecimiento y el de un tercero.

b).- Que dichos actos hagan creer o suponer infundadamente que se prestan servicios o se venden productos bajo autorización, licencias o especificaciones de un tercero.

Respecto de la causal de infracción establecida en el inciso a), y tomando en consideración la totalidad de las probanzas ofrecidas y exhibidas por las partes, así como las manifestaciones esgrimidas a lo largo del presente procedimiento, esta Autoridad determina que la hipótesis legal en estudio no se configura, ya que para su actualización, es requisito esencial que las actividades industriales o mercantiles que se consideran deshonestas causen o induzcan al público consumidor a confusión, error o engaño respecto de la existencia de una relación o asociación entre un establecimiento y el de un tercero, situación que en el presente no se acredita, ya que de ninguna de las pruebas ofrecidas por las partes se desprendió la existencia de dos establecimientos que pudieran ser relacionados, máxime si tomamos en consideración que la presente litis fue planteada por actos que se están cometiendo en la red mundial de computación denominada internet, siendo en consecuencia procedente su negación.

Ahora bien, para determinar la procedencia de la causal de infracción contemplada en el inciso c), esta Autoridad considera pertinente remitirse al estudio de la hipótesis legal contemplada en la fracción I del artículo 213 de la Ley de la Propiedad Industrial, el cual se llevó a cabo en párrafos anteriores, y en el que se determinó que con la conducta que está llevando a cabo SCHOLASTIC, INC., se genera la posibilidad de que los consumidores o usuarios sean inducidos a confusión o al error, toda vez que al registrar diversos dominios que contienen la palabra escolástica, la cual reproduce de manera idéntica la denominación protegida por los registros marcarios 669004 y 671124, ambos ESCOLASTICA y DISEÑO, y direccionarlos a su página oficial, a saber: scholastic.com, en la cual se ofrecen y prestan servicios iguales a los que ofrece y presta CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., se generará en la mente del consumidor la

P. C. 115/2008 (I-23) 1258.

54
.......................................FOLIO:     $29283$

idea de que SCHOLASTIC, INC., presta dichos servicios bajo autorización, licencia o especificaciones de su contraparte, situación por la cual, al acreditarse plenamente los extremos previstos por la hipótesis legal en estudio, resulta procedente declararla.

QUINTA.- La solicitante señaló como causal de infracción la contenida en la fracción XVIII del propio artículo 213 de la Ley en cita, precepto legal que establece expresamente lo siguiente:

> El precepto legal en estudio a la letra establece lo siguiente:
>
> LEY DE LA PROPIEDAD INDUSTRIAL.
>
> Artículo 213.- Son infracciones administrativas:"
>
> XVIII.- Usar una marca registrada, sin el consentimiento de su titular o sin la licencia respectiva, en productos o servicios iguales o similares a los que la marca se aplique;
>
> Del análisis a la citada fracción XVIII, se desprenden las siguientes hipótesis:
>
> a). Que exista una marca registrada propiedad de una persona física o moral.
>
> b). Que un tercero use en productos o servicios iguales o similares, dicha marca registrada sin consentimiento de su titular.

Una vez establecido lo anterior, esta Autoridad determina que no se actualiza la presente causal de infracción en estudio, toda vez que tal y como se determinó en el estudio de la causal de infracción prevista en la fracción I del artículo 213 de la Ley de la materia, la empresa SCHOLASTIC, INC., registró diversos nombres de dominio los cuales contienen la palabra ESCOLASTICA, y que si bien dichos dominios reproducen la denominación protegida por las marcas registradas 669004 y 671124, ambos ESCOLASTICA y DISEÑO, no están siendo utilizados como marca para identificar los servicios que presta la infractora, ya que solamente son usados como liga o enlace para ser direccionados a la página scholastic.com, máxime si tomamos en cuenta que tal y como se terminó con antelación por esta Autoridad, el uso de un nombre de dominio no constituye un uso marcario, situación por la cual se evidencia que no se actualiza la causal de infracción en estudio, toda vez que la infractora no se encuentra usando una marca igual a la protegida por los registros marcarios antes citados, siendo en consecuencia procedente negarla.

SEXTA.- Como causal de infracción invocó la contenida en la fracción XXVI del artículo 213 de la Ley de la Propiedad Industrial, la cual señala textualmente lo siguiente:

> Fracción XXVI.- Usar la combinación de signos distintivos, elementos operativos y de imagen, que permitan identificar productos o servicios iguales o similares en grado de confusión a otros protegidos por ésta Ley y que por su uso causen o induzcan al público a confusión, error o engaño, por hacer creer o suponer la existencia de una relación entre el titular de los derechos protegidos y el usuario no autorizado. El uso de tales elementos operativos y de imagen en la forma indicada constituye competencia desleal en los términos de la fracción I de este mismo artículo;

P. C. 115/2008 (I-23) 1258.

**Instituto
Mexicano
de la Propiedad
Industrial**

55
.....................................FOLIO:

29283

En tal sentido, cabe señalar, que la presente causal no se configura toda vez que la misma va encaminada a la protección de los derechos de propiedad industrial en materia de franquicias, por lo que en el presente asunto, no se desprende de ninguna de las probanzas que fueron ofrecidas por las partes, las cuales ya fueron estudiadas y valoradas anteriormente, que el presente asunto verse sobre una franquicia, por lo que no se actualiza en el presente caso, la fracción XXVI del artículo 213 de la Ley de la propiedad Industrial, siendo procedente negar la fracción en estudio.

Cabe hacer mención que una vez establecido lo anterior, las probanzas presuncional legal y humana e instrumental de actuaciones, únicamente favorecen a los intereses de la solicitante del procedimiento.

Por último, es necesario puntualizar que respecto de la valoración llevada a cabo por esta Autoridad de las probanzas ofrecidas por la solicitante bajo los numerales 2, 5, 7, 8 y 9, y que en obvio de inútiles repeticiones se tiene aquí por reproducida como si a la letra se insertase, no se desprendió circunstancia alguna que ayudará a dilucidar la litis planteada en el presente, toda vez que de las mismas se acreditaron entre otras las siguientes circunstancias:

1.- La personalidad con la que contaba el C. Manuel Alberto Farfán Villegas, como apoderado legal de CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V.

2.- Que con anterioridad han existido procedimientos en el ámbito nacional e internacional entre CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V. y SCHOLASTIC, INC.

Lo mismo sucede con las probanzas ofrecidas por SCHOLASTIC, INC., señaladas bajo los numerales 1 a 10 de su contestación, y que en obvio de inútiles repeticiones se tiene aquí por reproducida como si a la letra se insertase, toda vez que de las mismas se acreditaron entre otras las siguientes circunstancias:

1.- La existencia de los registros marcarios 487969, 493651, 493652 y 487344, cuya titularidad corresponde a SCHOLASTIC, INC.

2.- La existencia del dominio www.escolastica.com

De lo anterior, se desprende fehacientemente que con las probanzas en referencia no se advierte alguna circunstancia que incida en el sentido de la presente resolución, por lo que el resultado de la valoración de las mismas en nada cambia el sentido de la misma.

En conclusión, toda vez que en el presente procedimiento la solicitante del mismo acreditó plenamente los extremos de su pretensión tal y como lo dispone el artículo 81 del Código Federal de Procedimientos Civiles de aplicación supletoria a la Ley de la materia, es procedente declarar las infracciones contempladas en las fracciones I y IX inciso c), del artículo 213 de la Ley de la Propiedad Industrial, por parte de la empresa SCHOLASTIC, INC., e imponerse una sanción en términos del artículo 214 de la Ley de la Propiedad Industrial.

Como consecuencia de lo anterior las conductas desplegadas por la empresa SCHOLASTIC, INC., deberán sancionarse, toda vez que encuadraron dentro de los supuestos contemplados en las fracciones I y IX inciso c), del artículo 213 de la Ley de la Propiedad Industrial, tal como ha quedado acreditado a lo largo de esta resolución, y toda vez que de acuerdo a los elementos y factores que se consideraron, se evidenció que las mismas resultaron reprochables e ilícitas, esta Autoridad toma el anterior en cuenta para imponer la sanción correspondiente, de conformidad con lo previsto en la fracción I del artículo 214 de la Ley de la Propiedad Industrial, la cual dispone lo siguiente:

P. C. 115/2008 (I-23) 1258.

56
.....................................FOLIO:

$29283$

"Artículo 214.- Las infracciones administrativas a esta Ley o demás disposiciones derivadas de ella, serán sancionadas con:"

"I.- Multa hasta por el importe de veinte mil días de salario mínimo general vigente en el Distrito Federal;"

Por lo anterior, y para determinar las sanciones que se le impondrán a la infractora, deberán tomarse en cuenta los lineamientos citados en el artículo 220 de la Ley de la Propiedad Industrial, el cual dispone lo siguiente:

"ARTICULO 220.- Para la determinación de las sanciones deberá tomarse en cuenta:"

"I.- El carácter intencional de la acción u omisión constitutiva de la infracción;"

"II.- Las condiciones económicas del infractor, y"

"III.- La gravedad que la infracción implique en relación con el comercio de productos o la prestación de servicios, así como el perjuicio ocasionado a los directamente afectados."

El carácter intencional de la acción u omisión constitutiva de la infracción.- Por lo que respecta al carácter intencional de las acciones constitutivas de infracción, previsto en la fracción I del precepto legal en cita, esta autoridad considera que se actualiza plenamente, toda vez que se acreditó que la empresa SCHOLASTIC, INC., deliberada e intencionalmente, registró diversos nombre de dominio que reproducen la denominación escolástica, y que al ser tecleados en un buscador en la red de computación mundial conocida como internet, los mismos están direccionados, es decir, sirven de liga o enlace a su página oficial, a saber: scholastic.com, situación que fue corroborada por las manifestaciones realizadas por la infractora en su contestación, y toda vez que en la página scholastic.com, se prestan y ofrecen servicios de publicidad así como servicios de foros de discusión y chat entre otros, los cuales corresponden a la clases 35 y 38 del nomenclátor internacional, y que coinciden con la actividad que lleva a cabo CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., y que a su vez coinciden con los servicios que amparan sus registros de marca 671124 y 669004, ambos ESCOLASTICA Y DISEÑO, lo que derivó en competencia desleal, y que denota sin lugar a dudas el carácter intencional en sus acciones toda vez que se conduce de dicha forma buscando obtener un beneficio, lo que demuestra su intención clara y manifiesta de cometer tales actos de competencia desleal, los cuales no sólo actualizan las infracciones que aquí se declaran, sino que permiten concluir el carácter doloso con el que se condujo el infractor para ello.

Máxime si tomamos en cuenta que su actuar existe el riesgo de que se genere en la mente del público consumidor la idea de que existen una relación comercial entre ambas empresas o que SCHOLASTIC, INC., presta los servicios de publicidad, foros de discusión y chat con la autorización o licencia de CORPORACIONMEXICO ESCOLASTICA, S.A. DE C.V., lo cual se corroboró en el estudio de la causal de infracción prevista en el artículo 213 fracción IX, inciso c), situación que le permite vender dichos servicios de una mejor manera en el mercado, aprovechándose de la reputación que la solicitante ha puesto que el público consumidor obteniendo así un beneficio indebido, lo cual se toma en consideración por esta autoridad para la imposición de la sanción.

De esta manera, se tiene que las conductas infractoras que realiza la infractora son activas, lo cual contrariamente a lo que sucede con las conductas omisivas, implican una mayor previsión y planeación en la ejecución de la misma, por lo que denotan la intencionalidad en su implementación.

P. C. 115/2008 (I-23) 1258.

**Instituto
Mexicano
de la Propiedad
Industrial**

57

.......................................FOLIO:

29283

En conclusión, el hecho de que la infractora se hayan colocado en los supuestos contemplados por las fracciones citadas en la presente que se encuentran contenidas en el artículo 213 de la Ley de la Propiedad Industrial, tal como ha quedado acreditado a lo largo de esta resolución, aún a sabiendas de todos los elementos y factores que se mencionaron, evidencia su intención de realizar tales conductas, no obstante que las mismas sean reprochables e ilícitas, lo que se toma en cuenta por esta autoridad para imponer la sanción correspondiente.

Derivado de todo lo expuesto, resulta procedente considerar que la infractora, al momento de realizar las conductas que el artículo 213 de la Ley de la Propiedad Industrial sanciona, tuvo la intención de usurpar una marca ajena con el fin de obtener un lucro indebido.

Las condiciones económicas del infractor.- De las constancias que conforman el presente procedimiento, específicamente de las ofrecidas por la actora bajo los numerales 3, 4 y 6 de su solicitud, consistentes en el acta circunstanciada que se levantó con motivo de la visita que se llevó a cabo en las instalaciones de este Instituto a diversas páginas de internet e impresiones anexas a la misma, entre las cuales se encontraba la siguiente: www.escolastica.org, el acta de fe de hechos número 1812 de fecha 5 de julio de 2004, pasada ante la fe del Licenciado Misael Santiago Dehesa Pulido, Corredor Público número 52 del Distrito Federal, y la fe de hechos contenida en el Instrumento Notarial número 21342, Libro 293, folio 31056, de fecha 25 de julio de 2007, pasada ante la fe del Licenciado Fernando Pérez Arredondo, Notario Público número 12 del Distrito Federal, Asociado con el Licenciado Arturo Pérez Negrete, Notario Público número 119 del Distrito Federal, respectivamente, de las mismas se advierte que SCHOLASTIC, INC., tiene la capacidad para ofrecer sus productos y servicios en la red mundial de computación conocida como internet, toda vez que de la valoración de las mismas se advierte, que se ofrecen en venta diversos productos, tales como libros, asimismo, que se ofrecen y llevan a cabo servicios de publicidad y de foros de discusión y chat, entre otros, actividades por las cuales evidentemente la infractora percibe ingresos económicos.

Con lo anterior, se acredita fehacientemente que la infractora ofrece sus productos y servicios por la internet y que con dicha situación se denota que los productos y servicios de referencia se encuentran en el comercio y en conclusión, evidentemente cuenta con capacidad económica para hacer frente a una sanción administrativa.

La gravedad que la infracción implique en relación con el comercio de productos o la prestación de servicios, así como el perjuicio ocasionado a los directamente afectados.- Este Instituto considera que las infracciones cometidas por la empresa SCHOLASTIC, INC., es de carácter grave, y que implica una relación con el comercio de servicios, ya que registró diversos nombre de dominio que reproducen la denominación escolástica, y que al ser tecleados en un buscador en la red de computación mundial conocida como internet, los mismos están direccionados, es decir, sirven de liga o enlace a su página oficial, a saber: scholastic.com, situación que fue corroborada por la misma infractora en las manifestaciones realizadas en su contestación, y toda vez que en la página scholastic.com, se prestan y ofrecen servicios y servicios de publicidad así como servicios de foros de discusión y chat entre otros, los cuales corresponden a la clases 35 y 38 del nomenclátor internacional, y que coinciden con la actividad que lleva a cabo CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., y que a su vez coinciden con los servicios que amparan sus registros de marca 671124 y 669004, ambos ESCOLASTICA Y DISEÑO, se crea la convicción en esta Autoridad de que dichos actos encuadran en competencia desleal, toda vez que con los mismos se merma la posibilidad de que los consumidores que usan la internet al teclear los dominios registrados por la infractora, y que reproducen la denominación escolástica, encuentren la página oficial de internet de CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., a saber: escolástica.com.mx, ya que dichos dominios están redireccionados a la página scholastic.com, o en su defecto que se genere en la mente de los consumidores la idea de que existe una relación comercial entre ambas empresas o que

P. C. 115/2008 (I-23) 1258.

29283

58

.....................................FOLIO:

SCHOLASTIC, INC., presta los servicios de publicidad o de foros de discusión y chat, con la autorización o licencia de CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V.

Por lo que hace al perjuicio ocasionado a los directamente afectados, es de indicar que, existe un grave perjuicio al público consumidor debido a que es engañado, ya que la infractora con la actividad que lleva a cabo le genera la idea de que existe una relación entre SCHOLASTIC, INC., y CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., o bien que la primera presta sus servicios con la autorización o licencia de CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V.

Asimismo, el perjuicio causado a la parte solicitante del procedimiento también es grave, atentando de manera franca y abierta contra sus derechos de propiedad industrial, ya que la empresa SCHOLASTIC, INC., al haber registrado diversos nombres de dominio con la denominación escolástica, y usarlos únicamente como liga o enlace para su página oficial de internet, a saber: scholastic.com, y en dicha página ofrecer y prestar servicios iguales a los que lleva a cabo CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., tales como publicidad y foros de discusión y chat, los cuales a su vez coinciden con los servicios que protegen los registro marcarios 671124 y 669004, ambos ESCOLASTICA Y DISEÑO, de los cuales es titular la actora, ocasiona daños y perjuicios graves para la actora en el presente procedimiento, ya que con dichos actos disminuye la posibilidad de que los consumidores que usan la internet encuentren su página o en su defecto que se genere en su mente la idea de que existe una relación comercial entre ambas empresas, o que SCHOLASTIC, INC., presta los servicios de publicidad y de foros de discusión y chat bajo la autorización o licencia de CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., sin tener derecho alguno para ello.

Como se indicó, los elementos citados que fueron tomados en cuenta por esta autoridad, para la imposición de la sanción correspondiente a la infractora, encuentran fundamento en lo dispuesto por el artículo 220 de la Ley de la Propiedad Industrial.

Como consecuencia de lo anterior, y toda vez que el infractor ha obtenido ingresos derivados de haber registrado diversos nombres de dominio con la denominación escolástica, y usarlos únicamente como liga o enlace para su página oficial de internet, a saber: scholastic.com, y en dicha página ofrecer y prestar servicios iguales a los que lleva a cabo CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., tales como publicidad y foros de discusión y chat, los cuales a su vez coinciden con los servicios que protegen los registro marcarios 671124 y 669004, ambos ESCOLASTICA Y DISEÑO, de los cuales es titular la solicitante, ocasiona daños y perjuicios graves para la actora en el presente procedimiento, ya que con dichos actos disminuye la posibilidad de que los consumidores que usan la internet encuentren su página o en su defecto que se genere en su mente la idea de que existe una relación comercial entre ambas empresas, o que SCHOLASTIC, INC., presta los servicios de publicidad y de foros de discusión y chat bajo la autorización o licencia de CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., resulta procedente declarar las infracciones administrativas en que incurre la infractora e imponerle una sanción de las que prevé el artículo 214 de la Ley de la Propiedad Industrial, tomando en cuenta el carácter intencional con el que actúa, la gravedad de su conducta y el daño que provoca a terceros; y en el entendido que posee un patrimonio propio que le permite el ejercicio de su actividad y siendo que su conducta causa perjuicios a CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., sobre todo en los renglones económicos y de prestigio; con fundamento en las disposiciones legales señaladas en el cuerpo de la presente resolución, es procedente imponer a la empresa SCHOLASTIC, INC., de conformidad con lo previsto en la fracción I del artículo 214 de la Ley de la Propiedad Industrial, una sanción equivalente a 5000 (CINCO MIL) días de salario mínimo general vigente en el Distrito Federal, al día 30 de enero de 2008, fecha en que se presentó la solicitud de declaración administrativa de infracción, que podría adicionarse hasta por el importe de 500 días similares, por cada uno en que persistan las infracciones cometidas, de conformidad con lo previsto en la fracción II del artículo 214 de la Ley de la Propiedad Industrial, en

P. C. 115/2008 (I-23) 1258.



Instituto
Mexicano
de la Propiedad
Industrial

59
........................................FOLIO: 29283

relación con el artículo 78 del Reglamento de la Ley de la Propiedad Industrial; independientemente de las sanciones adicionales que conforme a la Ley de la materia procedan, consistentes en la clausura o clausuras temporales y/o arrestos administrativos, lo anterior conforme a las disposiciones legales previstas en las fracciones III a V del artículo 214 de la Ley de la Propiedad Industrial.

Con fundamento en el artículo 39 de la Ley Federal de Procedimiento administrativo, esta resolución podrá ser recurrida por medio del Recurso de Revisión previsto en la Ley Federal de Procedimiento administrativo, dentro del plazo de 15 días contados a partir del día siguiente a aquél en que hubiere surtido efectos la notificación de la presente resolución, o bien, intentar la vía jurisdiccional que corresponda en los términos establecidos por los lineamientos de la Ley respectiva.

Con fundamento en los artículos 1º, 2º fracciones V y VI, 6º fracciones V y X, 7º, 7º bis 2, y demás aplicables de la Ley de la Propiedad Industrial, publicada en el Diario Oficial de la Federación el 27 de junio de 1991 (reformada, adicionada y derogada, según corresponda mediante decretos de 2 de agosto de 1994, 26 de diciembre de 1997, 17 de mayo de 1999, 26 de enero de 2004, 16 de junio de 2005, 25 de enero de 2006, 6 de mayo de 2009, 6 de enero, 18 y 28 de junio de 2010, en dicho medio informativo); 1º, 3º fracción V inciso c), subinciso i), 4º, 5º, 11 fracción IX, así como último párrafo y 14 fracciones II y VII del Reglamento del Instituto Mexicano de la Propiedad Industrial publicado en el Diario Oficial de la Federación el 14 de diciembre de 1999 (reformado y adicionado según corresponda mediante decretos de 1º de julio de 2002, 15 de julio de 2004, cuya fe de erratas se publicó el día 28 del mismo mes y año en dicho medio informativo y 7 de septiembre de 2007); 1º, 3º, 4º, 5º fracción V inciso c), subinciso i), 18 fracciones II y VII, y 32 del Estatuto Orgánico del Instituto Mexicano de la Propiedad Industrial, publicado en el Diario Oficial de la Federación el 27 de diciembre de 1999 (reformado y adicionado según corresponda mediante acuerdos de 10 de octubre de 2002, 29 de julio de 2004, cuya nota aclaratoria se publicó el 4 de agosto de 2004 en dicho medio informativo y 13 de septiembre de 2007); y 1º, 3º, 7º incisos c), e), r) y s) y primer párrafo del Acuerdo que delega facultades en los Directores Generales Adjuntos, Coordinador, Directores Divisionales, Titulares de las Oficinas Regionales, Subdirectores Divisionales, Coordinadores Departamentales y otros Subalternos del Instituto Mexicano de la Propiedad Industrial, publicado en el Diario Oficial de la Federación el 15 de diciembre de 1999 (con aclaración, reforma, nota aclaratoria y modificación, según corresponda, de 4 de febrero de 2000, 29 de julio de 2004, 4 de agosto de 2004 y 13 de septiembre de 2007, en dicho medio informativo), es de resolverse y se:

R E S U E L V E:

I.- Se declaran las infracciones administrativas previstas en las fracciones I y IX inciso c), del artículo 213 de la Ley de la Propiedad Industrial, por parte de SCHOLASTIC, INC.

II.- Se niega la declaración administrativa de las infracciones previstas en el artículo 213 fracción IX inciso a), XVIII y XXVI de la Ley de la Propiedad Industrial, por parte de SCHOLASTIC, INC.

III.- Tomando en cuenta el carácter intencional con el que actúa, la gravedad de su conducta y el daño que provoca a terceros; de esta manera, y dadas las consideraciones antes señaladas y en el entendido que posee un patrimonio propio que le permite el ejercicio de dicha actividad y dado que con su conducta causa perjuicios a CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., sobre todo en los renglones económicos y de prestigio ante el público consumidor al generar la idea de que existen una relación comercial entre ambas empresas o que presta sus servicios bajo licencia o autorización de CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., con fundamento en las disposiciones legales señaladas en el cuerpo de la presente resolución, es procedente imponer a la infractora SCHOLASTIC, INC., de conformidad con lo previsto en la fracción I del artículo 214 de la Ley de la Propiedad Industrial una sanción equivalente a 5000 (CINCO MIL) días de salario mínimo

P. C. 115/2008 (I-23) 1258.

60                            $29283$
......................................FOLIO:

General Vigente en el Distrito Federal al 30 de enero de 2008, fecha en que fue presentada la solicitud de declaración administrativa de infracción respectiva, que podría adicionarse hasta por el importe de 500 (quinientos) días similares, por cada uno en que persistan las infracciones que se declaran, de conformidad con lo previsto en la fracción II del artículo 214 de la Ley de la Propiedad Industrial, en relación con el artículo 78 del Reglamento de la Ley de la Propiedad Industrial, independientemente de las sanciones adicionales que conforme a la Ley de la materia procedan, consistentes en la clausura o clausuras temporales y/o arrestos administrativos, lo anterior conforme a las disposiciones legales previstas en las fracciones III a V del artículo 214 de la Ley de la Propiedad Industrial.

IV.- Se ordena a la infractora se abstenga de seguir utilizando nombres de dominio que reproducen la denominación escolástica como enlace o liga para su página oficial, para ofrecer y llevar a cabo servicios que coinciden con la actividad que lleva a cabo CORPORACION MEXICO ESCOLASTICA, S.A. DE C.V., a menos que cuente con el consentimiento otorgado por escrito de la misma, apercibido de que en caso contrario se le aplicarán las sanciones que conforme a derecho procedan.

V.- Comuníquese esta resolución a las partes.

VI.- Publíquese en la Gaceta de la Propiedad Industrial.

A T E N T A M E N T E
LA SUBDIRECTORA DIVISIONAL DE PREVENCIÓN
DE LA COMPETENCIA DESLEAL.

LIC. MARÍA DE JESÚS CRUZ GARCIA.

C.C.P.- C. MANUEL ALBERTO PAREÁN VILLEGAS., representante de CORPORACIÓN MÉXICO ESCOLASTICA, S.A. DE C.V.- Calle de Juan Salvador Agráz, número 40, Despacho 502, Colonia Santa Fe, Delegación Cuajimalpa, C.P. 05109, México, Distrito Federal. Para su conocimiento.

C.C.P. C. DIRECCIÓN EJECUTIVA DE COBRANZA, IZAZAGA 89, PISO 12, COL CENTRO C. P. 06080 DELEGACIÓN CUAÚHTEMOC, MÉXICO, DISTRITO FEDERAL.- Para que se sirva hacer efectiva la multa impuesta.

MYRS/HATM                                                    (SD)